IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFREY PLUNKETT, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>FIRSTKEY HOMES, LLC,<br><br>　　Defendant. | §<br>§<br>§ Civil Action No.: 3:23-cv-02684<br>§<br>§<br>§ COLLECTIVE ACTION<br>§<br>§<br>§ (JURY TRIAL)<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Jeffrey Plunkett ("Plaintiff"), individually and on behalf of all others similarly situated, files this Original Complaint against Defendant FirstKey Homes, LLC ("Defendant" or "FirstKey"), and in support thereof would show as follows:

## I. INTRODUCTION

1.1     Plaintiff, individually and on behalf of all others similarly situated who have worked for Defendant, including its affiliates and subsidiaries, as leasing agents in the three years preceding the filing of this lawsuit, bring this collective action to recover overtime compensation, minimum wages, other unpaid wages, liquidated damages, penalties, attorney's fees, litigation expenses, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.2     The collective action consists of current and former employees who worked for Defendant who in the three years preceding the filing of this suit were not paid minimum wages

and/or overtime compensation at time and one half their regular rates of pay for hours they worked over 40 in a workweek in violation of the FLSA and whose job duties included performing leasing sales of Defendant's residential properties. The collective action includes, without limitation, any individual with the job title of leasing agent or with any similar title who performed similar duties of the named Plaintiff and was not paid minimum wages and/or overtime compensation at time and one half their regular rates of pay for hours they worked over 40 in a workweek (referred to herein as a "leasing agent").

      1.3      The FLSA claims in this case are brought for the three years preceding the filing of this lawsuit through the date of trial in this matter.

      1.4      Plaintiff and all others similarly situated demand a jury trial.

## II. PARTIES

### A. PLAINTIFF

      2.1      Plaintiff Jeffrey Plunkett is a former employee of Defendant as defined by 29 U.S.C. § 203(e) and all other applicable statutes and regulations. Mr. Plunkett was employed by Defendant as a leasing agent from approximately May 2018 to approximately November 2023. Mr. Plunkett is filing a Notice of Consent contemporaneously herewith.

*Collective Action Members*

      2.2      The "Collective Action Members" are those current and former leasing agents who worked for Defendant and were denied overtime compensation at a rate of one- and one-half times their regular rates of pay for hours they worked over 40 in a workweek as set forth above. These similarly situated persons are referred to as "Collective Action Members," "the Collective Action," or "similarly situated."

**B.   DEFENDANT**

2.3    Defendant FirstKey Homes, LLC is a foreign limited liability company that is qualified to conduct business in the State of Texas and in this District. Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. FirstKey can be served through its designated agent for service of process: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

2.4    Defendant FirstKey Homes, LLC is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

2.5    At all relevant times to this action, Defendant FirstKey Homes, LLC was an employer of Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and constitutes an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

### III. JURISDICTION AND VENUE

3.1    Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

3.2    Venue is proper in the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b), because among other reasons, Defendant conducts business in this District; Plaintiff worked for Defendant in Dallas County, Texas; and a substantial part of the events giving rise to the claim occurred in Dallas County, Texas.

### IV. FACTUAL BACKGROUND

4.1    FirstKey is one of the largest providers of single-family rental homes in the United States, with offices in at least seventeen states. FirstKey engages in managing, leasing, renovating, and administering residential properties.

4.2     In the past three years, Defendant has employed hundreds of individuals throughout the country as leasing agents, including Plaintiff and all others similarly situated.

4.3     Plaintiff and all others similarly situated performed residential leasing and were not paid time and one-half for all hours they worked over 40 in a workweek ("overtime compensation") and/or minimum wages.

4.4     Plaintiff and other similarly situated leasing agents worked from their home offices conducting phone sales of residential leases of rental homes managed by Defendant.

4.5     Plaintiff and all other putative Collective Action Members performed "inside" sales work for FirstKey.

4.6     Plaintiff was required to receive business-related phone calls and was required to return any business-related call, regardless of the time it was received.

4.7     Plaintiff was required to engage in business-related calls related to lease sales 24 hours a day, 7 days a week.

4.8     Plaintiff and all others similarly situated regularly worked over 40 hours in a week while employed by Defendant but were not paid time and one half their regular rate of pay for all hours worked over 40 in a workweek.

4.9     Defendant's policy and/or practice was to not pay Plaintiff and all others similarly situated overtime compensation for all hours worked over 40 in a week as required by the FLSA.

4.10    Plaintiff and all others similarly situated are current and/or former employees of Defendant and worked uncompensated overtime hours as leasing agents.

4.11    Plaintiff and all others similarly situated worked in excess of 40 hours per week without receiving overtime compensation for all hours worked over 40.

4.12 Defendant's business operations, and the wages and compensation of Plaintiff and all others similarly situated are substantially similar, if not identical, in all of Defendant's markets throughout the country.

4.13 Defendant knowingly failed to pay overtime and/or minimum wages to Plaintiff and all others similarly situated in violation of the FLSA.

