# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFERY PLUNKETT, *et al.*, | § § § | |
| Plaintiffs, | § | Civil Action No.: 3:23-cv-02684-L-BN |
| | § | |
| v. | § § | COLLECTIVE ACTION |
| FIRSTKEY HOMES, LLC, | § § | |
| | § | |
| Defendant. | § § | (JURY TRIAL) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Settlement") pursuant to the Fair Labor Standards Act ("FLSA") is entered into by class representatives Jeffery Plunkett and Ethel June Maranan (collectively, "Named Plaintiffs"), on behalf of themselves and similarly situated individuals (collectively, "Plaintiffs," as defined in Paragraph 9); and Defendant FirstKey Homes, LLC ("FirstKey" or "Defendant"). Plaintiffs and Defendant, collectively, are the "Parties" to this Settlement Agreement.

### A.  BACKGROUND AND RECITALS

1.  On December 5, 2023, Mr. Plunkett filed Civil Action No. 3:23-cv-02684 in the United States District Court for the Northern District of Texas, Dallas Division (the "Action"), on behalf of himself and similarly situated FirstKey leasing agents, seeking collective relief under the FLSA for minimum wage and overtime violations, and related damages. On March 4, 2024, Ms. Maranan was added as a named plaintiff seeking to represent a sub-class of Regional Leasing Agents ("RLAs"). Leasing agents and RLAs shall be referred to jointly as "Leasing Agents." By June 27, 2024, a total of 10 additional leasing agents and RLAs had filed notices of consent to join this matter as party plaintiffs ("Original Opt-Ins").

Settlement Agreement & Release
Page 1 of 14

2. Plaintiffs are represented by the following counsel: Lead Counsel Rhonda H. Wills and Patrick J. Raspino, Wills Law Firm, PLLC ("Class Counsel").

3. Class Counsel avers to have conducted a thorough investigation into the facts of the Action and diligently pursued an investigation of the claims of the Plaintiffs against FirstKey. FirstKey produced over 2.1 million pages of documents, including pay records, time records, transaction records, phone records, emails, wage and hour policies, and personnel records in the Action. The Parties also conducted extensive discovery and investigations regarding the facts pertinent to the Action. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement with FirstKey for the consideration and on the terms set forth in this Settlement is fair, reasonable, and adequate, and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by FirstKey, and numerous potential appellate issues. The Parties further recognize that, unless they settle their disputes, the issues presented in the Action are not likely to be resolved without extensive and costly pretrial proceedings, and that further litigation will cause inconvenience, distraction, disruption, delay, and expense potentially disproportionate to the potential benefits of litigation. The Parties have taken into account the risk and uncertainty of the outcome inherent in any litigation. The Parties specifically agree that the amount of the Settlement and the allocation of sums to settlement participants are fair and just in light of the discovery and investigations conducted.

4. FirstKey denies the allegations in the Action and denies any liability or wrongdoing of any kind associated with the claims alleged in this matter.

5. Nothing in this Settlement Agreement, or the fact of the Settlement Agreement itself, shall be construed or deemed an admission of liability, culpability, negligence, or

wrongdoing of any kind on behalf of FirstKey with respect to the claims asserted in the Action. FirstKey denies all the claims and contentions alleged in the Action. Nonetheless, FirstKey has concluded that further litigation would be protracted and expensive, and would also divert management and employee time. FirstKey has taken into account the uncertainty and risks inherent in litigation, especially in multi-party cases. FirstKey, therefore, has concluded that it is desirable that the claims of the Plaintiffs be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement.

6. Counsel for the Parties have engaged in extensive arm's-length Settlement negotiations, including mediating with renowned wage and hour mediator Eric Galton on July 17, 2024 (and with continued Settlement negotiations thereafter), which ultimately resulted in this Settlement on July 25, 2024 pursuant to a mediator's proposal.

7. The Parties are represented by competent counsel and have had the opportunity to consult with counsel prior to the submission of this Settlement to the Court.

