IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY PLUNKETT, et al., | § | |
| | § | |
| Plaintiffs, | § | Civil Action No.: 3:23-cv-02684-L-BN |
| | § | |
| v. | § | |
| | § | COLLECTIVE ACTION |
| FIRSTKEY HOMES, LLC, | § | |
| | § | |
| Defendant. | § | (JURY TRIAL) |

**PLAINTIFFS' SUPPLEMENTAL MOTION FOR APPROVAL OF FLSA SETTLEMENT
AND UNOPPOSED REQUEST FOR ATTORNEYS' FEES**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ......................................................................................... 1

II.    ARGUMENT AND AUTHORITIES ............................................................. 2

    A.    Fifth Circuit Caselaw Supports a Fee Percentage of 40%. ................................... 3

        1.    Plaintiffs' Counsel Have Recovered a 40% Contingent Fee in Other Cases in Texas District Courts Involving FLSA Common Settlement Funds. ................................................................................................. 3

    B.    Texas District Courts Regularly Approve Settlements That Allocate 40% of the Settlement Fund for Plaintiffs' Attorneys' Fees. ................................................. 6

    C.    The *Johnson* Factors Justify a 40% Attorneys' Fee Award for Plaintiffs' Counsel. ................................................................................................. 9

        1.    First Factor: The Time and Efforts Required of Plaintiffs' Counsel. ...... 10

            a.    The Hours Expended by Plaintiffs' Counsel Are Reasonable. ... 10

            b.    The Hourly Rates of Plaintiffs' Counsel Are Reasonable. ......... 13

        2.    Second, Third, and Ninth Factors: Plaintiffs' Counsel's Skill, Knowledge, Reputation, and Experience. ................................................. 15

        3.    Fourth Factor: Preclusion of Other Employment. ................................... 16

        4.    Fifth and Twelfth Factors: Customary Fee and Awards in Similar Cases. ................................................................................................. 17

        5.    Sixth Factor: Fixed or Contingent Attorneys' Fee. ................................. 17

        6.    Seventh Factor: Time Limits. ................................................................. 18

        7.    Eighth Factor: The Amount Involved and the Result Obtained. .............. 19

        8.    Tenth Factor: Undesirability of the Case. ............................................... 20

    D.    Plaintiffs' Counsel's 1.24 Multiplier is Well Within the Acceptable Range. ...... 21

III.    CONCLUSION ......................................................................................... 23

# **TABLE OF AUTHORITIES**

### CASES

*Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*,
     No. 3:16-cv-02355-G-BT, 2021 U.S. Dist. LEXIS 250455 (N.D. Tex. Dec. 17, 2021) .. 14

*Aguayo v. Bassam Odeh, Inc.*,
     No. 3:13-cv-2951-B, 2016 U.S. Dist. LEXIS 169702 (N.D. Tex. Dec. 8, 2016) ............ 14

*Baust v. City of Virginia Beach*,
     No. 2:20CV595, 2021 U.S. Dist. LEXIS 236261 (E.D. Va. Dec. 8, 2021) ..................... 10

*Blackburn v. Conduent Commer. Sols. LLC*,
     No. 1:19-CV-1229-RP, 2020 U.S. Dist. LEXIS 255284 (W.D. Tex. Dec. 22, 2020) .........
     ...................................................................................................................................... 7, 17

*Blum v. Stenson*,
     465 U.S. 886 (1984) ........................................................................................................ 13

*Braud v. Transp. Serv. Co.*,
     No. 05-1898, 2010 U.S. Dist. LEXIS 93433 (E.D. La. Aug. 17, 2010) .......................... 17

*Broyles v. Tudor, Bailey & Co., P.C.*,
     No. 3:98-cv-0266-L, 2000 U.S. Dist. LEXIS 12260 (N.D. Tex. Aug. 24, 2000).............. 6

*Calsep A/S v. Intelligent Petro. Software Sols., LLC*,
     No. 4:19-CV-1118, 2022 U.S. Dist. LEXIS 29438 (S.D. Tex. Feb. 18, 2022) ............... 14

*Cormier v. Turnkey Cleaning Servs. LLC*,
     No. 6:15-cv-2076, 2018 U.S. Dist. LEXIS 186251 (W.D. La. Oct. 22, 2018)................. 7

*Cotton v. Hinton*,
     559 F. 2d 1326 (5th Cir. 1977) ........................................................................................ 2

*Di Giacomo v. Plains All Am. Pipeline*,
     Nos. H-99-4137, H-99-4212, 2001 U.S. Dist. LEXIS 25532 (S.D. Tex. Dec. 18, 2001) ....
     ................................................................................................................................................ 22

*Forbush v. J.C. Penney Co.*,
     98 F.3d 817 (5th Cir. 1996) ............................................................................................ 21

*Fuchs v. B & B Star Air Duct & HVAC*,
     No. 1:20-cv-319-RP, 2021 U.S. Dist. LEXIS 125723 (W.D. Tex. Jan. 7, 2021)......... 7, 17

*Garza v. Sporting Goods Props., Inc.*,
    No. SA-93-CA-1082, 1996 U.S. Dist. LEXIS 2009 (W.D. Tex. Feb. 6, 1996) .............. 22

*Guadalupe v. Am. Campus Cmtys. Servs.*,
    No. 1:16-cv-967-RP, 2020 U.S. Dist. LEXIS 259660 (W.D. Tex. Oct. 23, 2020) ...... 7, 17

*Hamilton v. Enersafe, Inc.*,
    No. 5:15-CV-965-JKP, 2020 U.S. Dist. LEXIS 259520 (W.D. Tex. Feb. 7, 2020)..... 7, 17

*Heidtman v. County of El Paso*,
    171 F.3d 1038 (5th Cir. 1999) ....................................................................................... 10

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)................................................................................................. 10, 11

*Hill v. Schilling*,
    No. 3:07-CV-2020-L, 2022 U.S. Dist. LEXIS 79790 (N.D. Tex. May 3, 2022) ............. 14

*Hiser v. NZone Guidance, LLC*,
    No. 1:18-cv-1056-RP, 2021 U.S. Dist. LEXIS 131524 (W.D. Tex. Jan. 25, 2021)..... 7, 17

*In re Bayou Sorrel Class Action*,
    No. 6:04CV1101, 2006 U.S. Dist. LEXIS 80924 (W.D. La. Oct. 31, 2006)...................... 8

*In re Combustion, Inc.*,
    968 F. Supp. 1116 (W.D. La. 1997)................................................................................ 21

*In re Educ. Testing Serv. Praxis Principles of Learning: Grades 7-12 Litig.*,
    447 F. Supp. 2d 612 (E.D. La. 2006) ............................................................................. 20

*In re Enron Corp. Secs., Derivatives, & ERISA Litig.*,
    586 F. Supp. 2d 732 (S.D. Tex. 2008) ..................................................................... 21, 22

*In re Eunice Train Derailment*,
    No. 6:00cv1267, 2005 U.S. Dist. LEXIS 46237 (W.D. La. Mar. 28, 2005) ...................... 9

*In re Pinson*,
    No. 05-38800-H3-7, 2007 Bankr. LEXIS 3803 (Bankr. S.D. Tex. Nov. 2, 2007) ............. 8

*In re Roberts*,
    No. 05-92598-H3-7, 2011 Bankr. LEXIS 1734 (Bankr. S.D. Tex. May 9, 2011)............. 8

*In re Train Derailment Near Amite, La.*,
    No. 1531 SECTION "A", 2007 U.S. Dist. LEXIS 53464 (E.D. La. July 23, 2007) .......... 8

*In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*,
    MDL No. 2592, 2020 U.S. Dist. LEXIS 50440 (E.D. La. Mar. 24, 2020)................ 15, 16

*Jasso v. HC Carriers, LLC*,
    No. 5:20-cv-212, 2022 U.S. Dist. LEXIS 205826 (S.D. Tex. Nov. 14, 2022) ............ 6, 17

*Jasso v. HC Carriers, LLC*,
    No. 5:20-cv-212, 2022 U.S. Dist. LEXIS 207043 (S.D. Tex. Oct. 19, 2022) .... 6, 9, 17, 18

*Johnson v. Georgia Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) ................................................................. 3, 9, 21

*Jones v. JGC Dallas LLC*,
    No. 3:11-cv-2743-O, 2014 U.S. Dist. LEXIS 177326 (N.D. Tex. Dec. 24, 2014)..... 2, 3, 9