4.14 Defendant's conduct has been willful and in bad faith. Plaintiff and all others similarly situated are entitled to liquidated damages for such conduct.

4.15 Defendant's practice is to be deliberately indifferent to violations of overtime requirements.

4.16 No exemption excused Defendant from paying Plaintiff and all others similarly situated overtime compensation.

## V.  COLLECTIVE ACTION ALLEGATIONS

5.1 Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

5.2 Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

5.3 Other similarly situated employees were/are being denied and have been denied their lawful wages.

5.4 Plaintiff and all others similarly situated shared common job duties and responsibilities as leasing agents. Thus, Plaintiff's experiences are typical of the experience of Defendant's other leasing agents.

5.5 The specific job titles or job requirements of the various Collective Action

Members—to the extent that such titles or job duties were ever assigned—do not prevent collective treatment.

5.6     Defendant's pattern or practice of failing to pay overtime compensation and/or minimum wages as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Collective Action Members.

5.7     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

5.8     All current and former employees of Defendant properly included as Collective Action Members engaged in non-exempt inside sales work at any time during the three years prior to the date of filing this action to the date of judgment and were denied overtime compensation and/or minimum wages.

5.9     Plaintiff and the Collective Action Members all worked more than 40 hours in a workweek without receiving overtime compensation at a rate of one- and one-half times their regular rates of pay for all hours worked over 40 in a workweek.

5.10    Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).

5.11    Plaintiff brings these claims on his behalf and on behalf of all other similarly situated leasing agents who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

5.12    Plaintiff and those similarly situated frequently performed work for which they were not compensated.

5.13    Plaintiff requests that Defendant fully identify all others similarly situated in

order that proper notice of their right to consent to participation in this Collective Action may be distributed, including immediately providing the name, last known mailing address, email address, telephone number, dates of employment, and job title(s) of all those similarly situated so that notice may be sent to those persons immediately.

5.14    Plaintiff seeks to represent those similarly situated who, after appropriate notice of their ability to opt into this action, have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

5.15    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

5.16    Plaintiff will fairly and adequately represent and protect the interests of those who are similarly situated.

5.17    Plaintiff has retained the undersigned lead counsel with extensive experience in such matters to represent the members of the Collective Action.

## VI.  COUNT 1—VIOLATIONS OF THE FLSA

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2    Plaintiff and all others similarly situated are currently or were formerly employed as leasing agents by Defendant.

6.3    Even though Plaintiff and all others similarly situated routinely worked well in excess of 40 hours per week, Defendant has failed to pay Plaintiff and all others similarly situated overtime compensation at a rate of one- and one-half times their regular rate for all hours worked in excess of 40 hours per week.

6.4    Defendant has violated the FLSA by failing to pay Plaintiff and all other similarly

situated leasing agents overtime compensation at a rate of one- and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week and/or minimum wages.

6.5     Defendant has not made a good faith effort to comply with the FLSA.

6.6     Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

6.7     In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per workweek, by Plaintiff and by all other similarly situated employees.

6.8     Defendant deliberately failed to pay Plaintiff and all other similarly situated leasing agents overtime compensation at a rate of one- and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week and/or minimum wages.

6.9     No exemption excused the Defendant from paying Plaintiff and all others similarly situated overtime compensation and/or minimum wages.

6.10    Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation owed to Plaintiff and to all other similarly situated employees.

## VII. JURY DEMAND

7.1     Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE Plaintiff and all those similarly situated who have or will opt into this action, respectfully pray that this Court follow the certification procedures of § 216 of the Fair Labors Standards Act and conditionally certify a Collective Action as described herein pending the identification of and receipt of consent from others similarly situated, and that subsequent thereto Plaintiff and all others who opt-in to this action recover the following:

    a.    an order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;

    b.    damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), minimum wages and other injuries, as provided by the FLSA;

    c.    liquidated damages, as provided by the FLSA, equal to the sum of the amount of minimum wages and/or overtime compensation that were not properly paid;

    d.    all applicable penalties for the violations set forth herein;

    e.    an award of reasonable attorney's fees, expenses, expert fees and costs incurred in vindicating the rights of Plaintiff and all those similarly situated;

    f.    an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

    g.    such other and further relief, at law or in equity, as this Court deems just and appropriate.

DATED:  December 5, 2023

Respectfully submitted,

By: /s/ Rhonda H. Wills
    Rhonda H. Wills
    Texas Bar No. 00791943
    Patrick J. Raspino
    Texas Bar No. 24105976
    WILLS LAW FIRM, PLLC
    1776 Yorktown, Suite 570
    Houston, Texas 77056
    Telephone: (713) 528-4455

    Kobby T. Warren
    Texas Bar No. 24028113
    WARREN HEALY, PLLC
    1910 Pacific Avenue, Suite 9500
    Dallas, Texas 75201
    Telephone: (214) 999-9499

**ATTORNEYS FOR PLAINTIFF**