B. **TERMS OF SETTLEMENT**

**ACCORDINGLY, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

8. The Parties have agreed to fully, finally, and forever compromise and settle all claims asserted in the Action.

9. <u>Definition of Plaintiffs.</u> The Settlement shall cover the claims of (a) the Named Plaintiffs, (b) the Original Opt-Ins, and (c) the putative FLSA collective members who were employed by FirstKey as a Leasing Specialist at any time during the period of July 25, 2021 to July 25, 2024 and who filed a timely notice of consent in the Action ("Opt-In Plaintiffs"). The only persons eligible for a settlement payment and who are bound under the terms of this Settlement Agreement are the Named Plaintiffs, Original Opt-Ins and Opt-in Plaintiffs who all

filed a timely notice of consent to participate as a party plaintiff in this matter. The Named Plaintiffs, Original Opt-Ins and Opt-In Plaintiffs shall be referred to collectively as the "Plaintiffs."

10. <u>Type of Settlement</u>.  This is a "Claims Made" Settlement subject to reversion, meaning that a) the only Gross Settlement funds to be paid are those based on the claims actually made by the Named Plaintiffs, Original Opt-Ins and Opt-In Plaintiffs who made a claim by filing a timely notice of consent and becoming a party plaintiff in this Action; and b) any portion of the Gross Settlement Amount that is not claimed shall remain the property of FirstKey.

11. <u>Gross Settlement Amount</u>. FirstKey agrees to pay no more than $5,000,000 [FIVE MILLION DOLLARS] (the "Gross Settlement Amount") for all payments of any kind under this Settlement Agreement, including the resolution of all claims of the Plaintiffs, for the Claims Administrator's fees and costs, for Class Counsel's attorneys' fees, costs and expenses, for service payments, and for Plaintiffs' portion of employee payroll taxes (but not FirstKey's share of payroll taxes). Under no circumstances shall FirstKey be required to make any other payment of any kind in this matter in excess of the Gross Settlement Amount, including, but not limited to, any additional payment to Plaintiffs, except as to FirstKey's share of payroll taxes as set forth herein.

12. <u>Net Settlement Amount</u>. The Net Settlement Amount shall be calculated by deducting from the Gross Settlement Amount the following sums: (1) for Class Counsel's fees which is not to exceed $2,000,000 [TWO MILLION DOLLARS]; (2) for Class Counsel's costs and litigation expenses in the action of $19,795.42; (3) for Service Awards to Named Plaintiffs of $15,000 each and Service Awards in the amount of $2,000 each to Original Opt-Ins; and (4) for $16,500 to the Claims Administrator.

13. <u>Calculation of Individual Payments</u>.  Each Plaintiff's Individual Payment is set forth in the attached <u>Exhibit A</u>.  The amount of the Individual Payments will be based a Service

Settlement Agreement & Release
Page 4 of 14

Award (if any) and a pro rata share of the Net Settlement Amount calculated based on gross earnings of each Plaintiff, number of workweeks in the recoverable time period, estimated hours worked, and a pro rata share. Each Plaintiff's Individual Payment shall be a minimum of $1,000 [ONE THOUSAND DOLLARS], irrespective of the calculations as described herein. The Individual Payments to Plaintiffs set forth in <u>Exhibit A</u> hereto were calculated in the following manner:

      (a)    Service Award, if any; and

      (b)    each Plaintiff's pro rata share of the Net Settlement Amount was determined based on the following factors:

            (i)    Plaintiff's weekly average compensation for the relevant time period (excluding any existing overtime payments);

            (ii)    Total weeks worked in the relevant time period;

            (iii)    Plaintiff's weekly average overtime hours of either Category A (35 overtime hours per workweek), Category B (20 overtime hours per workweek), Category C (15 overtime hours per workweek) or Category D (10 hours of overtime per workweek).

14.    <u>Taxes</u>. Individual Payments from the Net Settlement Amount to Plaintiffs will be designated as payments for: (i) wages (50%), and (ii) liquidated damages (50%). Each Plaintiff will receive a check for liquidated damages, and another check for wages (from which taxes will be withheld). Each individual Plaintiff is responsible for paying his/her share of appropriate taxes due on the Individual Payments received (except for FirstKey's share of payroll, social security, and Medicare tax). All checks shall include the language set forth in paragraph 28. Appropriate federal, state, and local withholding taxes will be taken out of the wage allocations, and each Plaintiff will receive an IRS Form W-2 with respect to this portion of the Individual Payment. IRS

Forms 1099 will be issued to each Plaintiff reflecting the payments for liquidated damages. All Individual Payments to Plaintiffs shall be deemed to be paid to such Plaintiffs solely in the year in which such payments are actually issued to the Plaintiff. Counsel do not purport this communication to constitute legal advice. To the extent that this Settlement, or any of its attachments, is interpreted to contain or constitute advice regarding any U.S. federal tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties under the Internal Revenue Code. No taxes will be withheld from Service Awards. FirstKey shall provide the social security numbers for each of the Plaintiffs to the Claims Administrator no later than five (5) business days after the Court's approval of the Settlement.