*Klein v. O'Neal, Inc.*,
    705 F. Supp. 2d 632 (N.D. Tex. 2010) .................................................... 21, 22

*Labiche v. Legal Sec. Life Ins. Co.*,
    No. 93-2556 SECTION "G", 1993 U.S. Dist. LEXIS 15644 (E.D. La. Nov. 3, 1993)...... 9

*Lackey v. SDT Waste & Debris Servs., LLC*,
    No. 11-1087, 2014 U.S. Dist. LEXIS 136181 (E.D. La. Sept. 26, 2014) .......................... 8

*LaFleur v. Dollar Tree Stores, Inc.*,
    189 F. Supp. 3d 588 (E.D. Va. 2016) ............................................................ 10

*Lowe v. Eltan*,
    No. 9:05-CV-38, 2018 U.S. Dist. LEXIS 221151 (E.D. Tex. Dec. 12, 2018).................. 8

*Matthews v. Priority Energy Servs.*,
    No. 6:15cv448, 2018 U.S. Dist. LEXIS 82715 (E.D. Tex. May 11, 2018) ....................... 3

*Matthews v. Priority Energy Servs.*,
    No. 6:15cv448, 2018 U.S. Dist. LEXIS 82716 (E.D. Tex. Apr. 20, 2018) .......... 2, 3, 8, 17

*Miller v. MV Transp., Inc.*,
    No. 1:18-cv-538-RP, 2020 U.S. Dist. LEXIS 262657 (W.D. Tex. Nov. 3, 2020) ....... 7, 17

*Miller v. Raytheon Co.*,
    No. 3:09–cv–440–O, 2013 WL 6838302 (N.D. Tex. Dec. 27, 2013)........................ 13, 14

*Miniex v. Houston Housing Authority*,
    No. 4:17-0624, 2019 WL 4920646 (S.D. Tex. Sept. 13, 2019)........................................ 14

*Mock v. Grady-White Boats, Inc.*,
    No. 11-2057 SECTION "J" (2), 2013 U.S. Dist. LEXIS 63608 (E.D. La. Apr. 17, 2013) 8

*Nassar v. Univ. of Tex. Southwestern Med. Ctr.*,
    No. 3:08-CV-1337-B, 2010 U.S. Dist. LEXIS 76711 (N.D. Tex. July 27, 2010) ........... 14

*Nilesh Enters. v. Lawyers Title Ins. Corp.*,
    No. SA-08-CV-661-XR, 2010 U.S. Dist. LEXIS 66146 (W.D. Tex. July 1, 2010) .......... 8

*NSEW Holdings LLC v. Wells Fargo Bank, N.A.*,
    No. 4:15-CV-828, 2017 U.S. Dist. LEXIS 38337 (E.D. Tex. Mar. 17, 2017) ................ 14

*Olibas v. Native Oilfield Services, LLC*,
    104 F. Supp. 3d 791 (N.D. Tex. 2015) ..................................................................... 10, 14

*Pulse Supply Chain Sols., Inc. v. Tagliamonte*,
    No. 3:21-CV-2706-B, 2024 U.S. Dist. LEXIS 167799 (N.D. Tex. July 25, 2024) .......... 14

*Regmund v. Talisman Energy USA, Inc.*,
    No. 4:16-cv-02960, 2021 U.S. Dist. LEXIS 92346 (S.D. Tex. May 12, 2021) ............... 22

*Ruiz v. Estelle*,
    553 F. Supp. 567 (S.D. Tex. 1982) ................................................................................ 10

*Sandras v. Expeditors & Prod. Serv. Co.*,
    No. 16-0239, 2019 U.S. Dist. LEXIS 28119 (W.D. La. Feb. 13, 2019) ........................... 7

*Sarabia v. Spitzer Indus. Inc.*,
    No. 4:17-CV-2092, 2018 U.S. Dist. LEXIS 197062 (S.D. Tex. Nov. 11, 2018) ..... 6, 7, 17

*Singer v. City of Waco, Tex.*,
    324 F.3d 813 (5th Cir. 2003) ................................................................................... 9, 19

*Singer v. Wells Fargo Bank, N.A.*,
    No. 5:19-CV-00679, 2020 U.S. Dist. LEXIS 256111 (W.D. Tex. July 14, 2020) ... 6, 7, 17

*Soto v. Marquez Constr. & Maint.*,
    No. 20-cv-00101, ECF No. 35 (W.D. Tex. June 21, 2022) ......................................... 7, 17

*Soto v. Marquez Constr. & Maint.*,
    No. 20-cv-00101-DC-RCG, ECF No. 34 (W.D. Tex. June 20, 2022) ......................... 7, 17

*Strachan Shipping Co. v. Melvin*,
    327 F.2d 83 (5th Cir. 1964) ............................................................................................ 8

*Swales v. KLLM Transport Services*,
    985 F.3d 430 (5th Cir. 2021) ................................................................ 16, 20

*Tech Pharm. Servs., LLC v. Alixa Rx LLC*,
    298 F. Supp. 3d 892 (E.D. Tex. 2017) ............................................................ 14

*Thomas v. Houston Circle of Hope Servs., Inc.*,
    No. H-20-769, 2023 U.S. Dist. LEXIS 58092 (S.D. Tex. Mar. 14, 2023) ...................... 14

*Tollett v. City of Kemah*,
    285 F.3d 357 (5th Cir. 2001) ................................................................ 10, 13

*Truxillo v. Nat'l Maint.*,
    No. 22-CV-4300, 2023 U.S. Dist. LEXIS 142103 (E.D. La. Aug. 15, 2023) ................... 8

*Turner v. Med. Case Mgmt. & Soc. Servs.*,
    No. 4:17-cv-00836-BP, 2019 U.S. Dist. LEXIS 243249 (N.D. Tex. May 13, 2019)...........
    ..................................................................................... 10, 13

*Turner v. Murphy Oil USA, Inc.*,
    472 F. Supp. 2d 830 (E.D. La. 2007) ............................................................ 21

*Union Asset Mgmt. v. Dell, Inc.*,
    669 F.3d 632 (5th Cir. 2012) ............................................................. 3, 18, 21

*Vassallo v. Goodman Networks, Inc.*,
    No. 4:15CV97-LG-CMC, 2016 U.S. Dist. LEXIS 142379 (E.D. Tex. Oct. 13, 2016) ........
    ....................................................................................... 8, 17

*Vaughn v. Am. Honda Motor Co.*,
    627 F. Supp. 2d 738 (E.D. Tex. 2007) ............................................................ 21

*Venable v. Am. Consulting & Testing Inc.*,
    No. 6:20-CV-01232, 2022 U.S. Dist. LEXIS 37667 (W.D. La. Feb. 25, 2022)................ 7

*West v. Parker (In re Parker)*,
    325 B.R. 380 (Bankr. S.D. Tex. 2005) ............................................................ 8

*Willie M. v. Hunt*,
    90 F.R.D. 601 (W.D.N.C. 1981) ................................................................ 13

vi

Plaintiffs Jeffrey Plunkett and Ethel June Maranan, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), respectfully submit this Supplemental Motion for Approval of FLSA Settlement and Unopposed Request for Attorneys' Fees and would show as follows:

## I.      INTRODUCTION

Plaintiffs' counsel won a hard-fought battle in a true David versus Goliath case and successfully obtained a significant recovery for current and former employees of Defendant FirstKey Homes, LLC ("Defendant"). After vigorously investigating and prosecuting Plaintiffs' Fair Labor Standards Act ("FLSA") claims, Plaintiffs' counsel achieved a highly favorable $5 million settlement for 83 leasing agents who worked for Defendant. At the outset of this case, Plaintiffs' counsel took the case on a 40% contingency fee basis[1] and the Parties' settlement provides for 40% of the gross settlement fund to be paid to Plaintiffs' counsel as attorneys' fees.

The Parties' settlement, including its provision for a 40% attorneys' fee award, aligns with the Fifth Circuit preference for contingency fee agreements in litigation. The 40% attorneys' fee provision not only accounts for the extraordinary efforts of Plaintiffs' counsel, but it also aligns with other 40% fee awards in FLSA settlements throughout the Fifth Circuit. Moreover, Rhonda H. Wills, Plaintiffs' lead counsel, and her firm routinely recover attorneys' fees totaling at least 40% from FLSA settlements in the Northern District of Texas and in other Texas district courts. Both Ms. Wills' experience as a 30-year litigator with an extensive background in litigating hundreds of FLSA matters and her history of recovering at least a 40% fee award in FLSA settlements indicate that the fee provision in the settlement agreement is reasonable.