15. <u>Full Compensation</u>. Other than those payments set forth herein, the Individual Payments provided for in this Settlement are the sole payments to be made by FirstKey to any person or entity in exchange for the claims released in Paragraph 28. No Plaintiff will be entitled to any additional compensation or benefits as a result of receiving amounts under this Settlement. For example, receipt of Individual Payments will not entitle any Plaintiff to additional compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place during the Settlement Class periods covered by this Settlement Agreement. Payments under the Settlement Agreement will not entitle a Plaintiff to any increased retirement, 401(k) benefits or matching benefits, or other compensation benefits. This provision will apply notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement Agreement.

16. <u>Attorneys' Fees</u>. In consideration for settling this matter and in exchange for the release of all claims in the Action by the Plaintiffs, and subject to final approval by the Court, Class Counsel seeks from the Gross Settlement Amount attorneys' fees in the amount of

$2,000,000.00 [TWO MILLLON DOLLARS], and if this Settlement Agreement is approved by the Court, Class Counsel shall receive attorneys' fees in that amount. FirstKey will not object to the attorneys' fees sought by Class Counsel. The attorneys' fees are to compensate Class Counsel for all the work already performed in the Action, all the work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly administered and implemented, and obtaining dismissal with prejudice of the Action once the Settlement is completed. If the Court requires Class Counsel to petition for fees, FirstKey shall not oppose Plaintiffs' efforts to obtain approval of the agreed upon fees, including any motion for reconsideration or appeal of a denial of fees. FirstKey's legal fees, costs and expenses in the Action shall be borne by FirstKey.

17. <u>Costs & Expenses</u>. Subject to Court approval, FirstKey acknowledges that Class Counsel seeks reimbursement from the Gross Settlement Amount of costs and expenses in the amount of $19,795.42. FirstKey will not object to Class Counsel's costs and expenses. If the Court requires Class Counsel to petition for costs, FirstKey shall not oppose Plaintiffs' efforts to obtain approval of the agreed upon costs, including any motion for reconsideration or appeal of a denial of costs.

18. <u>Service Awards</u>. Subject to the Court's approval, Service Awards shall be paid to Named Plaintiffs of $15,000 each and $2,000 each to Original Opt-Ins. The Service Awards shall be paid from the Gross Settlement Amount and shall be issued at the same time as and in addition to the pro rata share of the Net Settlement Amount owed to each of the Named Plaintiffs and Original Opt-Ins ("Individual Payment"). FirstKey will not object to the Service Awards. Each Service Award shall be issued in a separate check and no taxes will be withheld from Service Awards. The Claims Administrator will issue an IRS Form 1099 for the Service Award to each recipient. Each

recipient of a Service Award will be responsible for correctly characterizing this additional compensation for tax purposes and for payment of any taxes owing on those amounts.

19. <u>Claims Administrator</u>. The Parties have agreed and request that the Court designate Simpluris as the Claims Administrator, to fulfill the obligations commonly associated with that role in wage and hour collective actions and those responsibilities assigned to them in this Settlement Agreement or by Order of the Court. The Parties agree that, subject to Court approval, the reasonable costs of the Claims Administrator in the amount of up to $16,500 shall be paid from the Gross Settlement Amount. In the event that FirstKey voids the Settlement as described in paragraph 22, FirstKey agrees to pay any fees incurred by the Claims Administrator up to the date that FirstKey provides written notice of its intent to void the Settlement.

20. <u>Court Approval</u>.  The Parties agree to jointly request that the Court approve this Settlement by filing a joint motion for approval of the Settlement, along with submitting a proposed order approving the Settlement within a time period ordered by the Court.

21. <u>Dismissal of Action</u>.  Named Plaintiffs agree to file a dismissal of the Action, with prejudice, following the disbursement of the Settlement Funds to the Plaintiffs and Class Counsel.