---

[1] Ex. 1 to Appendix to Plaintiffs' Supplemental Motion for Approval of FLSA Settlement and Unopposed Request for Attorneys' Fees ("Appendix"), Declaration of Rhonda H. Wills, ¶ 13 ("Wills Decl.").

1

A cross-check of the *Johnson* factors further supports the Parties' request for 40% of the gross settlement fund to be awarded to Plaintiffs' counsel as attorneys' fees, which reflects a 1.24 lodestar multiplier well within the range approved by Texas district courts. This was a highly contested case that Defendant vigorously fought at every step. For example, Defendant pled sixteen affirmative defenses; contested the appropriate FLSA classification of class members; objected to FLSA collective certification and notice; improperly tried to obtain private settlements from several Plaintiffs and putative collective action members without Court approval and behind Plaintiffs' counsel's back; and only resolved this case after participating in an extensive mediation and ongoing settlement negotiations and finally accepting a mediator's proposal. Plaintiffs' counsel achieved a high degree of success in this case—the settlement provides for substantial individual payments of a gross average of over $60,000 for each collective member. Without the efforts expended by Plaintiffs' counsel, Plaintiffs and the other collective action members would not have achieved such a positive result. Because the requested 40% fee award is in line with other Fifth Circuit and Texas district court fee awards and supported by the *Johnson* factors and well within the acceptable multiplier range of one to four or more, the Court should approve the Parties' FLSA settlement in its entirety including attorneys' fees.

## II.    ARGUMENT AND AUTHORITIES

The Fifth Circuit encourages parties to settle their claims in order to promote "the efficient utilization of our scarce judicial resources." *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977). In cases involving common fund settlements, attorneys' fees are frequently awarded as a percentage of the common fund. *Jones v. JGC Dallas LLC*, No. 3:11-cv-2743-O, 2014 U.S. Dist. LEXIS 177326, at *5 (N.D. Tex. Dec. 24, 2014); *see also Matthews v. Priority Energy Servs.*, No. 6:15cv448, 2018 U.S. Dist. LEXIS 82716, at *3 (E.D. Tex. Apr. 20, 2018) (awarding attorneys'

fees request of 40% of the FLSA settlement fund), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 82715 (E.D. Tex. May 11, 2018). The court will cross-check the percentage against the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); *see also Matthews*, 2018 U.S. Dist. LEXIS 82716, at *3 (finding that the *Johnson* factors justified a fee award of 40% of the FLSA settlement fund); *Jones*, 2014 U.S. Dist. LEXIS 177326, at *5.

**A.    Fifth Circuit Caselaw Supports a Fee Percentage of 40%.**

Fifth Circuit courts condone the use of contingency fees because they yield predictable results, encourage parties to settle their claims, and disincentivize lengthy litigation. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643–44 (5th Cir. 2012). Here, the Parties have agreed on a reasonable attorneys' fee of 40% of the settlement fund to be paid to Plaintiffs' counsel. *See* Joint Motion to Approve FLSA Settlement, ECF No. 63, at p. 11 (N.D. Tex. Sept. 6, 2024). Here, both Fifth Circuit caselaw and application of the *Johnson* factors supports an award of 40% of the total settlement fund as attorneys' fees. The fee award is not only a crucial component of the Parties' carefully negotiated settlement, but it is also in line with fee awards that Plaintiffs' counsel have obtained in other FLSA settlements in the Northern District of Texas, Southern District of Texas and Western District of Texas. A 40% attorneys' fee is appropriate, and the Parties' Joint Motion for Approval of Settlement, including attorneys' fees, ECF No. 63, should be granted.

**1.    Plaintiffs' Counsel Have Recovered a 40% Contingent Fee in Other Cases in Texas District Courts Involving FLSA Common Settlement Funds.**

Plaintiffs' counsel and WILLS LAW FIRM, PLLC, have extensive experience litigating multi-plaintiff FLSA collective actions and class actions, as well as other wage and hour claims. Ex. 1 to Appendix, Declaration of Rhonda H. Wills, ¶¶ 4–11 ("Wills Decl."). Lead counsel Rhonda H. Wills has focused almost exclusively on employment litigation since she founded WILLS LAW

FIRM, PLLC, in 2003. *Id.* ¶¶ 4, 6, 8–10. Ms. Wills obtained favorable results in a host of wage and hour cases, and she has appeared as lead counsel in a multitude of wage and hour matters that have been certified on a state and/or nationwide basis. *Id.* ¶¶ 9–10. Here, Ms. Wills' and WILLS LAW FIRM, PLLC's prior experience in complex employment litigation yielded a highly favorable settlement for Plaintiffs. A fee award of 40% of the total settlement fund is appropriate.

In wage and hour cases in this District and in other Fifth Circuit district courts, Plaintiffs' counsel has recovered a 40% attorneys' fee from a common settlement fund. Ex. 1 to Appendix, Wills Decl. ¶ 10. As discussed during the hearing on this matter on October 29, here are notable examples of Plaintiffs' counsel's recovery of a 40% fee in FLSA collective actions and class actions:

- In *Parker v. Silverleaf Resorts, Inc.*, Judge Jane Boyle of the Northern District of Texas awarded Plaintiffs' counsel 40% of the gross settlement amount in a FLSA collective action and class action involving off-the-clock claims of timeshare salespersons.[2]

- Fifth Circuit Court of Appeals Justice Gregg Costa, sitting by designation in the U.S. District Court for the Southern District of Texas, likewise approved a wage and hour settlement agreement that allocated 40% of the gross settlement fund to Plaintiffs' attorneys' fees in a case involving misclassified new home salespersons.[3]

- In a matter very similar to the instant case involving leasing agents, Judge Geoge C. Hanks, Jr. of the Southern District of Texas also approved a 40% fee recovery to Plaintiffs' counsel. In *Freeman v. Progress Residential Property Manager, LLC*, misclassified leasing agents of single-family homes sought recovery for overtime damages under the FLSA.[4] The *Freeman* settlement agreement allocated 40% of the

---

[2] Ex. 2 to Appendix, *Parker, et al., v. Silverleaf Resorts, Inc., et al.*, No. 3:14-cv-02075-B, Joint Motion for Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Settlement, ECF No. 410, at p. 24 (N.D. Tex. Mar. 9, 2018) ("*Silverleaf* Motion for Approval of FLSA Settlement") (requesting attorneys' fees and costs of 40% of the gross settlement amount); *see also* Ex. 3 to Appendix, Order Granting *Silverleaf* Motion for Approval of FLSA Settlement, ECF No. 423, at p. 2 (N.D. Tex. May 10, 2018) (approving Plaintiffs' request for attorneys' fees totaling 40% of the gross FLSA settlement fund); Ex. 4 to Appendix, Order Granting Final Approval of Rule 23 Class Settlement, ECF No. 432, at p. 4 (N.D. Tex. Sept. 7, 2018) (granting final approval of Plaintiffs' request for attorneys' fees totaling 40% of gross Rule 23 settlement).

[3] Ex. 5 to Appendix, *Edwards v. KB Home*, No. 3:11-cv-00240, Motion for Final Approval of Rule 23 Settlement, ECF No. 274, at pp. 5–7 (S.D. Tex. Aug. 25, 2016) ("*Bejenaru* Motion for Final Approval of Rule 23 Settlement") (requesting 40% of gross settlement fund for attorneys' fees to WILLS LAW FIRM, PLLC); *see also* Ex. 6 to Appendix, Order Granting *Bejenaru* Motion for Final Approval of Rule 23 Settlement, ECF No. 277 (S.D. Tex. Sept. 15, 2016).