## C.  SETTLEMENT ADMINISTRATION & PAYMENT OF FUNDS

22. Effective Date. This Settlement Agreement shall become effective when, and is conditioned upon, all of the following events having occurred: (i) this Settlement Agreement has been executed by Named Plaintiffs Jeffery Plunkett and Ethel June Maranan and Defendant FirstKey; (ii) the final Court order approving the Settlement Agreement has been entered and has become final and non-appealable; and (iii) three (3) business days have passed since the conclusion of the Notice Period ("Effective Date"). Notwithstanding the foregoing, FirstKey reserves the right to void this Settlement Agreement, at its sole and absolute discretion, if fewer than 70 persons participate in this Settlement by filing a timely notice of consent. The Parties agree that FirstKey must notify Class Counsel and the Court in writing within three (3) days of the conclusion of the Notice Period if it intends to void the Settlement Agreement based on fewer than 70 individuals participating in the Settlement. Plaintiffs or FirstKey may, in their or its sole and absolute discretion, extend the Notice Period by 14 days if the requisite number of participants has not been reached at the end of the Notice Period and it appears that the requisite number can be reached with the additional 14 days.

23. Funding. After the Court's final approval of the Settlement, and five (5) business days after the close of the Notice Period, assuming that Settlement has not been voided per Paragraph 22 and no appeal has been filed, except for any appeal related to attorneys' fees, as addressed below, FirstKey will wire the Gross Settlement Amount to the Claims Administrator, which shall not include amounts assigned to individuals in Exhibit A who did not opt to participate in this Settlement by filing a timely notice of consent. No portion of the Gross Settlement Amount shall be distributed by the Claims Administrator if any appeal of the Court's final order is filed, except for any appeal related to attorneys' fees, as addressed below.

24. <u>Payment of Attorneys' Fees and Costs</u>. The attorneys' fees, costs and expenses approved by the Court shall be paid to Class Counsel by the Claims Administrator via wire transfer within five (5) business days following the close of the Notice Period, assuming the Settlement has not been voided per Paragraph 22 or appealed, except in relation to attorneys' fees. Class Counsel shall provide wiring instructions and a form W-9 to the Claims Administrator no later than three (3) business days following the close of the Notice Period. Payment for attorneys' fees, costs and expenses shall be made payable to: Wills Law Firm, PLLC. Any reduction in the amount of fees or costs by the Court will not result in a nullification of the Settlement. In the event that Class Counsel appeals any refusal by the Court to award fees and costs in the amounts requested, the Effective Date will not be delayed and payment to the Plaintiffs will not be delayed.

25. <u>Notice</u>. The Claims Administrator shall send out the Notice Form and Consent Form to the Putative Class Members via U.S. mail, email and text message within five (5) business days from the date that the Court approves the Settlement. Consent Forms may be returned to the Claims Administrator via SimpluriSign or DocuSign, U.S. Mail, email, facsimile or/and FedEx (subject to Court approval) as long as the executed Consent Form is received on or before the expiration of the Notice Period. The time for settlement notice ("Notice Period") shall begin five (5) business days after the entry of the Court's order approving the Settlement (at such time the Settlement Administrator shall issue Notice and Consent Forms), and shall continue for 60 calendar days, unless the Notice Period is extended by (a) Court order, (b) mutual agreement of the Parties, or (c) if the requisite number of settlement participants has not been met, either the Plaintiffs or FirstKey, in their or its sole and absolute discretion, extends the Notice Period by 14 days for the purpose of facilitating greater settlement participation.

26. <u>Issuance of Checks to Plaintiffs</u>. No later than ten (10) business days from the Effective Date, the Claims Administrator will issue and mail out by U.S. First Class mail settlement checks (including for service payments) to Plaintiffs in the amounts set forth in <u>Exhibit A</u>, and will withhold all appropriate taxes, in accordance with this Settlement Agreement. All disputes relating to the Claims Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement until all payments and obligations contemplated by this Settlement have been fully carried out.

27. Settlement checks shall remain valid and negotiable for one year from the date of their issuance and will automatically be cancelled by FirstKey or the Claims Administrator if not cashed by the Plaintiff within that time. Checks for Individual Payments which have expired will not be reissued, and the funds shall be returned to FirstKey. Proof of payment from the Claims Administrator will be filed with the Court and provided to Class Counsel and FirstKey's Counsel.