[4] Ex. 7 to Appendix, *Freeman v. Progress Residential Prop. Manager, LLC*, No. 3:16-cv-00356, Joint Motion to Approve Confidential FLSA Settlement, ECF No. 170, at p. 2 (S.D. Tex. Mar. 28, 2019).

gross settlement fund to the plaintiffs' attorneys' fees, and Judge Hanks approved the *Freeman* settlement—including the plaintiffs' 40% fee award—in its entirety. [5]

Ms. Wills and WILLS LAW FIRM, PLLC, have also recovered attorneys' fees greater than 40% of the settlement. For example, in *Gutierrez v. I. Kunik Co.*, the Southern District of Texas granted attorneys' fees to Plaintiffs' counsel equal to <u>nearly two-thirds</u> of the gross settlement fund. In *Gutierrez*, Plaintiffs sought $200,000 from a $320,000 FLSA settlement fund as attorneys' fees. Ex. 9 to Appendix, *Gutierrez v. I. Kunik Co.*, No. 7:15-cv-00225, Joint Motion to Approve FLSA Settlement, ECF No. 84, at pp. 3, 10–11 (S.D. Tex. Feb. 20, 2019). The court approved the settlement and specifically noted that the plaintiffs' request for attorneys' fees was "fair and reasonable." Ex. 10 to Appendix, *Gutierrez*, Order Granting Joint Motion to Approve FLSA Settlement, ECF No. 85 (S.D. Tex. Feb. 25, 2019). In short, Plaintiffs' counsel received 62.5% of the total settlement fund in *I. Kunik* as attorneys' fees—a significantly higher percentage than the 40% attorneys' fee award requested in the instant case.

*Silverleaf*, *Edwards*, *Freeman*, and *Gutierrez* are only a few of the cases in which lead attorney Rhonda H. Wills and Wills Law Firm, PLLC received a 40% attorneys' fee in a FLSA collective action and class action settlements. *See* Ex. 1 to Appendix, Wills Decl. ¶ 10 (listing other cases in which attorney Rhonda H. Wills and WILLS LAW FIRM, PLLC, received a 40% attorneys' fee). Indeed, Plaintiffs' counsel routinely recover a 40% attorneys' fee in cases involving common settlement funds in Texas district courts. *Id.* Accordingly, the Parties' agreed-upon fee of 40% is reasonable and appropriate here.

---

[5] Ex. 8 to Appendix, *Freeman*, Order Granting Joint Motion to Approve Confidential FLSA Settlement, ECF No. 172, at p. 1 (S.D. Tex. Mar. 29, 2019).

**B.    Texas District Courts Regularly Approve Settlements That Allocate 40% of the Settlement Fund for Plaintiffs' Attorneys' Fees.**

Many district courts within the Fifth Circuit have approved attorney's fees amounting to 40% or more of the settlement amount in FLSA cases. *See, e.g.*, *Singer v. Wells Fargo Bank, N.A.*, No. 5:19-CV-00679, 2020 U.S. Dist. LEXIS 256111, at *31 (W.D. Tex. July 14, 2020); *Sarabia v. Spitzer Indus. Inc.*, No. 4:17-CV-2092, 2018 U.S. Dist. LEXIS 197062, at *11 (S.D. Tex. Nov. 11, 2018) (collecting cases). Indeed, the Honorable Judge Sam A. Lindsay of the Northern District of Texas reversed an order by a bankruptcy court that awarded attorneys' fees below the parties' request for a 40% contingency fee. *Broyles v. Tudor, Bailey & Co., P.C.*, No. 3:98-cv-0266-L, 2000 U.S. Dist. LEXIS 12260, at *1–2 (N.D. Tex. Aug. 24, 2000). In *Broyles*, the bankruptcy court had reduced the attorneys' fee award from 40%, which the parties had requested, to just 25%. *Id.* at *4. Judge Lindsay reversed and remanded the bankruptcy court's order that had reduced an agreed-upon contingency fee of 40%. *Id.* at *8–9.

Similarly, a 40% attorneys' fee is a "reasonable benchmark" in FLSA cases where the fee is awarded as a percentage of the gross settlement fund. *Jasso v. HC Carriers, LLC*, No. 5:20-cv-212, 2022 U.S. Dist. LEXIS 207043, at *16–17 (S.D. Tex. Oct. 19, 2022), *adopted by* 2022 U.S. Dist. LEXIS 205826 (S.D. Tex. Nov. 14, 2022). In *Jasso v. HC Carriers, LLC*, the parties reached a settlement of the plaintiffs' FLSA claims before the matter could be certified as a collective action. *Id.* at *2–3. In their joint motion for approval, the parties sought an attorneys' fee award equal to 40% of the gross settlement fund. *Id.* at *15–16. The Southern District of Texas granted the motion and explained that "[m]any district courts in the Fifth Circuit have approved fees amounting to 40% or more of the settlement amount in FLSA cases." *Id.* at *16. Further, the court found that the *Johnson* factors supported a 40% fee award for Plaintiffs' attorneys. *Id.* at *21.

Plaintiffs' requested attorneys' fee of 40% of the settlement here is also in line with other FLSA awards throughout the district courts within the Fifth Circuit. *E.g.*, *Soto v. Marquez Constr. & Maint.*, No. 20-cv-00101-DC-RCG, ECF No. 34, at p. 4 (W.D. Tex. June 20, 2022) (requesting approval of FLSA settlement, which set aside 40% of the total settlement for plaintiffs' attorneys' fees), *granted by* ECF No. 35 (W.D. Tex. June 21, 2022); *Venable v. Am. Consulting & Testing Inc.*, No. 6:20-CV-01232, 2022 U.S. Dist. LEXIS 37667, at *10 (W.D. La. Feb. 25, 2022) (approving FLSA collective action settlement agreement that awarded a 40% contingency fee to plaintiffs' counsel); *Hiser v. NZone Guidance, LLC*, No. 1:18-cv-1056-RP, 2021 U.S. Dist. LEXIS 131524, at *7 (W.D. Tex. Jan. 25, 2021) (approving a FLSA settlement that provided for a 40% attorneys' fee from the settlement fund and noting that the fee "represent[ed] the 'significant devotion of time to reach a resolution'" in the case); *Fuchs v. B & B Star Air Duct & HVAC*, No. 1:20-cv-319-RP, 2021 U.S. Dist. LEXIS 125723, at *4 (W.D. Tex. Jan. 7, 2021) (same); *Blackburn v. Conduent Commer. Sols. LLC*, No. 1:19-CV-1229-RP, 2020 U.S. Dist. LEXIS 255284, at *7 (W.D. Tex. Dec. 22, 2020) (same); *Miller v. MV Transp., Inc.*, No. 1:18-cv-538-RP, 2020 U.S. Dist. LEXIS 262657, at *8 (W.D. Tex. Nov. 3, 2020) (40% attorneys' fee from FLSA gross settlement fund was "in line with that courts have approved in reviewing other FLSA settlements"); *Guadalupe v. Am. Campus Cmtys. Servs.*, No. 1:16-cv-967-RP, 2020 U.S. Dist. LEXIS 259660, at *6 (W.D. Tex. Oct. 23, 2020) (same); *Singer*, 2020 U.S. Dist. LEXIS 256111, at *31 (same); *Hamilton v. Enersafe, Inc.*, No. 5:15-CV-965-JKP, 2020 U.S. Dist. LEXIS 259520, at *11 (W.D. Tex. Feb. 7, 2020) (same); *Sandras v. Expeditors & Prod. Serv. Co.*, No. 16-0239, 2019 U.S. Dist. LEXIS 28119, at *10–11 (W.D. La. Feb. 13, 2019) (same); *Sarabia*, 2018 U.S. Dist. LEXIS 197062, at *11 (same); *Cormier v. Turnkey Cleaning Servs. LLC*, No. 6:15-cv-2076, 2018 U.S. Dist. LEXIS 186251, at *12–13 (W.D. La. Oct. 22, 2018) (same); *Matthews*, 2018 U.S.

Dist. LEXIS 82716, at *3–5 (same); *Vassallo v. Goodman Networks, Inc.*, No. 4:15CV97-LG-CMC, 2016 U.S. Dist. LEXIS 142379, at *10, *17 (E.D. Tex. Oct. 13, 2016) (awarding attorneys' fees equivalent to 39.78% of gross settlement fund in FLSA case); *Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 U.S. Dist. LEXIS 136181, at *8 (E.D. La. Sept. 26, 2014) (finding that a 40% contingency fee in FLSA action was reasonable).