### D.    RELEASE

28. This Settlement Agreement shall effect a complete settlement and release and shall extinguish, waive, fully release, and forever discharge the Released Parties as to each Plaintiff as to all claims arising from the Action, from any and all claims, debts, liabilities, demands, obligations, damages, action, or causes of action of any kind, whether known or unknown, which have been or could have been asserted against the Released Parties in the Action pertaining to or arising from violations of wage and hour laws, including but not limited to: claims under the Fair Labor Standards Act, and the wage and hour laws of the states of residence or employment of each Plaintiff, respectively, through the time period of July 25, 2024. The claims enumerated in this paragraph shall be referred to as the "Released Claims." The following language shall be printed

on settlement checks received by Plaintiffs: "I understand that, by court order, all my wage and hour law claims against FirstKey have been released for the period through July 25, 2024, and I am not entitled to any further payment for such claims." Nothing in this Settlement shall be construed to waive any right that is not subject to waiver by private agreement.

29. The Released Parties include: (a) all of FirstKey's present and former parent companies, subsidiaries, related, or affiliated companies; (b) all of FirstKey's divisions; (c) all of the shareholders, officers, directors, employees, agents, attorneys, insurers, and successors and assigns of all of these entities; and (d) any individual or entity which could be jointly liable with FirstKey.

30. FirstKey may provide information contained in the following in the event any person identified on <u>Exhibit A</u> contacts or approaches FirstKey regarding the settlement:

> FirstKey Homes, LLC, supports the terms of the settlement. If you have any questions, please contact Plaintiffs' lead counsel, Rhonda H. Wills, via email at info@rwillslawfirm.com or via telephone at (713) 528-4455.

31. Named Plaintiffs and Plaintiffs' counsel and FirstKey and its counsel have agreed not to directly or indirectly issue any press releases, hold any press conference, or make any posting on any website, instant messaging site, blog, or social networking site, or initiate or respond to any contact with any members of the news media regarding the case, Settlement, or the parties' negotiations, other than by making contact with persons for purpose of this Settlement.

### E.  MISCELLANEOUS PROVISIONS

32. The signatories hereto represent that they are fully authorized to enter into this Settlement and to bind the Parties to its terms and conditions.

33. The Parties agree to fully cooperate to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents, and taking such other action as reasonably may be necessary to implement the terms of this Settlement. The Parties to this Settlement shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement and the terms set forth herein. As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of FirstKey and its counsel, take all necessary steps to secure the Court's approval of this Settlement.

34. The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein or except in connection with hiring their attorneys.

35. In the event that any Party to this Settlement institutes a legal action or other proceeding against any other party or parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful party or parties may be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs at the Court's discretion, including expert witness fees incurred in connection with any enforcement actions.

36. This Settlement Agreement and <u>Exhibit A</u> appended to it contains the entire agreement between the parties relating to the Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

37. The Parties agree that any payments made by FirstKey to RLAs in April 2024 for back wages shall be retained by the recipient of such payments.

38. This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

Dated: 9/6/2024 , 2024.

NAMED PLAINTIFFS:

By: _Jeffrey Plunkett_
Jeffery Plunkett

By: _Ethel June Maranan_
Ethel June Maranan

Dated: _____, 2024.

DEFENDANT FIRSTKEY HOMES, LLC

By: _____
Thomas J. DeRue, Jr.

Chief Legal Officer
& Corporate Secretary

Settlement Agreement & Release
Page 14 of 14

App. 15

36. This Settlement Agreement and <u>Exhibit A</u> appended to it contains the entire agreement between the parties relating to the Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

37. The Parties agree that any payments made by FirstKey to RLAs in April 2024 for back wages shall be retained by the recipient of such payments.

38. This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

Dated: _____, 2024.

NAMED PLAINTIFFS:

By: _____
Jeffery Plunkett

By: _____
Ethel June Maranan

Dated: 9/6/2024 _____, 2024.

DEFENDANT FIRSTKEY HOMES, LLC

By: **THOMAS DERUE**
—F9DF902D67FC4B0...
Thomas J. DeRue, Jr.

Chief Legal Officer
& Corporate Secretary

Settlement Agreement & Release
Page 14 of 14

# EXHIBIT 2

# NOTICE OF FLSA SETTLEMENT TO [PERSON]

## NOTICE OF ENTITLEMENT TO RECOVER $_____ FROM FIRSTKEY HOMES, LLC

A lawsuit has been brought in Dallas, Texas by FirstKey Homes, LLC ("FirstKey") leasing agents and regional leasing agents ("Plaintiffs") for unpaid wages in accordance with the Fair Labor Standards Act (29 U.S.C. § 216(b)) ("FLSA"). The Court has approved a settlement for individuals who worked at FirstKey as a leasing agent or regional leasing agent at any time from July 25, 2021, to July 25, 2024. **If you want to participate in the settlement and receive the above settlement payment, you MUST sign and return the enclosed Consent Form by the deadline**.