Moreover, Fifth Circuit district courts regularly honor requests for 40% contingency fees in non-FLSA cases as well. *E.g.*, *Strachan Shipping Co. v. Melvin*, 327 F.2d 83, 84, 86 (5th Cir. 1964) (affirming district court's fee award of 40% of all damages recovered in a workers' compensation action); *West v. Parker (In re Parker)*, 325 B.R. 380, 388 (Bankr. S.D. Tex. 2005) (awarding 40% attorney's fee following a contingency fee arrangement); *Truxillo v. Nat'l Maint.*, No. 22-CV-4300, 2023 U.S. Dist. LEXIS 142103, at *3 (E.D. La. Aug. 15, 2023) (approving 40% contingency fee because it was "fair, not excessive, and consistent with contingency fees approved by other district judges in this Court"); *Lowe v. Eltan*, No. 9:05-CV-38, 2018 U.S. Dist. LEXIS 221151, at *46 (E.D. Tex. Dec. 12, 2018) (same); *Mock v. Grady-White Boats, Inc.*, No. 11-2057 SECTION "J" (2), 2013 U.S. Dist. LEXIS 63608, at *13 (E.D. La. Apr. 17, 2013) (same); *In re Roberts*, No. 05-92598-H3-7, 2011 Bankr. LEXIS 1734, at *4–5 (Bankr. S.D. Tex. May 9, 2011) (same); *Nilesh Enters. v. Lawyers Title Ins. Corp.*, No. SA-08-CV-661-XR, 2010 U.S. Dist. LEXIS 66146, at *22 (W.D. Tex. July 1, 2010) (same); *In re Pinson*, No. 05-38800-H3-7, 2007 Bankr. LEXIS 3803, at *10–11 (Bankr. S.D. Tex. Nov. 2, 2007) (same); *In re Train Derailment Near Amite, La.*, No. 1531 SECTION "A", 2007 U.S. Dist. LEXIS 53464, at *4 (E.D. La. July 23, 2007) (same); *In re Bayou Sorrel Class Action*, No. 6:04CV1101, 2006 U.S. Dist. LEXIS 80924, at *21–22 (W.D. La. Oct. 31, 2006) (noting that attorneys' fees in class actions have "consistently been at the 40% level"); *In re Eunice Train Derailment*, No. 6:00cv1267, 2005 U.S. Dist. LEXIS 46237,

at *35 (W.D. La. Mar. 28, 2005) (awarding 40% of common settlement fund as attorneys' fees); *Labiche v. Legal Sec. Life Ins. Co.*, No. 93-2556 SECTION "G", 1993 U.S. Dist. LEXIS 15644, at *6–7 (E.D. La. Nov. 3, 1993) (same).

Because Fifth Circuit courts routinely permit attorneys' fee awards equal to 40% of gross settlement funds, the Court has ample authority to honor the Parties' carefully negotiated agreement to pay 40% of the settlement fund to Plaintiffs' attorneys. Accordingly, the Parties' Joint Motion for FLSA Settlement Approval should be granted.

**C.    The *Johnson* Factors Justify a 40% Attorneys' Fee Award for Plaintiffs' Counsel.**

The *Johnson* factors also warrant a 40% attorneys' fee award in this case. Fifth Circuit courts may cross-check a contingent fee percentage through an analysis of the *Johnson* factors. *Jasso*, 2022 U.S. Dist. LEXIS 207043, at *16–17; *Jones v. JGC Dallas LLC*, No. 3:11-cv-2743-O, 2014 U.S. Dist. LEXIS 177326, at *6 (N.D. Tex. Dec. 24, 2014). The *Johnson* factors are as follows: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

In the Fifth Circuit, "the most critical factor in determining a fee award is the degree of success obtained." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). Further, "[a] court need not consider all twelve *Johnson* factors, only those relevant to the particular litigation."

*Baust v. City of Virginia Beach*, No. 2:20CV595, 2021 U.S. Dist. LEXIS 236261, at *7 (E.D. Va. Dec. 8, 2021) (citing *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 595 (E.D. Va. 2016)); *see also Olibas v. Native Oilfield Services, LLC*, 104 F. Supp. 3d 791, 812 & n.20 (N.D. Tex. 2015) (noting that a few *Johnson* factors were not relevant to evaluating the plaintiffs' fee request). Here, the *Johnson* factors demonstrate that Plaintiffs' attorneys' fees are reasonable.

### 1.    First Factor: The Time and Efforts Required of Plaintiffs' Counsel.

Plaintiffs' counsel devoted significant time and substantial effort to Plaintiffs' case against Defendant. The lodestar calculation of Plaintiffs' attorneys' fees further demonstrates the significant time and work that Plaintiffs' counsel dedicated to this matter. To calculate the lodestar, courts multiply the number of hours "reasonably expended" by "an appropriate hourly rate in the community for such work." *Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2001) (quoting *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)).

### a.    The Hours Expended by Plaintiffs' Counsel Are Reasonable.

Plaintiffs' counsel are entitled to be compensated for all hours "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983); *Tollett*, 285 F.3d at 367; *see also Turner v. Med. Case Mgmt. & Soc. Servs.*, No. 4:17-cv-00836-BP, 2019 U.S. Dist. LEXIS 243249, at *4 (N.D. Tex. May 13, 2019) ("In the first step, a court calculated the lodestar, 'which is equal to the number of hours reasonably expended . . . .'"). "Plaintiffs' attorneys are, of course, not required to reduce or otherwise trim the time they spend on actions such as this, merely because litigation will be protracted, and the total amount of time, when viewed in its entirety, will be sizeable." *Ruiz v. Estelle*, 553 F. Supp. 567, 576 (S.D. Tex. 1982) (counsel's time records reasonable in complex civil rights litigation where litigation lasted over ten years and total amount was "substantial"). In determining the number of hours reasonably expended on a case, "billing judgment is an important

10

component" and can be accomplished when "[c]ounsel for the prevailing party . . . make[s] a good faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. WILLS LAW FIRM, PLLC has exercised billing judgment and has reduced the amount of billing time for WILLS LAW FIRM, PLLC, resulting in a voluntary reduction of attorneys' fees sought. *See* Ex. 1 to Appendix, Wills Decl. ¶ 22. These excluded hours include unproductive or unnecessarily duplicative work, such as time spent conferring with co-counsel. *Id.*

Here, WILLS LAW FIRM, PLLC expended a total of 2,801.5 attorney hours (for which they seek compensation) since Plaintiff Jeffrey Plunkett retained WILLS LAW FIRM, PLLC, in November of 2023. *See* Ex. 1 to Appendix, Wills Decl. ¶¶ 13, 20. Plaintiffs' counsel actually billed more hours, but after the exercise of considerable billing judgment, seek payment for these hours, which represent a reduction of the hours actually worked. *Id.* ¶ 22. Because of Plaintiffs' intention to pursue their claims collectively, all of the time included within the fees sought by Plaintiffs' counsel was necessary in order to prosecute this action. *Id.* ¶ 21.

Plaintiffs' counsel handled this matter for nearly a year before it could be resolved, and Defendant vigorously contested its liability for the claims alleged by Plaintiffs. Ex. 1 to Appendix, Wills Decl. ¶ 12. Plaintiffs' counsel spent significant time investigating and developing this case even before filing suit. *Id.* During discovery, Defendant produced nearly 2.2 million pages of documents, including but not limited to years of Plaintiffs' work e-mails, telephone records, pay records, sales training materials, corporate policies and handbooks, and personnel documents, all of which were carefully analyzed by counsel for Plaintiffs. *Id.* Additionally, Plaintiffs prepared for the depositions of Defendant's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), as well as the depositions of named plaintiffs/class representatives Jeffrey Plunkett and Ethel June Maranan, and undertook other preparations for briefing on FLSA

certification and notice. *Id.* Plaintiffs' counsel also completed extensive briefing on Plaintiffs' Emergency Motion for Protective Order and Other Relief following Defendant's unauthorized and illegal attempt to settle several Plaintiffs and Regional Leasing Agents using "Voluntary Statements."[6] *Id.*

Plaintiffs' claims against Defendant ultimately did not resolve until July 25, 2024—after a full-day mediation and lengthy post-mediation settlement negotiations that culminated in Defendant's acceptance of a mediator's proposal over a week after the mediation. Ex. 1 to Appendix, Wills Decl. ¶ 12. Without a resolution immediately following the mediation, Plaintiffs' counsel was forced to fully prepare for upcoming depositions, continue reviewing documents produced in discovery, and plan for a motion for certification of Plaintiffs' collective action. *Id.* After reaching a putative settlement, Plaintiffs' counsel also had to expend extensive time preparing drafts of documents and working with Defendant's counsel on all aspects of the settlement agreement, calculations of individual settlement amounts, notice and consent forms and administration of the settlement, as well as legal research and briefing to request the Court's approval of the settlement. *Id.*

In light of the complexity of the issues; Defendant's tenacious defense; the nearly year-long duration of this case; the extensive discovery conducted and documents reviewed; Plaintiffs' successful Emergency Motion to prevent Defendant's unauthorized attempt to settle several Plaintiffs' claims; the legal research and briefing on the parties' Joint Motion to Approve FLSA Settlement; and the arduous settlement negotiations prior to this case settling, the time and effort that Plaintiffs' counsel expended to represent Plaintiffs effectively and successfully justifies Plaintiffs' 40% fee request.