### Why is this notice being sent?
The Honorable David L. Horan of the U.S. District Court for the Northern District of Texas has approved as fair and reasonable the terms of a settlement. All current and former FirstKey leasing agents and regional leasing agents, including you, who worked for FirstKey anywhere in the United States at any time during the period of July 25, 2021, to July 25, 2024, are being given an opportunity to join this settlement and accept the above payment.

### What is this case about?
The Plaintiffs in this case contend that leasing agents and regional leasing agents were improperly denied overtime compensation, and were not paid time and one-half for all hours worked in excess of 40 hours in a workweek in violation of the Fair Labor Standards Act.

FirstKey disputes the claims asserted by Plaintiffs and denies any wrongdoing, but the parties recognize the costs and risks of litigation and believe that the settlement is a fair and reasonable resolution. FirstKey supports the settlement.

### What happens if I join?
If you choose to participate in the settlement by signing and returning the enclosed forms, you will receive a payment of $_____.

This settlement amount represents your share of the settlement free and clear of attorneys' fees and expenses. You will not have to pay the lawyers out of pocket if you participate in the settlement. Rather, the lawyers will be paid out of the total settlement and will not charge you additional fees or expenses if you claim your settlement funds. If you are a current employee of FirstKey, do not worry about being retaliated against. You are protected by federal law from any retaliation.

### What if I do not join?
You will not be a participant in the settlement or receive any money from the settlement, and you will not be bound by this settlement. You are under no obligation to join.

### How quickly must I act?
**The enclosed Consent Form must be completed and received by _____, 2024.** However, if you decide to join and accept your settlement, do not wait until the deadline to send in your forms—you should act immediately. You will not receive your settlement payment if you miss the deadline.

### How do I make a claim & receive my settlement check?
You can make a claim to receive your settlement check by filling out and signing the attached Consent Form, which **must be received** by the Claims Administrator no later than _____, 2024. You may return the form by:
- Completing by DocuSign;
- Email: _____;
- Facsimile: _____; or
- Using the enclosed envelope

### What if I have questions?
*Do not contact the Court about this matter. You may contact the Claims Administrator at:*
          Simpluris/ Phone/Email

*The attorneys below who represent the Plaintiffs in this matter will also answer your questions:*

Rhonda H. Wills/Patrick J. Raspino
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 570
Houston, TX 77056
**(713) 528-4455 [telephone]
info@rwillslawfirm.com [email]**

**The United States District Court for the Northern District of Texas approved this notice.**

# EXHIBIT 3

# CONSENT FORM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY PLUNKETT, et al., | § § § | |
| Plaintiffs, | § § § | Civil Action No.: 3:23-cv-02684-L-BN |
| v. | § § | COLLECTIVE ACTION |
| FIRSTKEY HOMES, LLC, | § § § | |
| Defendant. | § § | (JURY TRIAL) |

**CONSENT TO JOIN FLSA COLLECTIVE ACTION AND SETTLEMENT CLAIM**

I was a Leasing Agent and/or Regional Leasing Agent for FirstKey Homes, LLC at some point between July 25, 2021 and July 25, 2024. I understand this action is being brought under the Fair Labor Standards Act ("FLSA") for allegedly unpaid overtime pay, unpaid minimum wages, and other damages, wages, compensation and amounts that I may be owed under the FLSA. I consent to becoming a party plaintiff in this action, to be represented by Wills Law Firm, PLLC, and to be bound by the judgment of the Court and the settlement approved by the Court.

_____
SIGNATURE

_____
PRINTED NAME

Date: _____, 2024

**Rhonda H. Wills, Esq.**
**Patrick J. Raspino, Esq.**
**WILLS LAW FIRM, PLLC**
**1776 Yorktown, Suite 570**
**Houston, Texas 77056**
**Telephone: (713) 528-4455**
**info@rwillslawfirm.com**

**IMPORTANT: COMPLETED FORM MUST BE RECEIVED BY _____, 2024**

App. 20