---

[6] WILLS LAW FIRM, PLLC has also reduced the number of hours commensurate with sanctions previously paid by Defendant for attorneys' fees.

**b.    The Hourly Rates of Plaintiffs' Counsel Are Reasonable.**

The second component of the lodestar calculates fees "according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Tollett*, 285 F.3d at 368. Reasonable hourly rates should be supported with "satisfactory evidence" that the requested rates are in line with those prevailing in the community. *Turner*, 2019 U.S. Dist. LEXIS 243249, at *7. "Satisfactory evidence" demonstrates "that the requested hourly rates [align] with those . . . for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*; *see also Tollett*, 285 F.3d at 368. Firm size "carries little weight" in this analysis. *Miller v. Raytheon Co.*, 3:09–cv–440–O, 2013 WL 6838302, at *9 (N.D. Tex. Dec. 27, 2013); *see also Tollett*, 285 F.3d at 368. Moreover, young attorneys' work "should not be discounted in value simply because the lawyers are young," particularly if the work "is the product of aggressive, able advocates." *Willie M. v. Hunt*, 90 F.R.D. 601, 603 (W.D.N.C. 1981), *aff'd*, 681 F.2d 818 (4th Cir. 1982).

The hourly rates charged by Plaintiffs' counsel are reasonable:

| NAME | RATE |
| --- | --- |
| Rhonda H. Wills (Lead counsel – 30 yrs) | $775 |
| Patrick J. Raspino (Associate – 7 yrs) | $490 |
| Jennifer M. Walker (Associate – 3 yrs) | $390 |

The fee rates requested here are commensurate with previous rates of Plaintiffs' counsel in the Northern District of Texas, which were approved over six years ago in another wage and hour matter. *See Parker, et al., v. Silverleaf Resorts, Inc., et al.*, No. 3:14-cv-02075-B (N.D. Tex. Sept. 7, 2018) (Rhonda H. Wills' rate of $675 per hour and Patrick J. Raspino's rate of $325 per hour approved); *see also* Ex. 11 to Appendix, *Silverleaf*, Declaration of Rhonda H. Wills in Support of

*Silverleaf* Motion for Approval of FLSA Settlement, ECF No. 410-3, ¶ 44 (N.D. Tex. Mar. 9, 2018). Moreover, Plaintiffs' counsel's hourly rates are plainly in line with the hourly rates awarded by other district courts within the Fifth Circuit. *See, e.g.*, *Nassar v. Univ. of Tex. Southwestern Med. Ctr.*, No. 3:08-CV-1337-B, 2010 U.S. Dist. LEXIS 76711, at *15–17 (N.D. Tex. July 27, 2010) (finding in employment law matter that hourly rates between $400 and $750 for attorneys with between 6 and 25 years' experience were reasonable); *Hill v. Schilling*, No. 3:07-CV-2020-L, 2022 U.S. Dist. LEXIS 79790, at *21, *24–25 (N.D. Tex. May 3, 2022) (finding requested hourly rates of $800–$830, $790–$820, and $730 were reasonable for experienced attorneys); *Pulse Supply Chain Sols., Inc. v. Tagliamonte,* No. 3:21-CV-2706-B, 2024 U.S. Dist. LEXIS 167799, at *18–19 (N.D. Tex. July 25, 2024) (noting that courts have found an hourly rate of $700 reasonable for partners with extensive experience in the relevant field); *Olibas v. Native Oilfield Services, LLC*, 104 F. Supp. 3d 791, 810–11 (N.D. Tex. 2015) (in employment litigation, approving hourly rates of $700 for plaintiff's lead counsel and $300–$325 for associates); *Thomas v. Houston Circle of Hope Servs., Inc.*, No. H-20-769, 2023 U.S. Dist. LEXIS 58092, at *3 (S.D. Tex. Mar. 14, 2023) (approving hourly rates of $700 and $450 for plaintiffs' counsel in a FLSA case).[7]

---

[7] *See also Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 906–07 (E.D. Tex. 2017) (approving an hourly rate of $860 for partners and $631 for associates); *Aguayo v. Bassam Odeh, Inc.*, No. 3:13-cv-2951-B, 2016 U.S. Dist. LEXIS 169702, at *44–45 (N.D. Tex. Dec. 8, 2016) (approving hourly rate of $700 for lead counsel and $300–$325 for associates in a FLSA and employment discrimination case); *Calsep A/S v. Intelligent Petro. Software Sols., LLC*, No. 4:19-CV-1118, 2022 U.S. Dist. LEXIS 29438, at *6, *10 (S.D. Tex. Feb. 18, 2022) (finding an hourly rate of $500 for midlevel associate reasonable); *Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, No. 3:16-cv-02355-G-BT, 2021 U.S. Dist. LEXIS 250455, at *14 (N.D. Tex. Dec. 17, 2021) (finding hourly rates ranging from $537 to $862 to be reasonable); *Miniex v. Houston Housing Authority*, No. 4:17-0624, 2019 WL 4920646, at *4 (S.D. Tex. Sept. 13, 2019) (finding hourly rates for plaintiff's counsel of $600, $450, $325, and $375 to be reasonable in employment litigation); *NSEW Holdings LLC v. Wells Fargo Bank, N.A.*, No. 4:15-CV-828, 2017 U.S. Dist. LEXIS 38337, at *22 (E.D. Tex. Mar. 17, 2017) (finding an hourly rate of $325 for an associate reasonable); *Miller v. Raytheon Co.*, 3:09–cv–440–O, 2013 WL 6838302, at *9 (N.D. Tex. Dec. 27, 2013) (finding hourly rate of $685 to be reasonable for plaintiff's lead counsel in employment litigation).

Further, Plaintiffs' counsel are immensely experienced in handling complex wage and hour matters. WILLS LAW FIRM, PLLC specializes in litigating employment matters, particularly FLSA claims. Ex. 1 to Appendix, Wills Decl. ¶¶ 4–11. Attorney Rhonda H. Wills, lead counsel, has practiced law for 30 years with a concentration in employment litigation since she founded WILLS LAW FIRM, PLLC in 2003. *Id.* ¶¶ 4, 6, 8–10. Ms. Wills has successfully resolved a multitude of wage and hour cases, and since 2008, she has appeared as lead counsel in myriad wage and hour matters that have been certified on a state and/or nationwide basis. *Id.* ¶¶ 9–10. The proposed hourly rates for Plaintiffs' counsel are reasonable. *Id.* ¶¶ 19–21.

Plaintiffs' lodestar calculation of $1,613,764.50 evinces a significant devotion of time to reach resolution of this case, and the first *Johnson* factor warrants Plaintiffs' requested attorneys' fee of 40%.

### 2.  Second, Third, and Ninth Factors: Plaintiffs' Counsel's Skill, Knowledge, Reputation, and Experience.

Despite the power disparity between Plaintiffs and Defendant, Plaintiffs' counsel skillfully negotiated a settlement that compensates Plaintiffs for their FLSA claims against Defendant. Here, Plaintiffs are 83 current and former leasing agents who were habitually denied full pay and overtime for all hours that they worked for Defendant. By contrast, Defendant is a nationwide leasing company with significant resources, and Plaintiffs' counsel was required to build a strong case to justify a favorable settlement that financially impacted Defendant. *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, 2020 U.S. Dist. LEXIS 50440, at *21, *25 (E.D. La. Mar. 24, 2020).

The claims and defenses in this matter were complex. There were two sub-classes of plaintiffs, some of which were misclassified and others who worked exclusively off-the-clock. There was also the complexity of obtaining FLSA certification and notice under *Swales v. KLLM*

*Transport Services*, 985 F.3d 430 (5th Cir. 2021). Further, there were nearly 2.2 million pages of documents produced, which included a vast amount of evidence to review, organize, and process.

Plaintiffs successfully obtained a settlement because lead counsel Rhonda H. Wills and WILLS LAW FIRM, PLLC, are well-recognized in wage and hour matters such as this. Ex. 1 to Appendix, Wills Decl. ¶¶ 8–10. Employment law cases are the primary focus of Plaintiffs' counsel's docket. *Id.* Although WILLS LAW FIRM, PLLC is based in Texas, Ms. Wills is licensed in Texas, California and New York, and Plaintiffs' counsel has a national docket of wage and hour cases, in arbitration as well as federal and state courts with litigation across the United States. *Id.* ¶¶ 5, 8–10. The extensive experience of Plaintiffs' counsel in litigating complex nationwide wage and hour disputes merits a 40% fee award.

### 3. Fourth Factor: Preclusion of Other Employment.

Plaintiffs' counsel operates a boutique law firm that specializes in labor and employment matters and devotes significant resources to each case it accepts. Ex. 1 to Appendix, Wills Decl. ¶ 13. Unlike other plaintiffs' litigation firms, WILLS LAW FIRM, PLLC, does not operate as a 'high volume' firm that accepts a large quantity of cases at one time. *Id*. Instead, Plaintiffs' counsel typically focus on and dedicate all workings hours to very few cases at a time, from each case's inception to its conclusion. This was especially true for the instant case against Defendant. Due to the complex nature of the FLSA collective action that Plaintiffs brought against Defendant and the vigorous defense mounted by Defendant, Plaintiffs' counsel was required to fully devote their efforts to this matter. *In re Xarelto*, 2020 U.S. Dist. LEXIS 50440, at *21–22. Plaintiffs' attorneys were required to decline new cases and direct their efforts to obtaining a large settlement for Plaintiffs in this matter. *Id*. In fact, the extensive efforts of Plaintiffs' attorneys in this case prevented them from devoting more time to other matters, which significantly impacted firm

income. *Braud v. Transp. Serv. Co.*, No. 05-1898, 2010 U.S. Dist. LEXIS 93433, at *20 (E.D. La. Aug. 17, 2010). The fourth *Johnson* factor supports Plaintiffs' requested fee of 40% of the gross settlement fund. *Id.*

### 4.    Fifth and Twelfth Factors: Customary Fee and Awards in Similar Cases.

As explained in detail above, Judge Lindsay of the Northern District of Texas has reversed a court order that attempted to reduce a 40% fee award. Additionally, district courts across the Fifth Circuit have approved fee awards equal to 40% of a common settlement fund.[8] Plaintiffs' counsel has recovered a 40% attorneys' fee in other cases with a common settlement fund, including in a FLSA settlement in a multi-million dollar case approved by Fifth Circuit Judge Gregg Costa. Ex. 1 to Appendix, Wills Decl. ¶ 10 (discussing *Edwards, et al. v. KB Home*, Civil Action No. 3:11-cv-00240, In the United States District Court for the Southern District of Texas, Galveston Division (J. Costa)); *see also supra* Section IV(A)(1). Here, the fifth and twelfth *Johnson* factors support Plaintiffs' requested fee of 40% of the gross settlement fund.

### 5.    Sixth Factor: Fixed or Contingent Attorneys' Fee.

Plaintiffs' counsel took this case on a 40% contingency fee arrangement and expended a great deal of their own resources in prosecuting the case—with the very real risk of recovering nothing. Ex. 1 to Appendix, Wills Decl. ¶13. Taking a case on a contingency fee basis with a

---

[8] *E.g.*, *Jasso v. HC Carriers, LLC*, No. 5:20-cv-212, 2022 U.S. Dist. LEXIS 207043, at *21 (S.D. Tex. Oct. 19, 2022), *adopted by* 2022 U.S. Dist. LEXIS 205826 (S.D. Tex. Nov. 14, 2022); *Soto v. Marquez Constr. & Maint.*, No. 20-cv-00101-DC-RCG, ECF No. 34, at p. 4 (W.D. Tex. June 20, 2022), *granted by* ECF No. 35 (W.D. Tex. June 21, 2022); *Hiser v. NZone Guidance, LLC*, No. 1:18-cv-1056-RP, 2021 U.S. Dist. LEXIS 131524, at *7 (W.D. Tex. Jan. 25, 2021); *Fuchs v. B & B Star Air Duct & HVAC*, No. 1:20-cv-319-RP, 2021 U.S. Dist. LEXIS 125723, at *4 (W.D. Tex. Jan. 7, 2021); *Blackburn v. Conduent Commer. Sols. LLC*, No. 1:19-CV-1229-RP, 2020 U.S. Dist. LEXIS 255284, at *7 (W.D. Tex. Dec. 22, 2020); *Miller v. MV Transp., Inc.*, No. 1:18-cv-538-RP, 2020 U.S. Dist. LEXIS 262657, at *8 (W.D. Tex. Nov. 3, 2020); *Guadalupe v. Am. Campus Cmtys. Servs.*, No. 1:16-cv-967-RP, 2020 U.S. Dist. LEXIS 259660, at *6 (W.D. Tex. Oct. 23, 2020); *Singer v. Wells Fargo Bank, N.A.*, No. 5:19-cv-00679-JKP-ESC, 2020 U.S. Dist. LEXIS 256111, at *31 (W.D. Tex. July 14, 2020); *Hamilton v. Enersafe, Inc.*, No. 5:15-CV-965-JKP, 2020 U.S. Dist. LEXIS 259520, at *11 (W.D. Tex. Feb. 7, 2020); *Sarabia v. Spitzer Indus.*, No. 4:17-cv-2092, 2018 U.S. Dist. LEXIS 197062, at *11 (S.D. Tex. Nov. 19, 2018); *Matthews v. Priority Energy Servs., LLC*, No. 6:15-cv-448, 2018 U.S. Dist. LEXIS 82716, at *3–5 (E.D. Tex. Apr. 20, 2018); *Vassallo v. Goodman Networks, Inc.*, No. 4:15CV97-LG-CMC, 2016 U.S. Dist. LEXIS 142379, at *10, *17 (E.D. Tex. Oct. 13, 2016).

significant risk of recovering nothing is a factor that weighs in favor of supporting a 40% fee. *Jasso v. HC Carriers, LLC*, No. 5:20-CV-212, 2022 U.S. Dist. LEXIS 207043, at *16–21 (S.D. Tex. Oct. 19, 2022) ("[C]lass counsel entered into a contingency fee agreement with Plaintiff. That is to say, class counsel took on a substantial risk by agreeing to litigate this case because they incurred the upfront costs with no guarantee that their clients would ever receive an award from which they would take a cut. Thus, this factor supports the agreed-upon award of 40% of the gross settlement amount.").

The Fifth Circuit has recognized that contingency fees are desirable because they result in predicable outcomes, encourage settlement, and reduce incentives for protracted litigation. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643–44 (5th Cir. 2012). Plaintiffs' counsel have prosecuted this case for nearly a year and have paid the costs and expenses of the case up front. Ex. 1 to Appendix, Wills Decl. ¶ 13. Plaintiffs' counsel have foregone accepting other cases in order to handle this case. *Id.* ¶¶ 13, 16.

Here, class counsel entered into a contingency fee agreement with Plaintiffs. That is to say, class counsel took on a substantial risk by agreeing to litigate this case because they incurred the upfront costs with no guarantee that their clients would ever receive an award from which they would take a cut. Thus, this factor supports the agreed-upon award of 40% of the gross settlement amount. *Jasso*, 2022 U.S. Dist. LEXIS 207043, at *16–21. Because Plaintiffs' counsel adhered to the Fifth Circuit's preference and took this case on contingency fee basis, the sixth *Johnson* factor warrants Plaintiffs' requested attorneys' fee of 40% of the gross settlement fund.

**6.    Seventh Factor: Time Limits.**

The nature of FLSA cases requires an adherence to strict deadlines. For example, FLSA claims have a two or three year 'look back' statute that may expire if a plaintiff does not receive

notice and an opportunity to opt-in and preserve his/her claim. Accordingly, Plaintiffs' counsel adhered to strict deadlines throughout the entirety of this case to expedite providing notice to class members before expiration of the statute of limitations for aggrieved workers.

Another example of the need to respond on an expedited basis involved Defendant's attempt to circumvent the Court's authority and obtain statements/waivers from putative class members. Defendant presented several Plaintiffs and other members of the putative class with "Voluntary Statements" that effectively proposed a private settlement of FLSA claims without Court approval. Ex. 1 to Appendix, Wills Decl. ¶ 12; *see also* Joint Report on Plaintiffs' Emergency Motion for Protective Order and Relief, ECF No. 41-1 (Apr. 29, 2024) ("Emergency Motion"). Plaintiffs' counsel worked quickly and promptly filed an extensive Emergency Motion just five days after Defendant sent out the unauthorized and illegal Agreements. Ex. 1 to Appendix, Wills Decl. ¶ 12; *see also* Emergency Motion, ECF No. 41-1 (Apr. 29, 2024); Ex. 1 to Emergency Motion, ECF No. 42-1, at p. 1. The seventh *Johnson* factor supports approving the Parties' settlement, including the provision for Plaintiffs' attorneys' fees.

**7.    Eighth Factor: The Amount Involved and the Result Obtained.**

In the Fifth Circuit, "the most critical factor in determining a fee award is the degree of success obtained." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). Here, the degree of success is extremely high. Plaintiffs' attorneys have garnered a highly beneficial settlement on behalf of Defendant's current and former leasing agents. This settlement puts meaningful relief into the hands of the 83 employees who worked for Defendant as Leasing Agents or Regional Leasing Agents at any point between July 25, 2021, and July 25, 2024. By any measure, a $5 million settlement for a class of 83 workers is substantial. The settlement agreement in this matter specifically provides that all 83 leasing agents will receive significant settlements. In this

settlement, Plaintiffs recovered a multimillion dollar settlement from Defendant, a nationwide leasing company with significantly more resources than Plaintiffs. Because the degree of success obtained is "the most critical factor" in the *Johnson* analysis,[9] an attorneys' fee of 40% of the gross settlement fund is supported by this *Johnson* factor.

> **8.    Tenth Factor: Undesirability of the Case.**

As a small firm that takes a limited number of cases, Plaintiffs' counsel faced considerable economic risks by bringing this case. Ex. 1 to Appendix, Wills Decl. ¶¶ 12–13. As of this filing, Plaintiffs' counsel have advanced thousands of dollars in litigation expenses for this matter, and they have expended a great deal of time on this case as well—all with a risk of no recovery. *Id.* ¶¶ 20, 23. Further, several members of the proposed collective action had relatively small individual claims which would have made individual cases against a large defendant infeasible. *In re Educ. Testing Serv. Praxis Principles of Learning: Grades 7-12 Litig.*, 447 F. Supp. 2d 612, 632 (E.D. La. 2006) ("*In re Educ. Testing Serv.*").

Further, this case settled prior to certification and issuance of notice to all current and former leasing agents who worked for Defendant between July 25, 2021, and July 25, 2024. Certification of a collective action and authorization of notice to the putative class was not guaranteed pursuant to the Fifth Circuit's decision in *Swales v. KLLM Transport Services*, 985 F.3d 430 (5th Cir. 2021), suggesting that "there was a serious risk that a class would not be certified." *In re Educ. Testing Serv.*, 447 F. Supp. 2d at 632. Without certification, the size of the case and potential recovery would be severely reduced. Because the Plaintiffs' FLSA claims faced several hurdles and a risk of non-recovery, the tenth *Johnson* factor supports the requested fee award of 40%.

---

[9] *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003).

**D.      Plaintiffs' Counsel's 1.24 Multiplier is Well Within the Acceptable Range.**

The Fifth Circuit has recognized that, in cases which allocate a common fund to a settlement class, that courts have the flexibility to calculate—or approve the apportionment of—attorney's fees by using the lodestar method or the percentage method. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 644 (2012) ("We join the majority of circuits in allowing our district courts the flexibility to choose between the percentage and lodestar methods in common fund cases, with their analyses under either approach informed by the *Johnson* considerations."). When using the percentage method, the court must still decide whether the amount should be adjusted upward or downward by looking to twelve factors articulated in *Johnson*, 488 F.2d at 717–18.

As noted by Judge Fitzwater in *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632 (N.D. Tex. 2010), "[t]he purpose of a lodestar cross-check of the results of a percentage fee award is to avoid windfall fees, i.e., to ensure that the percentage approach does not lead to a fee that represents an extraordinary lodestar multiple." *Id*. at 680 (citing *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 751 (S.D. Tex. 2008)). In *Klein*, Judge Fitzwater applied a multiplier of 2.5 resulting in a fee award of $27,852,500 (i.e., 2.5 x $11,141,000), finding that "[m]ultipliers in this range are not uncommon in class action settlements." *Id*.; *see also Forbush v. J.C. Penney Co.*, 98 F.3d 817, 824 (5th Cir. 1996) (affirming district court's use of multiplier of two); *Vaughn v. Am. Honda Motor Co.*, 627 F. Supp. 2d 738, 751 (E.D. Tex. 2007) (applying a multiplier of 2.26); *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 869 (E.D. La. 2007) ("[T]he Court finds that a lodestar multiplier range of 2.5 to 3.5 would be appropriate and reasonable in this case."); *In re Combustion, Inc.*, 968 F. Supp. 1116, 1133 (W.D. La. 1997) ("Multipliers ranging from one to four frequently are awarded in common fund cases when the lodestar method is applied."); *Garza v. Sporting Goods Props., Inc.*, No. SA-93-CA-1082, 1996 U.S. Dist. LEXIS

2009, at *119 (W.D. Tex. Feb. 6, 1996) ("The range of multipliers in large and complicated class actions have ranged from 2.26 to 4.5."). Ultimately, Judge Fitzwater determined that "a multiplier of 2.5 would be warranted due to the risks entailed in this lawsuit and the zealous efforts of the attorneys that resulted in a significant recovery for the class." *Klein*, 705 F. Supp. 2d at 680.

In using the lodestar method, courts typically apply multipliers ranging from one to four. *Di Giacomo v. Plains All Am. Pipeline*, Nos. H-99-4137, H-99-4212, 2001 U.S. Dist. LEXIS 25532, at *32–33 (S.D. Tex. Dec. 18, 2001); *Regmund v. Talisman Energy USA, Inc.*, No. 4:16-cv-02960, 2021 U.S. Dist. LEXIS 92346, at *10–11 (S.D. Tex. May 12, 2021) (approving a multiplier of 2.1 in a contingency fee class action case with a common settlement fund noting that "[m]ultipliers ranging from one to four frequently are awarded in common fund cases when the lodestar method is applied.").

The multiplier can, of course, far exceed that number. *Di Giacomo*, 2001 U.S. Dist. LEXIS 25532, at *32–33 (finding a 5.3 multiplier acceptable); *In re Enron Corp. Secs., Derivatives, & ERISA Litig.*, 586 F. Supp. 2d 732, 803 (S.D. Tex. 2008) (approving a multiplier of 5.2). For example, in *Di Giacomo*, the court approved a 5.3 multiplier noting that, "[i]n contingency fee cases, a multiplier reflects the possibility of no recovery. Because counsel prosecuted this action on a contingent fee basis, this court appropriately focuses on the extent of the risk and the results obtained. An undue emphasis on the number of hours spent on a contingency fee case would penalize counsel for obtaining an early settlement and could distort the value of the attorneys' services." *Di Giacomo*, 2001 U.S. Dist. LEXIS 25532, at *32–33.

Here, the multiplier is **1.24**, which is within the low range of acceptable multipliers of one to four, or more. Plaintiffs' counsel's lodestar is $1,613,764.50, which constitutes a 1.24 multiplier based on the requested 40% contingent fee of $2,000,000. Accordingly, in using either the

percentage method or lodestar method when cross-checked with the *Johnson* factors, Plaintiffs' counsel's fee request is reasonable.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court approve the Parties' Joint Motion for Approval of FLSA Settlement and award 40% of the gross settlement fund as reasonable attorneys' fees of WILLS LAW FIRM, PLLC.

DATED: November 15, 2024                Respectfully submitted,

                                        */s/ Rhonda H. Wills*
                                        Rhonda H. Wills
                                        Attorney-in-Charge
                                        Texas Bar No. 00791943
                                        Patrick J. Raspino
                                        Texas Bar No. 24105976
                                        WILLS LAW FIRM, PLLC
                                        1776 Yorktown, Suite 570
                                        Houston, Texas 77056
                                        Telephone: (713) 528-4455

                                        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that the foregoing document has been electronically filed with the clerk of the Court by using the CM/ECF system, which will in turn send a notice of the electronic filing to all counsel of record, on this 15th day of November, 2024.

*/s/ Rhonda H. Wills*

Rhonda H. Wills