# EXHIBIT 1

App. 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY PLUNKETT, et al., | § | |
| | § | |
| Plaintiffs, | § | Civil Action No.: 3:23-cv-02684-L-BN |
| | § | |
| v. | § | |
| | § | COLLECTIVE ACTION |
| FIRSTKEY HOMES, LLC, | § | |
| | § | |
| Defendant. | § | (JURY TRIAL) |
| | § | |

## DECLARATION OF RHONDA H. WILLS

Pursuant to 28 U.S.C. § 1746, I state under penalty of perjury that the following is true and correct:

1.      My name is Rhonda H. Wills. I am over the age of eighteen years, capable of making this Declaration, and fully competent to testify to the matters stated herein due to my position, experience, and personal knowledge. I have personal knowledge of the facts stated, and they are true.

2.      I was retained, along with my law firm (WILLS LAW FIRM, PLLC) by Plaintiffs Jeffrey Plunkett and Ethel June Maranan to represent them individually and on behalf of all others similarly situated (collectively, "Plaintiffs") in the above-referenced matter. I am lead counsel on behalf of Plaintiffs in this matter. I have been assisted in my representation of Plaintiffs by my co-counsel, associate attorneys Patrick J. Raspino and Jennifer M. Walker of WILLS LAW FIRM, PLLC.

3.      I make this declaration in support of Plaintiffs' Supplemental Motion for Approval of FLSA Settlement.

1

**App. 2**

**Experience and Qualifications**

4.      I am the founding member of WILLS LAW FIRM, PLLC. I am a 1994 graduate of the University of Texas School of Law, and I have a B.B.A. in international business from the University of Texas at Austin. I have been licensed to practice in Texas since 1994, and since that time I have been a member of the State Bar of Texas in good standing. I am also admitted and licensed to practice law in New York and California, and I am a member of the State Bar of New York and the State Bar of California in good standing.

5.      I am admitted to practice before all California, New York, and Texas state courts, the Central District of California, the Northern District of California, the Southern District of New York, the Southern District of Texas, the Northern District of Texas, the Western District of Texas, the Fifth Circuit Court of Appeals, the Ninth Circuit Court of Appeals, and the United States Supreme Court.  I have also appeared *pro hac vice* as lead counsel in cases pending in the District of New Jersey and the District of Kansas.  I have also acted as lead counsel in employment arbitration matters in Texas, California, New York, New Jersey, Florida, Georgia, and North Carolina.

6.      Before founding WILLS LAW FIRM, PLLC in 2003, I practiced at VINSON & ELKINS, LLP for almost 8 years following a one-year judicial clerkship with the Supreme Court of Texas as a briefing attorney.

7.      While at VINSON & ELKINS, LLP, I handled complex class actions representing defendants in various jurisdictions, including Texas, South Carolina, Tennessee, New Jersey, Florida, Alabama, the U.S. Virgin Islands, and Canada. Further, I was a senior member of the litigation team involved in representing an international company in conjunction with a $1 billion class action settlement fund.

2

**App. 3**

8.      In the past 30 years of practicing law, among other things, I have specialized in employment litigation and complex multi-party litigation, including national and statewide class actions and collective actions brought under the Fair Labor Standards Act ("FLSA"). I have also received numerous accolades, including providing commentary as a legal expert on CNN and being named by Black Enterprise magazine as one of the top 10 female attorneys in the nation in 2016.

9.      At WILLS LAW FIRM, PLLC, I have focused my practice on representing plaintiffs in nationwide and statewide FLSA collective actions and class actions. I have successfully resolved multiple cases that have been certified by federal courts on a nationwide and statewide basis. Since 2008, I have appeared as lead counsel in numerous wage and hour matters in arbitration proceedings and federal and state courts nationwide, including matters that have been certified on a state and/or nationwide basis. I was appointed Lead Counsel in a multi-district litigation ("MDL") nationwide collective action involving tens of thousands of class members. I also currently have or have previously had wage and hour matters filed before judges in the Central District of California, the Northern District of California, the Southern District of Texas, the Northern District of Texas, the Western District of Texas, the Southern District of New York, the District of New Jersey, the District of Kansas, and Los Angeles Superior Court. I have also acted as lead counsel in jury trials of wage and hour cases in federal courts and in arbitration proceedings.

10.      In wage and hour cases, we are routinely awarded a 40% contingency by Texas district courts, although most of the cases are settled on a confidential basis and the settlement terms are not disclosed in the record.  A list of some of the wage and hour matters in which we have recovered a 40% or greater fee from a common settlement fund in Texas district courts include the following:

3

**App. 4**

- *Edwards, et al. v. KB Home, et al.*, Civil Action No. 3:11-cv-00240, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Costa). Plaintiffs' counsel received attorneys' fees equal to 40% of the gross settlement fund.

- *Bejenaru, et al v. KB Home, et al.*, Civil Action No. BC521236, In the Superior Court of the State of California, County of Los Angeles, Civil Central West (California wage and hour class action) (J. Jones); transferred to the Southern District of Texas and consolidated with *Edwards*, Judge Gregg Costa sitting by designation. Plaintiffs' counsel received attorneys' fees equal to 40% of the gross settlement fund.

- *Salto, et al., v. Ameripro Funding, Inc.*, Civil Action No. 1:11-cv-00289-SS, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Sparks).

- *Bethea, et al., v. 360 Mortgage Group, LLP*, Civil Action No. 1:11-cv-00921-SS, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Sparks).

- *Mote v. Perry Homes, A Joint Venture, et al.*, Civil Action No. 1:10-cv-00553-LY, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Yeakel).

- *McNeill, et al., v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-cv-01400, In the United States District Court for the Southern District of Texas, Houston Division (FLSA violations re Wells Fargo tellers) (confidential settlement) (J. Rosenthal).

- *McNeill, et al., v. Wachovia Corporation, et al.*, Civil Action No. 4:11-cv-01401, In the United States District Court for the Southern District of Texas, Houston Division (FLSA

4

violations re Wachovia tellers) (confidential settlement) (J. Miller).

- *Richardson, et al., v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-cv-00738, In the United States District Court for the Southern District of Texas, Houston Division (off-the-clock FLSA violations re Wells Fargo personal bankers) (confidential settlement) (J. Atlas).

- *Canela, et al., v. HEB Grocery Company, LP, et al.*, Civil Action No. 1:10-cv-00788-LY, In the United States District Court for the Western District of Texas, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel).

- *Fructuoso, et al., v. HEB Grocery Company, LP, et al.*, Civil Action No. 1:10-cv-00951-LY, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action) (confidential settlement) (J. Yeakel).

- *Rueda, et al., v. Tecon Services, Inc.*, Civil Action No. 4:10-cv-04937, In the United States District Court for the Southern District of Texas, Houston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Rosenthal).

- *Willis, et al., v. Perry Homes, et al.*, Civil Action No. 1:09-cv-00799-LY, In the United States District Court for the Western District of Texas, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel).

- *Sandberg, et al., v. Perry Homes, et al.*, Civil Action No. 1:09-cv-00763-LY, In the United States District Court for the Western District of Texas, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel).

- *Gillum, et al., v. Acuity Hosp. of Houston, LP*, Civil Action No. 4:11-cv-00391, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action re healthcare workers) (confidential settlement) (J. Atlas).

5

- *Lipnicki, et al., v. Meritage Homes Corporation, et al.*, Civil Action No. 3:10-cv-00605, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Costa).

- *White-Yeldell, et al. v. Lennar Corporation, et al.*, Civil Action No. 4:08-cv-03743, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Gilmore).

- *Carter, et al., v. Lennar Corporation, et al.*, Civil Action No. 4:08-cv-03790, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Atlas).

- *Sam, et al., v. Lennar Corporation, et al.*, Civil Action No. 4:09-cv-00565, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Ellison).

- *Ramirez, et al., v. Gigi Huang Restaurant, Ltd, et al.*, Civil Action No. 4:09-cv-02649, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Miller).

- *Switzer, et al., v. Wachovia Corporation, et al.*, Civil Action no. 4:11-cv-01604, In the United States District Court for the Southern District of Texas, Houston Division (FLSA off-the-clock violations re Wachovia financial specialists) (J. Atlas).

- *Parker, et al., v. Silverleaf Resorts, Inc., et al.*, Civil Action No. 3:14-cv-02075-B, In the United States District Court for the Northern District of Texas, Dallas Division (FLSA collective action and Rule 23 class action settlement) (J. Boyle). Plaintiffs' counsel received attorneys' fees equal to 40% of the gross settlement fund.

- *Freeman, et al. v. Progress Residential Property Manager, LLC*, Civil Action No. 3:16-

cv-00356, In the United States District Court for the Southern District of Texas, Galveston Division (FLSA collective action settlement) (J. Hanks). Plaintiffs' counsel received attorneys' fees equal to 40% of the gross settlement fund.

- *Gutierrez, et al., v. I. Kunik Company*, Civil Action No. 7:15-cv-00225, In the United States District Court for the Southern District of Texas, McAllen Division, (FLSA collective action settlement) (J. Crane). Plaintiffs' counsel received attorneys' fees equal to 62.5% of the gross settlement fund.

11.    As the lead attorney in this matter, I have been assisted by others from my law firm in the prosecution of this matter, including associate attorneys Patrick J. Raspino and Jennifer M. Walker. Mr. Raspino is a 2015 graduate of South Texas College of Law Houston, and he is a member of the State Bar of Texas in good standing. Mr. Raspino is admitted to practice before all Texas state courts, the Southern District of Texas, and the Northern District of Texas. Prior to law school, Mr. Raspino obtained a Bachelor of Arts degree in government and Spanish from The University of Texas at Austin. Mr. Raspino has extensive experience in representing clients in wage and hour litigation at WILLS LAW FIRM, PLLC. Prior to joining WILLS LAW FIRM, PLLC in 2014, Mr. Raspino served as a judicial intern for the First Court of Appeals of Texas. Ms. Walker is a 2021 graduate of University of Houston Law Center, and she is a member of the State Bar of Texas in good standing. Prior to law school, Ms. Walker obtained a Bachelor of Arts degree in political science and history from West Virginia University. Ms. Walker has experience in representing clients in wage and hour litigation at WILLS LAW FIRM, PLLC.

**The Fee Request from Plaintiffs' Counsel Is Fair and Reasonable.**

12.    We spent significant time investigating and developing this case even before filing suit. The demands of this litigation, including the complexity of the factual and legal issues

7

involved and the various defenses mounted by Defendant, have required a considerable investment of time and resources by Plaintiffs' counsel. Among other tasks, we reviewed and analyzed nearly 2.2 million pages of documents obtained in discovery from Defendant, including, but not limited to, years of Plaintiffs' work e-mails, telephone records, pay records, sales training materials, corporate policies and handbooks, and personnel documents, among others; and drafted and responded to multiple sets of discovery. We also prepared for depositions of key witnesses, including Defendant's corporate representative, pursuant to Federal Rule of Civil Procedure 30(b)(6); Plaintiff Ethel June Maranan; and Plaintiff Jeffrey Plunkett. Further, Plaintiffs' counsel responded to client communications and inquiries; prepared damage calculations; prepared to file a motion for certification of a collective action; conducted settlement efforts; and litigated this matter for nearly a year prior to a mediator's proposal and settlement. Moreover, Plaintiffs' attorneys successfully prepared complex and comprehensive briefing to address Defendant's dissemination of "Voluntary Statements" to several Plaintiffs and putative class members that illegally purported to settle FLSA claims. If the Court approves the settlement, Plaintiffs' counsel will further expend extensive time in order to complete and finalize the settlement including working with the claims administrator, communicating with class members, filing consents, and ultimately preparing the appropriate documents to dismiss this action.

13.    This matter has required a considerable investment of time and resources by WILLS LAW FIRM, PLLC, a boutique law firm that specializes in labor and employment matters. WILLS LAW FIRM, PLLC, maintains a limited docket of cases in order to devote significant time and resources to each case that it accepts. Unlike other plaintiffs' litigation firms, WILLS LAW FIRM, PLLC, does not operate as a 'high volume' firm that accepts a large quantity of cases at one time. Instead, we typically focus on and dedicate all workings hours to very few cases at a time, from

**App. 9**

each case's inception to its conclusion. WILLS LAW FIRM, PLLC undertook this matter on a 40% contingency fee basis. This matter has at all times been pursued on a fully contingent basis. Plaintiffs' counsel has expended substantial time, litigation expenses, and costs in litigating this matter. Plaintiffs' counsel's representation has been ongoing for nearly a year since Plaintiff Jeffrey Plunkett retained WILLS LAW FIRM, PLLC in November of 2023, and has required my firm to forego other work and to advance significant litigation expenses.

14.    The degree of success here is high because Defendant vehemently denied that Plaintiffs were improperly paid, underpaid, or that any alleged damages are owed, and Plaintiffs have litigated this matter for nearly a year. Additionally, WILLS LAW FIRM, PLLC has a years-long professional relationship with several named and opt-in Plaintiffs, including Jeffrey Plunkett, Ethel June Maranan, Felicia Sharp, and Angel Wiggins. After achieving favorable results for these Plaintiffs in other matters, Plaintiffs selected WILLS LAW FIRM, PLLC, to represent them in this matter as well.

15.    Based on my professional experience, WILLS LAW FIRM, PLLC's requested percentage of 40% of the gross settlement fund is fair and reasonable and is commensurate with the percentage fee award in other FLSA common fund settlements within the Fifth Circuit.

16.    Based on my professional experience, WILLS LAW FIRM, PLLC's billing rates are fair and reasonable and are commensurate with hourly rates of lawyers with similar experience handling similar litigation matters.

17.    Based on my professional experience, a reasonable rate for my work in this case, for an attorney of similar skill and experience performing similar work in this community is at least $775 per hour. In my experience, equity partners at large firms including individuals with as little as 8–10 years of experience earn comparable rates as compared to my 30 years of experience.

Moreover, though I am with a small firm, I started my career by spending several years with a large firm (VINSON & ELKINS, LLP). In addition, I have extensive experience and expertise as a lawyer in wage and hour matters. The skill required to perform the legal services provided by me is that of a trial attorney employed as a senior equity partner experienced in the development and presentation of a case similar to this matter. The time I spent working on this case was time that I otherwise could have spent earning hourly fees or contingent fees in other matters, or developing additional business. In performing contingent fee work in the past, my firm has earned, in certain cases, several thousand dollars per hour.

18.    Likewise, based on my professional experience, a reasonable hourly rate for associate attorney Patrick J. Raspino is at least $490 per hour, and a reasonable hourly rate for associate attorney Jennifer M. Walker is at least $390 per hour.

19.    After the exercise of considerable billing judgment, WILLS LAW FIRM PLLC has devoted 2,801.5 hours of professional time to the prosecution of this matter.

20.    Based on the hourly rates regularly charged by my firm, the lodestar value of WILLS LAW FIRM, PLLC's time is $1,613,764.50. WILLS LAW FIRM, PLLC's lodestar is calculated by multiplying its hours worked on this case by the attendant hourly rates. The hours, attendant rates and lodestar for WILLS LAW FIRM, PLLC in this matter are as follows:

| NAME | RATE | HOURS | LODESTAR |
|------|------|-------|----------|
| Rhonda H. Wills (Lead counsel) | $775 | 1072.7 | $831,342.50 |
| Patrick J. Raspino (Associate) | $490 | 1081.9 | $530,131.00 |
| Jennifer M. Walker (Associate) | $390 | 646.9 | $252,291.00 |

*See* Ex. A.

21.    The lodestar calculations were compiled from time records regularly prepared and

maintained by WILLS LAW FIRM, PLLC in the ordinary course of business. My firm, including myself and Mr. Raspino and Ms. Walker, have performed substantial work on behalf of Plaintiffs in this case. All of the services performed by WILLS LAW FIRM, PLLC were reasonably necessary in the prosecution of this action. The time reflected therein was reasonable and necessary to the representation of Plaintiffs in this case. Allocation of work by experience level was also reasonable given the experience level of the attorneys involved and the tasks they performed.

22.     Through the exercise of billing judgment, the amount of billing time for WILLS LAW FIRM, PLLC was reduced, resulting in a voluntary reduction of attorneys' fees sought. These excluded hours include unproductive or unnecessarily duplicative work, such as time spent conferring with co-counsel.

23.      Attached as Exhibit 2 is a true and correct copy of *Parker, et al., v. Silverleaf Resorts, Inc., et al.*, No. 3:14-cv-02075-B, Joint Motion for Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Settlement, ECF No. 410 (N.D. Tex. Mar. 9, 2018) ("*Silverleaf* Motion for Approval of FLSA Settlement").

24.     Attached as Exhibit 3 is a true and correct copy of Order Granting *Silverleaf* Motion for Approval of FLSA Settlement, ECF No. 423 (N.D. Tex. May 10, 2018).

25.     Attached as Exhibit 4 is a true and correct copy of Order Granting Final Approval of Rule 23 Class Settlement in *Silverleaf*, ECF No. 432 (N.D. Tex. Sept. 7, 2018).

26.     Attached as Exhibit 5 is a true and correct copy of *Edwards v. KB Home*, No. 3:11-cv-00240, Motion for Final Approval of Rule 23 Settlement, ECF No. 274 (S.D. Tex. Aug. 25, 2016) ("*Bejenaru* Motion for Final Approval of Rule 23 Settlement") (requesting 40% of gross settlement fund for attorneys' fees to WILLS LAW FIRM, PLLC).

11

27.     Attached as Exhibit 6 is a true and correct copy of Order Granting *Bejenaru* Motion for Final Approval of Rule 23 Settlement, ECF No. 277 (S.D. Tex. Sept. 15, 2016).

28.     Attached as Exhibit 7 is a true and correct copy of *Freeman v. Progress Residential Prop. Manager, LLC*, No. 3:16-cv-00356, Joint Motion to Approve Confidential FLSA Settlement, ECF No. 170 (S.D. Tex. Mar. 28, 2019).

29.     Attached as Exhibit 8 is a true and correct copy of *Freeman*, Order Granting Joint Motion to Approve Confidential FLSA Settlement, ECF No. 172 (S.D. Tex. Mar. 29, 2019).

30.     Attached as Exhibit 9 is a true and correct copy of *Gutierrez v. I. Kunik Co.*, No. 7:15-cv-00225, Joint Motion to Approve FLSA Settlement, ECF No. 84 (S.D. Tex. Feb. 20, 2019).

31.     Attached as Exhibit 10 is a true and correct copy of *Gutierrez*, Order Granting Joint Motion to Approve FLSA Settlement, ECF No. 85 (S.D. Tex. Feb. 25, 2019).

32.     Attached as Exhibit 11 is a true and correct copy of *Silverleaf*, Declaration of Rhonda H. Wills in Support of Silverleaf Motion for Approval of FLSA Settlement, ECF No. 410-3 (N.D. Tex. Mar. 9, 2018).


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed:  November 15, 2024

Rhonda H. Wills

12

**App. 13**

# EXHIBIT A

## to

## Declaration of Rhonda H. Wills

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

**Timekeeper: Rhonda H. Wills**
**Rate: $775/hour**

| Task | Date | Time |
|---|---|---|
| Preliminary research, calls, and investigation of case prior to filing | 3/20/2023 - 12/5/2023 | 35.0 |
| Review, revise and file Plaintiff's Original Complaint, Civil Case Cover Sheet, Notice of Consent of Jeffrey Plunkett, Certificate of Interested Persons/Disclosure Statement by Plaintiff Jeffrey Plunkett | 12/5/2023 | 7.8 |
| Review Notice of Right to Proceed Before Magistrate Judge | 12/5/2023 | 0.2 |
| Conference with Kobby Warren and follow-up regarding same | 12/6/2023 | 1.5 |
| Review Summons Issued to FirstKey Homes, LLC | 12/7/2023 | 0.1 |
| Conference with Kobby Warren regarding retainment of local counsel | 12/7/2023 | 0.3 |
| Review and analyze completed new client paperwork for Tiana Cunningham | 12/11/2023 | 0.2 |
| Review and analyze completed new client paperwork for Geonvante Ball | 12/11/2023 | 0.2 |
| Review and analyze completed new client paperwork for Latriece Powell | 12/11/2023 | 0.2 |
| Review and analyze completed new client paperwork for Joseph Grimes | 12/11/2023 | 0.2 |
| Prepare for and attend conference with Ethel June Maranan regarding FirstKey wage and hour issues and follow-up regarding same | 12/11/2023 | 2.4 |
| Review and analyze completed new client paperwork for Ethel June Maranan | 12/11/2023 | 0.2 |
| File Notice of Filing Additional Notice of Consent and Notice of Consent of Geonvante Ball | 12/11/2023 | 0.1 |
| File Notice of Filing Additional Notice of Consent and Notice of Consent of Tiana Cunningham | 12/11/2023 | 0.1 |
| File Notice of Filing Additional Notice of Consent and Notice of Consent of Joseph Grimes | 12/11/2023 | 0.1 |
| File Notice of Filing Additional Notice of Consent and Notice of Consent of Ethel June Maranan | 12/11/2023 | 0.1 |
| File Notice of Filing Additional Notice of Consent and Notice of Consent of Latriece Powell | 12/12/2023 | 0.1 |
| File Notice of Filing Additional Notice of Consent and Notice of Consent of Felicia Sharp | 12/12/2023 | 0.1 |
| File Summons Returned Executed as to FirstKey Homes LLC | 12/12/2023 | 0.1 |
| Review and analyze correspondence from John Koenig regarding representation of FirstKey Homes | 12/21/2023 | 0.1 |
| Review Notice of Attorney Appearance by Benjamin T Pendroff | 12/26/2023 | 0.1 |
| Review Notice of Attorney Appearance by Kathleen Marie Anderson | 12/27/2023 | 0.1 |

**App. 15**

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze Motion for Initial Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint and Proposed Order | 1/2/2024 | 1.2 |
| Review and analyze Certificate of Interested Persons/Disclosure Statement by Defendant FirstKey Homes, LLC | 1/2/2024 | 0.2 |
| Review and analyze correspondence from Kathleen Anderson | 1/2/2024 | 0.6 |
| Review and analyze completed new client paperwork for Nicole Torres | 1/3/2024 | 0.2 |
| File Notice of Filing Additional Notice of Consent and Notice of Consent of Nicole Torres | 1/3/2024 | 0.1 |
| Review, revise, and file Plaintiff's Motion for Default Judgment and Proposed Order | 1/4/2024 | 0.5 |
| Review correspondence with chambers regarding Proposed Order submitted with ECF No. 17 – Plaintiff's Motion for Default Judgment | 1/4/2024 | 0.1 |
| Review and analyze Defendant's Response in Opposition to Plaintiff's Motion for Default Judgment | 1/5/2024 | 1.6 |
| Review and analyze Defendant's Answer to Plaintiff's Original Complaint | 1/5/2024 | 3.5 |
| Review and analyze Notice of Attorney Appearance of Victor D. Vital | 1/5/2024 | 0.1 |
| Review and analyze research regarding FLSA certification post-Swales | 1/8/2024 | 10.8 |
| Review and analyze research regarding FLSA certification post-Swales | 1/9/2024 | 11.1 |
| Review and analyze research regarding FLSA certification post-Swales | 1/10/2024 | 9.2 |
| Review and analyze research regarding FLSA certification post-Swales | 1/11/2024 | 9.7 |
| Review and analyze Order Granting Motion for Extension of Time to File Answer and Denying Motion for Default Judgment | 1/11/2024 | 0.6 |
| Review and analyze Order Requiring Attorney Conference and Status Report | 1/12/2024 | 0.8 |
| Review and analyze research regarding FLSA certification post-Swales | 1/12/2024 | 9.5 |
| Review and analyze research regarding FLSA certification post-Swales | 1/15/2024 | 9.2 |
| Review correspondence with opposing counsel requesting conference pursuant to Order Requiring Attorney Conference and Status Report | 1/16/2024 | 0.2 |
| Review and analyze research regarding FLSA certification post-Swales | 1/16/2024 | 9.8 |
| Review correspondence with opposing counsel regarding conference pursuant to Order Requiring Attorney Conference and Status Report | 1/17/2024 | 0.2 |
| Review and analyze research regarding FLSA certification post-Swales | 1/17/2024 | 9.5 |

**App. 16**

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze completed new client paperwork for Nataly Sevilla | 1/19/2024 | 0.2 |
| File Notice of Filing Additional Notice of Consent and Notice of Consent of Nataly Sevilla | 1/19/2024 | 0.1 |
| Review and analyze completed new client paperwork for Angel Wiggins | 1/20/2024 | 0.2 |
| File Notice of Filing Additional Notice of Consent and Notice of Consent of Angel Wiggins | 1/20/2024 | 0.1 |
| Review and analyze Order Referring Case to Magistrate Judge David L. Horan | 1/23/2024 | 0.1 |
| Prepare for and attend Rule 26 conference with opposing counsel | 1/23/2024 | 3.6 |
| Review and analyze research regarding jury waivers | 1/25/2024 | 8.5 |
| Review and revise Plaintiff's First Set of Requests for Production of Documents | 1/25/2024 | 4.4 |
| Review correspondence regarding Plaintiffs' First Set of Requests for Production of Documents to Defendant | 1/25/2024 | 0.1 |
| Review and analyze research regarding jury waivers | 1/26/2024 | 8.2 |
| Review and analyze Standing Order on Filing Materials Under Seal, Standing Order on Requests for Hearings and Oral Arguments, and Standing Order on Discovery and Non-Dispositive Motions | 1/26/2024 | 4.2 |
| Review and analyze research regarding enforceability of forum selection clause | 1/27/2024 | 8.1 |
| Review and analyze research regarding enforceability of forum selection clause | 1/28/2024 | 7.8 |
| Review and analyze Defendant's First Discovery Requests to Plaintiff | 1/29/2024 | 2.5 |
| Review correspondence with Defendant's counsel regarding Defendant's improper service of discovery requests | 1/29/2024 | 0.1 |
| Review and revise Plaintiff's First Set of Requests for Admissions and Plaintiff's First Set of Interrogatories to Defendant | 1/29/2024 | 4.6 |
| Review and revise proposed Joint Status Report | 1/30/2024 | 3.5 |
| Review correspondence with Defendant's counsel regarding proposed Joint Status Report and Defendant's improper service of documents | 1/30/2024 | 0.5 |
| Review correspondence with Defendant's counsel regarding Defendant's improper service of documents | 1/31/2024 | 0.2 |
| Review and revise Plaintiffs' Initial Disclosures | 2/6/2024 | 0.8 |
| Review correspondence with Defendant's counsel regarding Joint Status Report | 2/6/2024 | 0.2 |
| Review and analyze Defendant's Initial Disclosures | 2/6/2024 | 1.2 |
| Review correspondence with Defendant's counsel regarding Joint Status Report | 2/7/2024 | 0.1 |
| Review correspondence with Defendant's counsel regarding Joint Status Report | 2/8/2024 | 0.2 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review correspondence with Defendant's counsel regarding Joint Status Report | 2/9/2024 | 0.2 |
| Review and analyze Defendant's revisions to Joint Status Report | 2/9/2024 | 0.5 |
| Review and analyze research regarding pre-certification discovery post-Swales | 2/11/2024 | 9.4 |
| Review and analyze research regarding pre-certification discovery post-Swales | 2/12/2024 | 9.7 |
| Review and revise Joint Status Report | 2/12/2024 | 0.3 |
| Review correspondence with Defendant's counsel regarding Plaintiff's revisions to Joint Status Report | 2/12/2024 | 0.1 |
| Review and analyze Defendant's revisions to Joint Status Report and correspondence from Defendant's counsel regarding same | 2/13/2024 | 0.4 |
| Review and analyze research regarding pre-certification discovery post-Swales | 2/13/2024 | 9.5 |
| Review additional revisions to Joint Status Report and correspondence with Defendant's counsel regarding same | 2/13/2024 | 0.3 |
| Finalize and file Joint Status Report | 2/13/2024 | 0.8 |
| Review and analyze Order Requiring Further Conference and Supplemental Joint Status Report | 2/15/2024 | 0.3 |
| Review correspondence with opposing counsel regarding setting conference to discuss supplemental joint status report | 2/20/2024 | 0.1 |
| Review and analyze research regarding FLSA certification of subclasses | 2/21/2024 | 9.6 |
| Review correspondence with opposing counsel regarding setting conference to discuss supplemental joint status report | 2/21/2024 | 0.2 |
| Review correspondence with opposing counsel regarding setting conference to discuss supplemental joint status report | 2/22/2024 | 0.2 |
| Prepare for and attend call with Defendant's counsel regarding Supplemental Joint Status Report | 2/23/2024 | 1.8 |
| Review and analyze research regarding pre-certification discovery post-Swales | 2/23/2024 | 8.6 |
| Review Application for Admission Pro Hac Vice of Mark D. Scudder | 2/26/2024 | 0.3 |
| Review Order Granting Application for Admission Pro Hac Vice of Mark D. Scudder | 2/26/2024 | 0.1 |
| Review and revise Joint Motion to Extend Deadline for Supplemental Joint Status Report and Proposed Order | 2/26/2024 | 0.5 |
| Review correspondence with Defendant's counsel regarding Joint Motion to Extend Deadline for Supplemental Joint Status Report and Proposed Order | 2/26/2024 | 0.2 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze Defendant's revisions to Joint Motion to Extend Deadline for Supplemental Joint Status Report and prepare further revisions to same | 2/26/2024 | 0.3 |
| Review correspondence with Defendant's counsel regarding parties' revisions to Joint Motion to Extend Deadline for Supplemental Joint Status Report and Proposed Order | 2/26/2024 | 0.2 |
| Finalize and file Joint Motion to Extend Deadline for Supplemental Joint Status Report and Proposed Order | 2/26/2024 | 0.5 |
| Review Order Granting Joint Motion to Extend Deadline for Supplemental Joint Status Report | 2/26/2024 | 0.2 |
| Review correspondence with chambers regarding Proposed Order submitted with ECF No. 33 –Joint Motion to Extend Deadline for Supplemental Joint Status Report | 2/26/2024 | 0.1 |
| Review and analyze legal research regarding motions for FLSA certification | 2/27/2024 | 9.7 |
| Review and revise Plaintiffs' First Amended Complaint | 2/28/2024 | 9.2 |
| Review correspondence with Defendant's counsel regarding Plaintiffs' First Amended Complaint | 2/28/2024 | 0.2 |
| Review correspondence with Defendant's counsel regarding Plaintiffs' First Amended Complaint | 3/1/2024 | 0.2 |
| Review, revise, and file Plaintiff's Unopposed Motion for Leave to File First Amended Complaint, Exhibit A (Plaintiffs' First Amended Complaint), and Proposed Order | 3/4/2024 | 4.3 |
| Review correspondence with chambers regarding Proposed Order submitted with ECF No. 35 – Plaintiff's Unopposed Motion for Leave to File First Amended Complaint | 3/4/2024 | 0.1 |
| Review Order Granting Motion for Leave to File First Amended Complaint | 3/4/2024 | 0.1 |
| Review correspondence with Defendant's counsel regarding supplemental joint status report | 3/11/2024 | 0.2 |
| Review and revise draft of Supplemental Joint Status Report | 3/13/2024 | 0.8 |
| Review correspondence with Defendant's counsel regarding supplemental joint status report | 3/13/2024 | 0.1 |
| Prepare for and attend conference with Defendant's counsel regarding certification discovery plan | 3/14/2024 | 2.4 |
| Review correspondence with Defendant's counsel regarding supplemental joint status report | 3/15/2024 | 0.2 |
| Review and analyze Defendant's proposed revisions to the supplemental joint status report | 3/15/2024 | 0.3 |
| Correspondence with Defendant's counsel regarding supplemental joint status report | 3/18/2024 | 0.6 |
| Review, revise, and file Supplemental Joint Status Report and Proposed Order | 3/18/2024 | 0.8 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review correspondence with chambers regarding Proposed Order submitted with ECF No. 38 – Supplemental Joint Status Report | 3/18/2024 | 0.1 |
| Review and analyze Defendant's Answer to Plaintiffs' First Amended Complaint | 3/19/2024 | 3.6 |
| Review and analyze Order regarding Supplemental Joint Status Report | 3/19/2024 | 0.2 |
| Review and revise Plaintiffs' First Set of Requests for Production of Documents, Plaintiffs' First Set of Interrogatories, and Plaintiffs' First Set of Requests for Admissions to Defendant | 3/28/2024 | 6.4 |
| Review correspondence regarding revised versions of Plaintiffs' First Set of Requests for Production of Documents, Plaintiffs' First Set of Interrogatories, and Plaintiffs' First Set of Requests for Admissions to Defendant | 3/28/2024 | 0.1 |
| Review and analyze Defendant's revised First Discovery Requests to Plaintiffs and correspondence from Defendant's counsel regarding same | 4/2/2024 | 2.8 |
| Prepare for and attend conference with Ethel June Maranan regarding "Voluntary Statement" from FirstKey | 4/24/2024 | 1.6 |
| Review and analyze research regarding Defendant's contact with Plaintiffs and potential collective action members | 4/24/2024 | 10.8 |
| Review correspondence with Defendant's counsel regarding Plaintiffs' request for meet and confer on emergency motion | 4/24/2024 | 0.3 |
| Prepare for and attend conference with Defendant's counsel regarding Defendant's letters to Regional Leasing Agents | 4/24/2024 | 0.8 |
| Review and analyze research regarding Defendant's contact with Plaintiffs and potential collective action members | 4/25/2024 | 10.5 |
| Review and revise Plaintiffs' emergency motion for protective order | 4/26/2024 | 13.4 |
| Review correspondence with Defendant's counsel regarding proposed protective order | 4/26/2024 | 0.1 |
| Review correspondence with Defendant's counsel regarding Plaintiffs' emergency motion for protective order | 4/26/2024 | 0.4 |
| Review and revise Plaintiffs' emergency motion for protective order | 4/27/2024 | 12.8 |
| Correspondence with Defendant's counsel regarding Plaintiffs' emergency motion for protective order | 4/27/2024 | 0.3 |
| Correspondence with Defendant's counsel regarding Plaintiffs' emergency motion for protective order | 4/28/2024 | 0.3 |
| Review and revise proposed corrective notice | 4/28/2024 | 4.6 |

**App. 20**

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review correspondence with Defendant's counsel regarding Plaintiffs' emergency motion for protective order | 4/29/2024 | 1.2 |
| Review and analyze Nellcine Ford affidavit | 4/29/2024 | 0.4 |
| Review, revise and file Plaintiffs' Emergency Motion for Protective Order and Other Relief, Joint Report on Plaintiffs' Emergency Motion, Joint Appendix, and Plaintiffs' Request for Oral Argument | 4/29/2024 | 5.8 |
| Review and analyze Electronic Order regarding Plaintiffs' Emergency Motion for Protective Order and Other Relief | 4/30/2024 | 0.2 |
| Review and analyze Defendant's responses to Plaintiffs' First Set of Requests for Production of Documents, Plaintiffs' First Set of Interrogatories, and Plaintiffs' First Set of Requests for Admissions to Defendant | 4/30/2024 | 4.4 |
| Review and analyze research regarding opposing party's contact with party represented by counsel | 5/4/2024 | 8.2 |
| Review and revise Plaintiffs' Responses and Objections to Defendant's discovery requests | 5/6/2024 | 4.7 |
| Review correspondence regarding Plaintiff Jeffrey Plunkett's Responses and Objections to Defendant's First Set of Interrogatories; Verification of Jeffrey Plunkett; Plaintiff Ethel June Maranan's Responses and Objections to Defendant's First Set of Interrogatories; Verification of Ethel June Maranan; Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Production; and Plaintiffs' document production | 5/6/2024 | 0.2 |
| Review and analyze Defendant's document production | 5/7/2024 | 8.5 |
| Review correspondence with Defendant's counsel regarding "Voluntary Statements" | 5/7/2024 | 0.1 |
| Review and analyze research regarding opposing party's contact with party represented by counsel | 5/8/2024 | 7.6 |
| Review correspondence with Defendant's counsel regarding "Voluntary Statements" | 5/8/2024 | 0.2 |
| Review and revise proposed protective order | 5/8/2024 | 3.2 |
| Review and analyze Defendant's Response to Plaintiffs' Emergency Motion for Protective Order and Other Relief and Supplemental Affidavit of Nellcine Ford | 5/9/2024 | 5.8 |
| Review and analyze completed new client paperwork for Janise Campbell | 5/9/2024 | 0.2 |
| File Notice of Filing Additional Notice of Consent and Notice of Consent of Janise Campbell | 5/9/2024 | 0.1 |
| Review correspondence with Defendant's counsel regarding "Voluntary Statements" | 5/9/2024 | 0.2 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review correspondence with Defendant's counsel regarding Plaintiffs' anticipated need to file documents marked as confidential by Defendant | 5/10/2024 | 0.2 |
| Review correspondence with Defendant's counsel regarding Plaintiffs' anticipated need to file documents marked as confidential by Defendant | 5/13/2024 | 0.4 |
| Review and revise Plaintiffs' reply on Emergency Motion for Protective Order | 5/13/2024 | 5.8 |
| Review correspondence with Defendant's counsel regarding Defendant's removal of confidential designation from documents previously marked as confidential by Defendant and setting call to discuss protective order | 5/14/2024 | 0.2 |
| Review and analyze Electronic Order regarding required Certificate of Interested Persons for Plaintiff Ethel June Maranan | 5/14/2024 | 0.2 |
| File Certificate of Interested Persons/Disclosure Statement by Plaintiffs Jeffrey Plunkett and Ethel June Maranan | 5/14/2024 | 0.2 |
| Review and revise Plaintiffs' reply on Emergency Motion for Protective Order | 5/14/2024 | 10.8 |
| Review, revise, and file Plaintiffs' Reply to Defendant's Response to Plaintiffs' Emergency Motion for Protective Order and Other Relief and Appendix to Plaintiffs' Reply | 5/15/2024 | 9.5 |
| Prepare for and attend conference with Ethel June Maranan | 5/16/2024 | 1.1 |
| Prepare for hearing on Plaintiffs' Emergency Motion for Protective Order | 5/16/2024 | 8.3 |
| Review correspondence with Defendant's counsel regarding conference to discuss protective order | 5/17/2024 | 0.2 |
| Prepare for hearing on Plaintiffs' Emergency Motion for Protective Order | 5/17/2024 | 9.2 |
| Travel from Los Angeles to Dallas for hearing on Plaintiffs' Emergency Motion for Protective Order | 5/18/2024 | 8.5 |
| Prepare for and attend hearing on Plaintiffs' Emergency Motion for Protective Order | 5/20/2024 | 6.8 |
| Review Minute Entry regarding Plaintiffs' Emergency Motion for Protective Order and Other Relief | 5/20/2024 | 0.1 |
| Return travel from Dallas to Los Angeles following hearing on Plaintiffs' Emergency Motion for Protective Order | 5/21/2024 | 8.1 |
| Review and revise discovery deficiency letter to Defendant | 5/22/2024 | 3.5 |
| Review correspondence with Defendant's counsel regarding letter addressing deficiencies in Defendant's written discovery responses and document production | 5/22/2024 | 0.1 |
| Review and analyze Order on Plaintiffs' Emergency Motion for Protective Order and Other Relief | 5/22/2024 | 2.4 |

**App. 22**

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Prepare for and attend conference with Ethel June Maranan | 5/22/2024 | 1.6 |
| Review correspondence with Defendant's counsel regarding conference to discuss Defendant's discovery deficiencies | 5/23/2024 | 0.2 |
| Review correspondence with Defendant's counsel regarding Order dated May 22, 2024 | 5/23/2024 | 0.1 |
| Review and analyze Defendant's document production | 5/23/2024 | 9.3 |
| Review correspondence with Defendant's counsel regarding Order dated May 22, 2024 | 5/24/2024 | 0.2 |
| Review correspondence with Defendant's counsel regarding Order dated May 22, 2024 | 5/28/2024 | 0.2 |
| Prepare for and attend conference with Defendant's counsel regarding Defendant's discovery deficiencies | 5/28/2024 | 1.6 |
| Review and analyze Defendant's document production | 5/29/2024 | 7.5 |
| Prepare for and attend conference with Defendant's counsel regarding Order dated May 22, 2024 and mediation | 5/29/2024 | 1.6 |
| Review correspondence with Defendant's counsel regarding mediation | 5/29/2024 | 0.2 |
| Review correspondence from Defendant's counsel regarding mediation | 5/30/2024 | 0.1 |
| Review and analyze Defendant's Amended Responses to Plaintiff's Requests for Production of Documents and Interrogatories and correspondence from Defendant's counsel regarding Defendant's discovery deficiencies | 6/1/2024 | 2.5 |
| Review and analyze Defendant's document production and correspondence from Defendant's counsel regarding documents | 6/3/2024 | 8.6 |
| Review and analyze Defendant's Notice of Production of Designated Documents Per the Court's May 22, 2024 Memorandum Opinion and Order | 6/4/2024 | 0.1 |
| Review and analyze Defendant's document production | 6/4/2024 | 9.5 |
| Review and analyze Defendant's document production | 6/5/2024 | 9.2 |
| Review and analyze Amended Affidavit and Amended Supplemental Affidavit of Nellcine Ford | 6/5/2024 | 0.4 |
| Review and analyze Defendant's document production | 6/6/2024 | 8.8 |
| Review and analyze Defendant's document production | 6/7/2024 | 8.5 |
| Review updated summary of documents missing from Defendant | 6/7/2024 | 0.5 |
| Review correspondence with Defendant's counsel regarding updated summary of documents missing from Defendant | 6/7/2024 | 0.1 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Prepare for and attend conference with Defendant's counsel regarding Defendant's discovery deficiencies | 6/7/2024 | 1.8 |
| Review and analyze Defendant's document production | 6/9/2024 | 8.7 |
| Review correspondence with Defendant's counsel regarding mediation | 6/10/2024 | 0.2 |
| Review correspondence with office of mediator Eric Galton regarding mediation | 6/10/2024 | 0.3 |
| Review and analyze research regarding settlement of pre-certification FLSA collective actions | 6/10/2024 | 7.8 |
| Review correspondence with Defendant's counsel regarding call to discuss mediation | 6/11/2024 | 0.2 |
| Prepare for and attend conference with Defendant's counsel regarding mediation | 6/11/2024 | 1.5 |
| Review correspondence with Defendant's counsel regarding Joint Report and Joint Motion to Extend Deadlines and Proposed Order | 6/11/2024 | 0.2 |
| Review, revise, and file Joint Report and Joint Motion to Extend Deadlines and Proposed Order | 6/11/2024 | 1.3 |
| Review correspondence with chambers regarding Proposed Order submitted with Dkt. No. 54 – Joint Report and Joint Motion to Extend Deadlines | 6/11/2024 | 0.1 |
| Review and analyze research regarding settlement of pre-certification FLSA collective actions | 6/11/2024 | 7.7 |
| Review and analyze research regarding settlement of pre-certification FLSA collective actions | 6/12/2024 | 6.8 |
| Review and analyze Order Amending Deadlines and Administratively Closing Case | 6/12/2024 | 0.2 |
| Review correspondence from Defendant's counsel regarding Defendant's production of documents | 6/14/2024 | 0.1 |
| Review and analyze Defendant's document production | 6/14/2024 | 8.2 |
| Review and analyze Defendant's document production | 6/16/2024 | 8.5 |
| Review correspondence with Defendant's counsel regarding further revisions to protective order and mediation | 6/17/2024 | 0.2 |
| Prepare for mediation | 6/17/2024 | 7.7 |
| Review correspondence with Defendant's counsel regarding protective order and mediation | 6/18/2024 | 0.2 |
| Review correspondence with office of mediator Eric Galton regarding mediation | 6/18/2024 | 0.3 |
| Prepare for mediation | 6/18/2024 | 8.2 |
| Review Defendant's Unopposed Motion for Entry of Stipulated Protective Order | 6/18/2024 | 0.1 |
| Review Order Granting Defendant's Unopposed Motion for Entry of Stipulated Protective Order | 6/19/2024 | 0.1 |
| Prepare for mediation | 6/19/2024 | 8.5 |
| Review correspondence and conference with office of mediator Eric Galton regarding mediation | 6/20/2024 | 0.2 |

**App. 24**

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze research regarding confidential settlements of FLSA collective actions | 6/20/2024 | 6.8 |
| Prepare for mediation | 6/21/2024 | 8.9 |
| Review correspondence with Defendant's counsel regarding documents needed for mediation | 6/24/2024 | 0.2 |
| Prepare for mediation | 6/24/2024 | 8.1 |
| Prepare for mediation | 6/25/2024 | 8.6 |
| Review correspondence from Defendant's counsel regarding documents for mediation and information regarding Plaintiffs and putative collective action members | 6/26/2024 | 0.2 |
| Review and analyze completed new client paperwork for Joseph Kowsky | 6/27/2024 | 0.2 |
| File Notice of Filing Additional Notice of Consent and Notice of Consent of Joseph Kowsky | 6/27/2024 | 0.1 |
| Prepare for mediation | 6/27/2024 | 7.9 |
| Prepare for mediation | 6/28/2024 | 8.3 |
| Prepare for mediation | 7/1/2024 | 9.2 |
| Prepare for mediation | 7/2/2024 | 8.4 |
| Prepare for mediation | 7/3/2024 | 9.8 |
| Prepare for mediation | 7/9/2024 | 7.9 |
| Prepare for mediation | 7/11/2024 | 8.7 |
| Prepare for mediation | 7/12/2024 | 8.9 |
| Prepare for mediation | 7/14/2024 | 11.2 |
| Prepare for mediation | 7/15/2024 | 12.5 |
| Review correspondence with mediator regarding upcoming mediation | 7/15/2024 | 0.2 |
| Travel to Austin for mediation | 7/16/2024 | 7.3 |
| Prepare for mediation | 7/16/2024 | 6.8 |
| Prepare for and attend mediation with mediator Eric Galton | 7/17/2024 | 11.3 |
| Review and revise draft of joint report regarding mediation | 7/17/2024 | 0.2 |
| Correspondence with Defendant's counsel regarding joint report on mediation | 7/17/2024 | 0.1 |
| Return travel from Austin following mediation | 7/17/2024 | 7.9 |
| Review correspondence with Defendant's counsel regarding joint report on mediation and Defendant's proposed revisions to same | 7/18/2024 | 0.3 |
| Review and analyze updated list of documents still missing from Defendant | 7/18/2024 | 0.5 |
| Finalize and file Joint Report on mediation | 7/18/2024 | 0.6 |
| Review and analyze correspondence from Defendant's counsel regarding Plaintiffs' updated list of documents still missing from Defendant | 7/19/2024 | 0.7 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Continued mediation discussions and settlement evaluation | 7/20/2024 | 8.3 |
| Prepare for and attend conference with Defendant's counsel regarding continued settlement discussions | 7/22/2024 | 5.8 |
| Correspondence with Defendant's counsel regarding continued settlement discussions | 7/22/2024 | 0.3 |
| Review and analyze research regarding reversionary settlements | 7/22/2024 | 6.2 |
| Continued mediation discussions and settlement evaluation | 7/23/2024 | 8.5 |
| Continued mediation discussions and settlement evaluation | 7/24/2024 | 7.6 |
| Continued mediation discussions and settlement evaluation | 7/25/2024 | 8.1 |
| Review and analyze research regarding FLSA settlement approval | 7/26/2024 | 9.4 |
| Review correspondence from office of mediator Eric Galton's office regarding mediator's post-mediation work | 7/26/2024 | 0.1 |
| Review and analyze research regarding FLSA settlement approval | 7/27/2024 | 9.7 |
| Prepare joint report regarding settlement and proposed order regarding settlement deadlines | 8/1/2024 | 0.5 |
| Correspondence with Defendant's counsel regarding proposed joint report regarding settlement and proposed order regarding settlement deadlines | 8/1/2024 | 0.2 |
| Correspondence with Defendant's counsel regarding proposed joint report regarding settlement | 8/5/2024 | 0.2 |
| Review and analyze adjusted damage models for settlement purposes | 8/6/2024 | 8.8 |
| Review and analyze Defendant's revisions to proposed joint report regarding settlement and correspondence with Defendant's counsel regarding same | 8/6/2024 | 0.3 |
| Review correspondence with chambers regarding Proposed Order submitted with Dkt. No. 61 – Joint Post-Mediation Report and Request for Stay of Current Deadlines | 8/6/2024 | 0.1 |
| Finalize and file Joint Post-Mediation Report and Request for Stay of Current Deadlines and Proposed Order | 8/6/2024 | 0.3 |
| Review Order Setting Deadlines for FLSA Settlement | 8/6/2024 | 0.1 |
| Review and analyze research regarding settlement | 8/7/2024 | 7.8 |
| Review and analyze Simpluris proposal for settlement administration | 8/13/2024 | 0.8 |
| Review and revise notice form for settlement | 8/19/2024 | 1.4 |
| Prepare draft settlement agreement | 8/19/2024 | 9.6 |

**App. 26**

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Prepare draft settlement agreement and review and revise joint motion to approve settlement, notice form, consent form, and proposed order | 8/20/2024 | 10.5 |
| Correspondence with Defendant's counsel regarding Plaintiffs' drafts of settlement documents and requesting ID numbers for certain employees | 8/21/2024 | 0.1 |
| Review and analyze revised Simpluris proposal for settlement administration | 8/22/2024 | 1.2 |
| Review correspondence from Defendant's counsel regarding settlement documents | 8/22/2024 | 0.1 |
| Review and revise draft of Joint Motion for Leave to File Exhibit A to Settlement Agreement Under Seal and declarations and proposed order in support | 8/26/2024 | 7.8 |
| Review correspondence with Defendant's counsel regarding Plaintiff's drafts of Joint Motion for Leave to File Exhibit A to Settlement Agreement Under Seal and declarations and proposed order in support | 8/26/2024 | 0.1 |
| Correspondence with Defendant's counsel regarding Simpluris proposal and requesting call to discuss settlement documents | 8/26/2024 | 0.2 |
| Correspondence with Defendant's counsel regarding conference to discuss settlement documents | 8/27/2024 | 0.5 |
| Review correspondence with Defendant's counsel regarding employee ID numbers | 8/27/2024 | 0.3 |
| Correspondence with Defendant's counsel regarding agenda for conference to discuss settlement documents | 8/28/2024 | 0.3 |
| Review and analyze adjusted damage models for settlement purposes | 8/28/2024 | 9.7 |
| Prepare for and attend conference with Defendant's counsel regarding settlement documents | 8/28/2024 | 1.5 |
| Review and analyze adjusted damage models for settlement purposes | 8/29/2024 | 11.4 |
| Review correspondence with Defendant's counsel regarding Exhibit A to settlement agreement | 8/29/2024 | 0.2 |
| Review correspondence with Defendant's counsel regarding settlement calculations | 8/30/2024 | 0.2 |
| Correspondence with Defendant's counsel regarding settlement documents | 9/3/2024 | 0.2 |
| Correspondence with Defendant's counsel regarding settlement documents | 9/4/2024 | 1.2 |
| Review and analyze Defendant's revisions to settlement documents and prepare further revisions to same | 9/4/2024 | 7.1 |
| Review correspondence with Defendant's counsel regarding settlement documents | 9/5/2024 | 0.5 |
| Review and analyze Defendant's revisions to settlement documents and prepare further revisions to same | 9/5/2024 | 5.8 |

**App. 27**

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Prepare for and attend conference with Defendant's counsel regarding settlement documents | 9/5/2024 | 0.5 |
| Review correspondence with Defendant's counsel regarding settlement | 9/6/2024 | 1.2 |
| Prepare for and attend conference with Defendant's counsel regarding settlement documents | 9/6/2024 | 1.1 |
| Review and analyze Defendant's revisions to settlement documents and prepare further revisions to same | 9/6/2024 | 3.5 |
| Prepare for and attend conferences with clients regarding settlement documents | 9/6/2024 | 1.7 |
| Finalize and file Joint Motion to Approve FLSA Settlement, Joint Motion for Leave to File Exhibit A to Settlement Agreement and Release Under Seal, Proposed Orders and Exhibits | 9/6/2024 | 0.8 |
| Review correspondence with chambers regarding Proposed Orders submitted with Joint Motion to Approve FLSA Settlement and Joint Motion for Leave to File Exhibit A to Settlement Agreement and Release Under Seal | 9/6/2024 | 0.1 |
| Correspondence with Defendant's counsel regarding request for settlement hearing | 10/16/2024 | 0.2 |
| Review and revise draft of Joint Request for Hearing on Joint Motion to Approve FLSA Settlement and correspondence with Defendant's counsel regarding same | 10/17/2024 | 0.3 |
| File Joint Request for Hearing on Joint Motion to Approve FLSA Settlement | 10/17/2024 | 0.1 |
| Review and analyze Order Granting Joint Motion for Leave to File Exhibit A to the Settlement Agreement and Release Under Seal | 10/17/2024 | 0.2 |
| Review Order Granting Joint Request for Hearing on Joint Motion to Approve FLSA Settlement | 10/18/2024 | 0.1 |
| Prepare for hearing on Joint Motion to Approve FLSA Settlement | 10/24/2024 | 7.6 |
| Travel to Dallas for hearing on Joint Motion to Approve FLSA Settlement | 10/28/2024 | 4.5 |
| Prepare for hearing on Joint Motion to Approve FLSA Settlement | 10/28/2024 | 5.7 |
| Prepare for and attend hearing on Joint Motion to Approve FLSA Settlement | 10/29/2024 | 3.8 |
| Review Minute Entry for proceedings held before Magistrate Judge David L. Horan | 10/29/2024 | 0.1 |
| Review Electronic Order regarding supplemental materials in support of the parties' Joint Motion to Approve FLSA Settlement | 10/29/2024 | 0.1 |
| Return travel from Dallas following hearing on Joint Motion to Approve FLSA Settlement | 10/29/2024 | 8.3 |
| Review and analyze research for supplemental motion for approval of settlement | 11/4/2024 | 9.8 |

**App. 28**

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze research for supplemental motion for approval of settlement | 11/5/2024 | 9.5 |
| Review and analyze research for supplemental motion for approval of settlement | 11/6/2024 | 6.9 |
| Review and revise Plaintiffs' Supplemental Motion for Approval of FLSA Settlement | 11/13/2024 | 3.8 |
| Review and revise Plaintiffs' Supplemental Motion for Approval of FLSA Settlement | 11/14/2024 | 12.3 |
| Review, revise, and file Plaintiffs' Supplemental Motion for Approval of FLSA Settlement | 11/15/2024 | 7.5 |
| Anticipated additional attorney time following Court approval of settlement, including attorney time to be spent during notice period and time to be spent for completion of settlement, working with the settlement administrator, answering questions from clients, filing notices of consent, and communicating with opposing counsel as issues arise (estimated average of 30 minutes per collective action member participant) | | 41.5 |

**Summary of Fees Billed for Rhonda H. Wills**     **Total Hours:**     **1072.7**
**Hourly Rate: $775**     **Total Fees:     $831,342.50**

*Counsel has deducted out all attorney time that was paid as part of sanctions against Defendant

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

**Timekeeper: Patrick J. Raspino**
**Rate: $490/hour**

| Task | Date | Time |
|------|------|------|
| Prepare for and attend conference with Tiana Cunningham regarding FirstKey wage and hour issues | 3/20/2023 | 3.2 |
| Prepare for and attend conference with Latriece Powell regarding FirstKey wage and hour issues | 4/11/2023 | 2.7 |
| Prepare for and attend conference with Felicia Sharp regarding FirstKey wage and hour issues | 4/12/2023 | 2.4 |
| Review and analyze research regarding other lawsuits brought against FirstKey Homes LLC | 4/12/2023 | 8.1 |
| Prepare for and attend follow-up conference with Tiana Cunningham regarding FirstKey wage and hour issues | 4/12/2023 | 1.5 |
| Prepare for and attend follow-up conferences with Felicia Sharp and Tiana Cunningham regarding FirstKey wage and hour issues | 4/27/2023 | 3.3 |
| Review and analyze documents from potential FirstKey clients | 4/28/2023 | 7.8 |
| Review and analyze documents from potential FirstKey clients | 4/29/2023 | 6.5 |
| Prepare for and attend follow-up conference with Felicia Sharp regarding FirstKey wage and hour issues | 6/3/2023 | 3.7 |
| Prepare for and attend conference with Ethel June Maranan regarding FirstKey wage and hour issues | 11/2/2023 | 3.4 |
| Review and analyze hundreds of pages of documents from potential clients | 11/2/2023 | 6.3 |
| Prepare for and attend conference with Joseph Grimes regarding FirstKey wage and hour issues and follow-up regarding same | 11/28/2023 | 2.8 |
| Review and analyze research regarding FLSA releases in severance agreements | 11/29/2023 | 8.7 |
| Prepare for and attend conference with Jeffrey Plunkett regarding FirstKey wage and hour issues and follow-up regarding same | 11/30/2023 | 4.5 |
| Prepare for and attend conference with Suzanne Mackey regarding FirstKey wage and hour issues and follow-up regarding same | 11/30/2023 | 3.2 |
| Review and analyze additional research regarding other lawsuits brought against FirstKey Homes LLC and FLSA releases in severance agreements | 12/1/2023 | 9.6 |
| Review and analyze completed new client paperwork for Jeffrey Plunkett and documents from client | 12/1/2023 | 0.5 |
| Review and analyze additional research regarding FLSA releases in severance agreements | 12/2/2023 | 6.7 |
| Prepare Plaintiff's Original Complaint, Civil Cover Sheet, and Notice of Consent of Jeffrey Plunkett | 12/4/2023 | 10.4 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Correspondence with Jeffrey Plunkett regarding FirstKey lawsuit | 12/4/2023 | 0.2 |
| Review Notice of Right to Proceed Before Magistrate Judge | 12/5/2023 | 0.2 |
| Review correspondence with Kobby Warren regarding retainment of local counsel | 12/6/2023 | 0.3 |
| Review Summons Issued to FirstKey Homes, LLC | 12/7/2023 | 0.1 |
| Correspondence with Resolute Service requesting process service on FirstKey Homes, LLC | 12/7/2023 | 0.3 |
| Review and analyze research regarding rulings on FLSA certification motions | 12/8/2023 | 5.6 |
| Prepare for and attend follow-up conference with Joseph Grimes regarding FirstKey wage and hour issues and follow-up regarding same | 12/8/2023 | 0.5 |
| Prepare for and attend follow-up conference with Felicia Sharp regarding FirstKey wage and hour issues and follow-up regarding same | 12/8/2023 | 0.4 |
| Prepare for and attend follow-up conference with Tiana Cunningham regarding FirstKey wage and hour issues and follow-up regarding same | 12/8/2023 | 0.5 |
| Prepare for and attend follow-up conference with Latriece Powell regarding FirstKey wage and hour issues and follow-up regarding same | 12/8/2023 | 0.3 |
| Prepare for and attend follow-up conference with Suzanne Mackey regarding FirstKey wage and hour issues and follow-up regarding same | 12/8/2023 | 0.2 |
| Prepare for and attend conference with Geonvante Ball regarding FirstKey wage and hour issues and follow-up regarding same | 12/8/2023 | 2.3 |
| Prepare for and attend conference with Nicole Torres regarding FirstKey wage and hour issues and follow-up regarding same | 12/8/2023 | 2.6 |
| Review and analyze documents from Joseph Grimes | 12/8/2023 | 0.5 |
| Review and analyze completed new client paperwork for Tiana Cunningham, Geonvante Ball, Latriece Powell, and Ethel June Maranan | 12/11/2023 | 1.5 |
| Prepare for and attend follow-up conference with Ethel June Maranan regarding FirstKey wage and hour issues and follow-up regarding same | 12/11/2023 | 1.8 |
| Review and analyze research regarding rulings on FLSA certification motions | 12/12/2023 | 10.1 |
| Review and analyze research regarding rulings on FLSA certification motions | 12/13/2023 | 9.7 |
| Review and analyze correspondence from John Koenig regarding representation of FirstKey Homes | 12/21/2023 | 0.1 |
| Review Notice of Attorney Appearance by Benjamin T Pendroff | 12/26/2023 | 0.1 |
| Review Notice of Attorney Appearance by Kathleen Marie Anderson | 12/27/2023 | 0.1 |

**App. 31**

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze Motion for Initial Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint and Proposed Order | 12/29/2023 | 1.5 |
| Review and analyze Certificate of Interested Persons/Disclosure Statement by Defendant FirstKey Homes, LLC | 12/29/2023 | 0.2 |
| Review and analyze correspondence from Kathleen Anderson | 1/2/2024 | 0.7 |
| Review and analyze research regarding FLSA certification in the Northern District of Texas | 1/2/2024 | 7.6 |
| Review and analyze completed new client paperwork for Nicole Torres | 1/3/2024 | 0.4 |
| Research and Prepare Plaintiff's Motion for Default Judgment and Proposed Order | 1/4/2024 | 1.8 |
| Correspondence with chambers regarding Proposed Order submitted with ECF No. 17 – Plaintiff's Motion for Default Judgment | 1/4/2024 | 0.1 |
| Review and analyze Defendant's Response in Opposition to Plaintiff's Motion for Default Judgment | 1/5/2024 | 2.5 |
| Review and analyze Defendant's Answer to Plaintiff's Original Complaint | 1/5/2024 | 3.6 |
| Review and analyze Notice of Attorney Appearance of Victor D. Vital | 1/5/2024 | 0.1 |
| Review and analyze Fifth Circuit research regarding FLSA certification | 1/8/2024 | 10.2 |
| Review and analyze research from Texas district courts regarding FLSA certification | 1/9/2024 | 9.7 |
| Review and analyze Fifth Circuit research regarding FLSA certification | 1/11/2024 | 8.2 |
| Review and analyze Order Granting Motion for Extension of Time to File Answer and Denying Motion for Default Judgment | 1/11/2024 | 0.4 |
| Review and analyze Order Requiring Attorney Conference and Status Report | 1/12/2024 | 0.3 |
| Correspondence with opposing counsel requesting conference pursuant to Order Requiring Attorney Conference and Status Report | 1/16/2024 | 0.2 |
| Correspondence with opposing counsel regarding conference pursuant to Order Requiring Attorney Conference and Status Report | 1/17/2024 | 0.3 |
| Prepare for and attend conference with Nataly Sevilla regarding FirstKey wage and hour issues and follow-up regarding same | 1/19/2024 | 3.4 |
| Prepare for and attend conference with Angel Wiggins regarding FirstKey wage and hour issues and follow-up regarding same | 1/20/2024 | 3.1 |
| Review and analyze Order Referring Case to Magistrate Judge David L. Horan | 1/23/2024 | 0.2 |
| Prepare for and attend Rule 26 conference with opposing counsel | 1/23/2024 | 3.8 |

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze research regarding jury waivers | 1/24/2024 | 5.1 |
| Prepare draft of Plaintiff's First Set of Requests for Production of Documents and Plaintiff's First Set of Interrogatories to Defendant | 1/24/2024 | 3.7 |
| Review and analyze Standing Order on Filing Materials Under Seal, Standing Order on Requests for Hearings and Oral Arguments, and Standing Order on Discovery and Non-Dispositive Motions | 1/25/2024 | 3.5 |
| Review and analyze research regarding jury waivers | 1/25/2024 | 6.2 |
| Finalize and serve Plaintiffs' First Set of Requests for Production of Documents to Defendant | 1/25/2024 | 0.4 |
| Prepare draft of Plaintiff's First Set of Requests for Admissions to Defendant | 1/26/2024 | 2.8 |
| Review and analyze research regarding enforceability of venue provision/forum selection clause in severance agreement | 1/26/2024 | 7.3 |
| Review and analyze Defendant's First Discovery Requests to Plaintiff | 1/29/2024 | 2.5 |
| Correspondence with Defendant's counsel regarding Defendant's improper service of discovery requests | 1/29/2024 | 0.1 |
| Finalize and serve Plaintiff Jeffrey Plunkett's First Set of Interrogatories to Defendant and Plaintiffs' First Set of Requests for Admissions to Defendant | 1/29/2024 | 0.5 |
| Prepare for and attend conference with Tiana Cunningham regarding FirstKey wage and hour issues | 1/29/2024 | 2.4 |
| Prepare draft of Joint Status Report | 1/29/2024 | 1.8 |
| Correspondence with Defendant's counsel regarding proposed Joint Status Report and Defendant's improper service of documents | 1/30/2024 | 0.6 |
| Correspondence with Defendant's counsel regarding Defendant's improper service of documents | 1/31/2024 | 0.2 |
| Review and analyze initial draft of motion for FLSA certification post-Swales | 1/31/2024 | 6.7 |
| Review and revise initial draft of motion for FLSA certification post-Swales | 2/1/2024 | 8.2 |
| Prepare draft of Plaintiffs' Initial Disclosures | 2/6/2024 | 0.8 |
| Correspondence with Defendant's counsel regarding Joint Status Report | 2/6/2024 | 0.2 |
| Finalize and serve Plaintiffs' Initial Disclosures | 2/6/2024 | 0.3 |
| Review and analyze Defendant's Initial Disclosures | 2/6/2024 | 1.2 |
| Correspondence with Defendant's counsel regarding Joint Status Report | 2/7/2024 | 0.1 |
| Correspondence with Defendant's counsel regarding Joint Status Report | 2/8/2024 | 0.2 |
| Correspondence with Defendant's counsel regarding Joint Status Report | 2/9/2024 | 0.2 |
| Review and analyze Defendant's revisions to Joint Status Report | 2/9/2024 | 0.5 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze research regarding pre-certification discovery post-Swales | 2/12/2024 | 8.6 |
| Prepare draft of Plaintiffs' revisions to Joint Status Report | 2/12/2024 | 0.5 |
| Correspondence with Defendant's counsel regarding Plaintiff's revisions to Joint Status Report | 2/12/2024 | 0.1 |
| Review and analyze Defendant's revisions to Joint Status Report and correspondence from Defendant's counsel regarding same | 2/13/2024 | 0.4 |
| Prepare Plaintiffs' additional revisions to Joint Status Report and correspondence with Defendant's counsel regarding same | 2/13/2024 | 0.2 |
| Review and analyze Order Requiring Further Conference and Supplemental Joint Status Report | 2/15/2024 | 0.3 |
| Review and analyze research regarding pre-certification discovery post-Swales | 2/16/2024 | 8.5 |
| Review and analyze research regarding FLSA certification of subclasses | 2/19/2024 | 10.6 |
| Review and analyze research regarding joinder of FLSA plaintiffs | 2/20/2024 | 9.1 |
| Correspondence with opposing counsel regarding setting conference to discuss supplemental joint status report | 2/20/2024 | 0.1 |
| Review and analyze research regarding FLSA certification of subclasses | 2/21/2024 | 10.2 |
| Correspondence with opposing counsel regarding setting conference to discuss supplemental joint status report | 2/21/2024 | 0.3 |
| Review and analyze research regarding joinder of FLSA plaintiffs | 2/22/2024 | 10.5 |
| Correspondence with opposing counsel regarding setting conference to discuss supplemental joint status report | 2/22/2024 | 0.3 |
| Prepare for and attend conference with Jeffrey Plunkett and prepare Plaintiff's Responses and Objections to Defendant's First Discovery Requests to Names Plaintiff | 2/23/2024 | 6.4 |
| Prepare for and attend call with Defendant's counsel regarding Supplemental Joint Status Report | 2/23/2024 | 1.2 |
| Prepare draft of Joint Motion to Extend Deadline for Supplemental Joint Status Report and Proposed Order | 2/23/2024 | 0.4 |
| Review Application for Admission Pro Hac Vice of Mark D. Scudder | 2/26/2024 | 0.1 |
| Review Order Granting Application for Admission Pro Hac Vice of Mark D. Scudder | 2/26/2024 | 0.1 |
| Correspondence with Defendant's counsel regarding Joint Motion to Extend Deadline for Supplemental Joint Status Report and Proposed Order | 2/26/2024 | 0.3 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze Defendant's revisions to Joint Motion to Extend Deadline for Supplemental Joint Status Report and prepare further revisions to same | 2/26/2024 | 0.2 |
| Correspondence with Defendant's counsel regarding parties' revisions to Joint Motion to Extend Deadline for Supplemental Joint Status Report and Proposed Order | 2/26/2024 | 0.2 |
| Review Order Granting Joint Motion to Extend Deadline for Supplemental Joint Status Report | 2/26/2024 | 0.2 |
| Correspondence with chambers regarding Proposed Order submitted with ECF No. 33 –Joint Motion to Extend Deadline for Supplemental Joint Status Report | 2/26/2024 | 0.1 |
| Prepare Plaintiffs' First Amended Complaint | 2/26/2024 | 8.2 |
| Review and analyze legal research regarding motions for FLSA certification in off-the-clock cases | 2/27/2024 | 10.3 |
| Correspondence with Defendant's counsel regarding Plaintiffs' First Amended Complaint | 2/28/2024 | 0.2 |
| Review and analyze legal research regarding motions to amend complaints in 5th Circuit FLSA cases | 2/29/2024 | 8.4 |
| Correspondence with Defendant's counsel regarding Plaintiffs' First Amended Complaint | 3/1/2024 | 0.2 |
| Prepare Plaintiffs' Unopposed Motion for Leave to File First Amended Complaint and Proposed Order | 3/4/2024 | 3.7 |
| Correspondence with chambers regarding Proposed Order submitted with ECF No. 35 – Plaintiff's Unopposed Motion for Leave to File First Amended Complaint | 3/4/2024 | 0.1 |
| Review Order Granting Motion for Leave to File First Amended Complaint | 3/4/2024 | 0.1 |
| Correspondence with Defendant's counsel regarding supplemental joint status report | 3/11/2024 | 0.3 |
| Prepare draft of Supplemental Joint Status Report | 3/13/2024 | 1.4 |
| Correspondence with Defendant's counsel regarding supplemental joint status report | 3/13/2024 | 0.1 |
| Prepare for and attend conference with Defendant's counsel regarding certification discovery plan | 3/14/2024 | 1.6 |
| Correspondence with Defendant's counsel regarding supplemental joint status report | 3/15/2024 | 0.3 |
| Review and analyze Defendant's proposed revisions to the supplemental joint status report | 3/15/2024 | 0.3 |
| Correspondence with Defendant's counsel regarding supplemental joint status report | 3/18/2024 | 0.7 |
| Correspondence with chambers regarding Proposed Order submitted with ECF No. 38 – Supplemental Joint Status Report | 3/18/2024 | 0.1 |
| Review and analyze Defendant's Answer to Plaintiffs' First Amended Complaint | 3/19/2024 | 3.8 |
| Review and analyze Order regarding Supplemental Joint Status Report | 3/19/2024 | 0.3 |

**App. 35**

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Prepare draft of revised versions of Plaintiffs' First Set of Requests for Production of Documents, Plaintiffs' First Set of Interrogatories, and Plaintiffs' First Set of Requests for Admissions to Defendant | 3/22/2024 | 6.7 |
| Finalize and serve revised versions of Plaintiffs' First Set of Requests for Production of Documents, Plaintiffs' First Set of Interrogatories, and Plaintiffs' First Set of Requests for Admissions to Defendant | 3/28/2024 | 0.5 |
| Review and analyze Defendant's revised First Discovery Requests to Plaintiffs and correspondence from Defendant's counsel regarding same | 4/2/2024 | 3.4 |
| Prepare for and attend conference with Ethel June Maranan regarding "Voluntary Statement" from FirstKey | 4/24/2024 | 1.5 |
| Review and analyze research regarding "Voluntary Statement" | 4/24/2024 | 10.3 |
| Correspondence with Defendant's counsel regarding Plaintiffs' request for meet and confer on emergency motion | 4/24/2024 | 0.4 |
| Prepare for and attend conference with Defendant's counsel regarding Defendant's letters to Regional Leasing Agents | 4/24/2024 | 0.7 |
| Review and analyze research regarding "Voluntary Statement" and prepare Joint Report on Plaintiffs' emergency motion for protective order | 4/25/2024 | 13.6 |
| Prepare Joint Report on Plaintiffs' emergency motion for protective order and exhibits | 4/26/2024 | 11.9 |
| Correspondence with Defendant's counsel regarding proposed protective order | 4/26/2024 | 0.1 |
| Correspondence with Defendant's counsel regarding Plaintiffs' emergency motion for protective order | 4/26/2024 | 0.5 |
| Prepare Joint Report on Plaintiffs' emergency motion for protective order and exhibits | 4/27/2024 | 12.5 |
| Review correspondence with Defendant's counsel regarding Plaintiffs' emergency motion for protective order | 4/27/2024 | 0.2 |
| Review correspondence with Defendant's counsel regarding Plaintiffs' emergency motion for protective order | 4/28/2024 | 0.2 |
| Correspondence with Defendant's counsel regarding Plaintiffs' emergency motion for protective order | 4/29/2024 | 1.5 |
| Review and analyze Defendant's revisions to joint report and prepare further revisions to same | 4/29/2024 | 7.6 |
| Review and analyze Nellcine Ford affidavit | 4/29/2024 | 0.3 |
| Prepare Emergency Motion for Protective Order and Plaintiffs' Request for Oral Argument on Plaintiffs' Emergency Motion for Protective Order | 4/29/2024 | 0.7 |
| Review and analyze Electronic Order regarding Plaintiffs' Emergency Motion for Protective Order and Other Relief | 4/30/2024 | 0.2 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze Defendant's responses to Plaintiffs' First Set of Requests for Production of Documents, Plaintiffs' First Set of Interrogatories, and Plaintiffs' First Set of Requests for Admissions to Defendant | 4/30/2024 | 3.3 |
| Review and analyze Defendant's document production | 4/30/2024 | 7.5 |
| Prepare for and attend conference with Janise Campbell regarding FirstKey wage and hour issues and follow-up regarding same | 5/1/2024 | 2.8 |
| Review and analyze Defendant's document production | 5/1/2024 | 6.6 |
| Prepare Plaintiffs' Responses and Objections to Defendant's discovery requests | 5/2/2024 | 5.2 |
| Prepare for and attend conferences with Jeffrey Plunkett and Ethel June Maranan regarding discovery | 5/3/2024 | 3.5 |
| Review and analyze research regarding opposing party's contact with party represented by counsel | 5/3/2024 | 8.1 |
| Prepare for and attend conferences with Jeffrey Plunkett and Ethel June Maranan regarding discovery | 5/6/2024 | 1.2 |
| Finalize and serve Plaintiff Jeffrey Plunkett's Responses and Objections to Defendant's First Set of Interrogatories; Verification of Jeffrey Plunkett; Plaintiff Ethel June Maranan's Responses and Objections to Defendant's First Set of Interrogatories; Verification of Ethel June Maranan; Plaintiffs' Responses and Objections to Defendant's First Set of Requests for Production; and Plaintiffs' document production | 5/6/2024 | 2.5 |
| Review and analyze Defendant's document production | 5/7/2024 | 8.1 |
| Correspondence with Defendant's counsel regarding "Voluntary Statements" | 5/7/2024 | 0.1 |
| Review and analyze research regarding opposing party's contact with party represented by counsel | 5/8/2024 | 6.7 |
| Correspondence with Defendant's counsel regarding "Voluntary Statements" | 5/8/2024 | 0.3 |
| Review and analyze Defendant's proposed protective order and prepare revisions to same | 5/8/2024 | 2.8 |
| Review and analyze Defendant's Response to Plaintiffs' Emergency Motion for Protective Order and Other Relief and Supplemental Affidavit of Nellcine Ford | 5/8/2024 | 3.1 |
| Review and analyze completed new client paperwork for Janise Campbell | 5/9/2024 | 0.5 |
| Correspondence with Defendant's counsel regarding "Voluntary Statements" | 5/9/2024 | 0.3 |
| Review and analyze Defendant's document production | 5/9/2024 | 2.9 |
| Review and analyze Defendant's Response to Plaintiffs' Emergency Motion for Protective Order and | 5/9/2024 | 3.7 |

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Other Relief and Supplemental Affidavit of Nellcine Ford | | |
| Prepare Plaintiffs' reply on Emergency Motion for Protective Order | 5/10/2024 | 8.1 |
| Correspondence with Defendant's counsel regarding Plaintiffs' anticipated need to file documents marked as confidential by Defendant | 5/10/2024 | 0.2 |
| Prepare Plaintiffs' reply on Emergency Motion for Protective Order | 5/13/2024 | 9.3 |
| Correspondence with Defendant's counsel regarding Plaintiffs' anticipated need to file documents marked as confidential by Defendant | 5/13/2024 | 0.5 |
| Correspondence with Defendant's counsel regarding Defendant's removal of confidential designation from documents previously marked as confidential by Defendant and setting call to discuss protective order | 5/14/2024 | 0.3 |
| Review and analyze Electronic Order regarding required Certificate of Interested Persons for Plaintiff Ethel June Maranan | 5/14/2024 | 0.1 |
| Prepare Certificate of Interested Persons/Disclosure Statement by Plaintiffs Jeffrey Plunkett and Ethel June Maranan | 5/14/2024 | 0.2 |
| Review and analyze research regarding motions for protective order | 5/14/2024 | 10.2 |
| Review and analyze Defendant's document production | 5/16/2024 | 9.7 |
| Prepare for and attend conference with Ethel June Maranan | 5/16/2024 | 0.8 |
| Correspondence with Defendant's counsel regarding conference to discuss protective order | 5/17/2024 | 0.2 |
| Prepare for hearing on Plaintiffs' Emergency Motion for Protective Order | 5/19/2024 | 10.6 |
| Travel to hearing on Plaintiffs' Emergency Motion for Protective Order | 5/20/2024 | 3.7 |
| Prepare for and attend hearing on Plaintiffs' Emergency Motion for Protective Order | 5/20/2024 | 2.4 |
| Return travel from hearing on Plaintiffs' Emergency Motion for Protective Order | 5/20/2024 | 3.5 |
| Review Minute Entry regarding Plaintiffs' Emergency Motion for Protective Order and Other Relief | 5/20/2024 | 0.1 |
| Review and analyze Defendant's document production | 5/21/2024 | 8.4 |
| Review and analyze Defendant's document production and prepare discovery deficiency letter to Defendant | 5/22/2024 | 6.3 |
| Correspondence with Defendant's counsel regarding letter addressing deficiencies in Defendant's written discovery responses and document production | 5/22/2024 | 0.2 |
| Review and analyze Order on Plaintiffs' Emergency Motion for Protective Order and Other Relief | 5/22/2024 | 2.7 |

**App. 38**

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Prepare for and attend conference with Ethel June Maranan | 5/22/2024 | 1.5 |
| Correspondence with Defendant's counsel regarding conference to discuss Defendant's discovery deficiencies | 5/23/2024 | 0.3 |
| Correspondence with Defendant's counsel regarding Order dated May 22, 2024 | 5/23/2024 | 0.1 |
| Correspondence with Defendant's counsel regarding Order dated May 22, 2024 | 5/24/2024 | 0.2 |
| Correspondence with Defendant's counsel regarding Order dated May 22, 2024 | 5/28/2024 | 0.3 |
| Prepare for and attend conference with Defendant's counsel regarding Defendant's discovery deficiencies | 5/28/2024 | 1.2 |
| Review and analyze Defendant's document production | 5/28/2024 | 7.5 |
| Review and analyze legal research regarding attorney hourly rates | 5/29/2024 | 9.7 |
| Prepare for and attend conference with Defendant's counsel regarding Order dated May 22, 2024 and mediation | 5/29/2024 | 1.4 |
| Correspondence with Defendant's counsel regarding mediation | 5/29/2024 | 0.3 |
| Review and analyze legal research regarding discovery of work emails from employer | 5/30/2024 | 9.5 |
| Review correspondence from Defendant's counsel regarding mediation | 5/30/2024 | 0.1 |
| Review and analyze legal research regarding discovery of work emails from employer | 5/31/2024 | 9.2 |
| Review and analyze Defendant's Amended Responses to Plaintiff's Requests for Production of Documents and Interrogatories and correspondence from Defendant's counsel regarding Defendant's discovery deficiencies | 6/1/2024 | 2.1 |
| Review and analyze Defendant's document production and correspondence from Defendant's counsel regarding documents | 6/3/2024 | 6.4 |
| Review and analyze Defendant's Notice of Production of Designated Documents Per the Court's May 22, 2024 Memorandum Opinion and Order | 6/4/2024 | 0.1 |
| Review and analyze Defendant's document production | 6/4/2024 | 8.1 |
| Review and analyze Amended Affidavit and Amended Supplemental Affidavit of Nellcine Ford | 6/5/2024 | 1.2 |
| Review and analyze legal research regarding discovery of work emails from employer | 6/5/2024 | 7.5 |
| Review and analyze Defendant's document production | 6/6/2024 | 6.3 |
| Prepare updated summary of documents missing from Defendant | 6/7/2024 | 5.7 |

**App. 39**

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Correspondence with Defendant's counsel regarding updated summary of documents missing from Defendant | 6/7/2024 | 0.1 |
| Prepare for and attend conference with Defendant's counsel regarding Defendant's discovery deficiencies | 6/7/2024 | 1.6 |
| Review and analyze Defendant's document production | 6/7/2024 | 2.8 |
| Correspondence with Defendant's counsel regarding mediation | 6/10/2024 | 0.3 |
| Correspondence and conference with office of mediator Eric Galton regarding mediation | 6/10/2024 | 0.4 |
| Review and analyze research regarding settlement of pre-certification FLSA collective actions | 6/10/2024 | 8.1 |
| Review and analyze Defendant's document production | 6/10/2024 | 2.3 |
| Correspondence with Defendant's counsel regarding call to discuss mediation | 6/11/2024 | 0.2 |
| Prepare for and attend conference with Defendant's counsel regarding mediation | 6/11/2024 | 1.2 |
| Prepare Joint Report and Joint Motion to Extend Deadlines and Proposed Order | 6/11/2024 | 1.4 |
| Correspondence with Defendant's counsel regarding Joint Report and Joint Motion to Extend Deadlines and Proposed Order | 6/11/2024 | 0.3 |
| Correspondence with chambers regarding Proposed Order submitted with Dkt. No. 54 – Joint Report and Joint Motion to Extend Deadlines | 6/11/2024 | 0.1 |
| Review and analyze research regarding settlement of pre-certification FLSA collective actions | 6/12/2024 | 7.8 |
| Review and analyze Order Amending Deadlines and Administratively Closing Case | 6/12/2024 | 0.3 |
| Review and analyze Defendant's revisions to proposed protective order | 6/14/2024 | 0.5 |
| Review correspondence from Defendant's counsel regarding Defendant's production of documents | 6/14/2024 | 0.2 |
| Review and analyze Defendant's document production | 6/16/2024 | 8.3 |
| Correspondence with Defendant's counsel regarding further revisions to protective order and mediation | 6/17/2024 | 0.2 |
| Review and analyze Defendant's document production | 6/17/2024 | 7.7 |
| Correspondence with Defendant's counsel regarding protective order and mediation | 6/18/2024 | 0.3 |
| Correspondence and conference with office of mediator Eric Galton regarding mediation | 6/18/2024 | 0.4 |
| Review Defendant's Unopposed Motion for Entry of Stipulated Protective Order | 6/18/2024 | 0.1 |
| Review and analyze Defendant's document production | 6/18/2024 | 7.8 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review Order Granting Defendant's Unopposed Motion for Entry of Stipulated Protective Order | 6/19/2024 | 0.1 |
| Review and analyze Defendant's document production | 6/19/2024 | 8.1 |
| Correspondence and conference with office of mediator Eric Galton regarding mediation | 6/20/2024 | 0.2 |
| Review and analyze research regarding confidential settlements of FLSA collective actions | 6/20/2024 | 7.6 |
| Review and analyze Defendant's document production | 6/21/2024 | 8.3 |
| Correspondence with Defendant's counsel regarding documents needed for mediation | 6/24/2024 | 0.2 |
| Review and analyze Defendant's document production | 6/24/2024 | 7.6 |
| Review and analyze Defendant's document production | 6/25/2024 | 9.1 |
| Prepare for and attend conference with Joseph Kowsky regarding FirstKey wage and hour issues and follow-up regarding same | 6/26/2024 | 2.4 |
| Review and analyze Defendant's document production | 6/26/2024 | 6.5 |
| Review correspondence from Defendant's counsel regarding documents for mediation and information regarding Plaintiffs and putative collective action members | 6/26/2024 | 0.2 |
| Review and analyze completed new client paperwork for Joseph Kowsky | 6/27/2024 | 0.5 |
| Prepare for mediation | 6/27/2024 | 8.3 |
| Review and revise mediation damage models | 6/28/2024 | 7.8 |
| Prepare for mediation | 7/1/2024 | 8.5 |
| Review and revise mediation damage models | 7/2/2024 | 8.1 |
| Prepare for mediation | 7/3/2024 | 9.2 |
| Prepare for mediation | 7/8/2024 | 5.7 |
| Prepare for mediation | 7/9/2024 | 9.4 |
| Review and revise mediation damage models | 7/10/2024 | 7.9 |
| Prepare for mediation | 7/11/2024 | 8.3 |
| Correspondence with Angel Wiggins regarding status of case | 7/11/2024 | 0.3 |
| Prepare for mediation | 7/12/2024 | 8.5 |
| Prepare for mediation | 7/15/2024 | 8.1 |
| Correspondence with mediator regarding upcoming mediation | 7/15/2024 | 0.2 |
| Prepare for mediation | 7/16/2024 | 6.8 |
| Travel to Austin, TX for mediation | 7/16/2024 | 2.7 |
| Prepare for and attend mediation with mediator Eric Galton | 7/17/2024 | 9.6 |
| Prepare draft of joint report regarding mediation | 7/17/2024 | 0.3 |

**App. 41**

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review correspondence with Defendant's counsel regarding joint report on mediation | 7/17/2024 | 0.1 |
| Return travel from mediation | 7/17/2024 | 2.9 |
| Correspondence with Defendant's counsel regarding joint report on mediation and Defendant's proposed revisions to same | 7/18/2024 | 0.5 |
| Review and analyze Defendant's document production and prepare updated list of documents still missing from Defendant | 7/18/2024 | 4.7 |
| Review correspondence from Defendant's counsel regarding Plaintiffs' updated list of documents still missing from Defendant | 7/19/2024 | 0.5 |
| Continued mediation discussions and settlement evaluation | 7/20/2024 | 5.9 |
| Review correspondence with Defendant's counsel regarding continued settlement discussions | 7/22/2024 | 0.2 |
| Review and analyze research regarding FLSA settlement approval | 7/26/2024 | 7.6 |
| Review correspondence from office of mediator Eric Galton's office regarding mediator's post-mediation work | 7/26/2024 | 0.1 |
| Review correspondence with Defendant's counsel regarding proposed joint report regarding settlement and proposed order regarding settlement deadlines | 8/1/2024 | 0.1 |
| Review correspondence with Defendant's counsel regarding proposed joint report regarding settlement | 8/5/2024 | 0.2 |
| Prepare adjusted damage models for settlement purposes | 8/5/2024 | 7.7 |
| Review and analyze Defendant's revisions to proposed joint report regarding settlement and correspondence with Defendant's counsel regarding same | 8/6/2024 | 0.3 |
| Correspondence with chambers regarding Proposed Order submitted with Dkt. No. 61 – Joint Post-Mediation Report and Request for Stay of Current Deadlines | 8/6/2024 | 0.1 |
| Review Order Setting Deadlines for FLSA Settlement | 8/6/2024 | 0.1 |
| Review and analyze research regarding settlement | 8/6/2024 | 6.9 |
| Correspondence with Angel Wiggins regarding status update | 8/8/2024 | 0.2 |
| Prepare draft of joint motion to approve settlement | 8/8/2024 | 7.3 |
| Prepare draft of joint motion to approve settlement | 8/9/2024 | 7.6 |
| Prepare draft of notice form | 8/9/2024 | 1.5 |
| Prepare for and attend conference with Simpluris regarding settlement administration | 8/12/2024 | 0.8 |
| Review and analyze Simpluris proposal for settlement administration | 8/13/2024 | 1.2 |
| Correspondence with Janise Campbell regarding status update | 8/16/2024 | 0.3 |

**App. 42**

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Prepare consent form for settlement | 8/19/2024 | 0.4 |
| Prepare proposed order on joint motion to approve settlement | 8/20/2024 | 0.3 |
| Prepare for and attend conference with Simpluris regarding proposal for settlement administration and correspondence regarding same | 8/21/2024 | 0.7 |
| Review and revise settlement agreement, joint motion to approve settlement, notice form, consent form, and proposed order | 8/21/2024 | 3.2 |
| Review correspondence with Defendant's counsel regarding Plaintiffs' drafts of settlement documents and requesting ID numbers for certain employees | 8/21/2024 | 0.1 |
| Review and analyze revised Simpluris proposal for settlement administration | 8/22/2024 | 0.9 |
| Review correspondence from Defendant's counsel regarding settlement documents | 8/22/2024 | 0.1 |
| Review and revise draft of Joint Motion for Leave to File Exhibit A to Settlement Agreement Under Seal and declarations and proposed order in support | 8/23/2024 | 5.8 |
| Correspondence with Defendant's counsel regarding Plaintiff's drafts of Joint Motion for Leave to File Exhibit A to Settlement Agreement Under Seal and declarations and proposed order in support | 8/26/2024 | 0.2 |
| Review correspondence with Defendant's counsel regarding Simpluris proposal and requesting call to discuss settlement documents | 8/26/2024 | 0.2 |
| Correspondence with Defendant's counsel regarding conference to discuss settlement documents | 8/27/2024 | 0.5 |
| Correspondence with Defendant's counsel regarding employee ID numbers | 8/27/2024 | 0.4 |
| Review correspondence with Defendant's counsel regarding agenda for conference to discuss settlement documents | 8/28/2024 | 0.2 |
| Prepare for and attend conference with Defendant's counsel regarding settlement documents | 8/28/2024 | 1.3 |
| Prepare adjusted damage models for settlement purposes | 8/28/2024 | 7.6 |
| Prepare adjusted damage models for settlement purposes | 8/29/2024 | 8.3 |
| Correspondence with Defendant's counsel regarding Exhibit A to settlement agreement | 8/29/2024 | 0.2 |
| Correspondence with Defendant's counsel regarding settlement calculations | 8/30/2024 | 0.2 |
| Review correspondence with Defendant's counsel regarding settlement documents | 9/3/2024 | 0.2 |
| Correspondence with Defendant's counsel regarding settlement documents | 9/4/2024 | 1.4 |
| Review and analyze Defendant's revisions to settlement documents and prepare further revisions to same | 9/4/2024 | 5.3 |

**App. 43**

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Correspondence with Defendant's counsel regarding settlement documents | 9/5/2024 | 0.6 |
| Review and analyze Defendant's revisions to settlement documents and prepare further revisions to same | 9/5/2024 | 3.8 |
| Prepare for and attend conference with Defendant's counsel regarding settlement documents | 9/5/2024 | 0.5 |
| Correspondence with Defendant's counsel regarding settlement | 9/6/2024 | 1.5 |
| Prepare for and attend conference with Defendant's counsel regarding settlement documents | 9/6/2024 | 0.8 |
| Review and analyze Defendant's revisions to settlement documents and prepare further revisions to same | 9/6/2024 | 2.7 |
| Prepare for and attend conferences with clients regarding settlement documents | 9/6/2024 | 1.8 |
| Correspondence with chambers regarding Proposed Orders submitted with Joint Motion to Approve FLSA Settlement and Joint Motion for Leave to File Exhibit A to Settlement Agreement and Release Under Seal | 9/6/2024 | 0.1 |
| Correspondence with Simpluris regarding settlement | 9/11/2024 | 0.5 |
| Correspondence with Angel Wiggins regarding status update | 10/9/2024 | 0.3 |
| Review correspondence with Defendant's counsel regarding request for settlement hearing | 10/16/2024 | 0.2 |
| Prepare draft of Joint Request for Hearing on Joint Motion to Approve FLSA Settlement and correspondence with Defendant's counsel regarding same | 10/17/2024 | 0.5 |
| File Joint Request for Hearing on Joint Motion to Approve FLSA Settlement | 10/17/2024 | 0.1 |
| Review and analyze Order Granting Joint Motion for Leave to File Exhibit A to the Settlement Agreement and Release Under Seal | 10/17/2024 | 0.2 |
| Review Order Granting Joint Request for Hearing on Joint Motion to Approve FLSA Settlement | 10/18/2024 | 0.1 |
| Correspondence with Simpluris regarding settlement | 10/21/2024 | 0.2 |
| Prepare for hearing on Joint Motion to Approve FLSA Settlement | 10/23/2024 | 8.5 |
| Travel to Dallas for hearing on Joint Motion to Approve FLSA Settlement | 10/29/2024 | 3.1 |
| Prepare for and attend hearing on Joint Motion to Approve FLSA Settlement | 10/29/2024 | 1.7 |
| Review Minute Entry for proceedings held before Magistrate Judge David L. Horan | 10/29/2024 | 0.1 |
| Review Electronic Order regarding supplemental materials in support of the parties' Joint Motion to Approve FLSA Settlement | 10/29/2024 | 0.1 |
| Return travel from Dallas for hearing on Joint Motion to Approve FLSA Settlement | 10/29/2024 | 3.2 |

**App. 44**

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze research for supplemental motion for approval of settlement | 10/29/2024 | 0.8 |
| Review and analyze research for supplemental motion for approval of settlement | 10/30/2024 | 8.3 |
| Review and analyze research for supplemental motion for approval of settlement | 11/1/2024 | 9.6 |
| Review and analyze research for supplemental motion for approval of settlement | 11/4/2024 | 8.5 |
| Review and analyze research for supplemental motion for approval of settlement | 11/5/2024 | 8.2 |
| Prepare Plaintiffs' Supplemental Motion for Approval of FLSA Settlement | 11/12/2024 | 3.8 |
| Prepare Plaintiffs' Supplemental Motion for Approval of FLSA Settlement | 11/13/2024 | 9.7 |
| Anticipated additional attorney time following Court approval of settlement, including attorney time to be spent during notice period and time to be spent for completion of settlement, working with the settlement administrator, answering questions from clients, filing notices of consent, and communicating with opposing counsel as issues arise (estimated average of 30 minutes per collective action member participant) | | 41.5 |

**Summary of Fees Billed for Patrick J. Raspino**    **Total Hours:**    **1081.9**

**Hourly Rate: $490**    **Total Fees:**    **$530,131.00**

\*Counsel has deducted out all attorney time that was paid as part of sanctions against Defendant

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

**Timekeeper: Jennifer M. Walker**
**Rate: $390/hour**

| Task | Date | Time |
|---|---|---|
| Research regarding prior lawsuits against FirstKey | 4/12/2023 | 1.0 |
| Research regarding Fifth Circuit law on severance agreements and waiver/release of FLSA claims | 11/29/2023 | 3.0 |
| Research regarding prior lawsuits against FirstKey | 11/30/2023 | 0.4 |
| Research regarding Eleventh Circuit law on severance agreements and waiver/release of FLSA claims | 11/30/2023 | 4.5 |
| Research regarding Fifth Circuit law on severance agreements and waiver/release of FLSA claims | 11/30/2023 | 0.9 |
| Research regarding Fourth Circuit law on severance agreements and waiver/release of FLSA claims | 12/1/2023 | 1.0 |
| Research regarding transfer of venue and remote employees | 12/4/2023 | 0.8 |
| Draft Original Complaint | 12/4/2023 | 2.0 |
| Prepare Civil Case Cover Sheet and Certificate of Interested Persons | 12/4/2023 | 0.8 |
| Research regarding Judge Lindsay's rulings on conditional certification in FLSA cases | 12/7/2023 | 1.3 |
| Research regarding Judge Lindsay's rulings on conditional certification in FLSA cases | 12/8/2023 | 1.5 |
| Review FirstKey's request for extension of time to answer or respond to Plaintiff's complaint | 12/29/2023 | 0.2 |
| Review research regarding ND Tex rulings on conditional certification in FLSA cases | 1/2/2024 | 0.9 |
| Review research regarding ND Tex rulings on conditional certification in FLSA cases | 1/3/2024 | 0.2 |
| Draft Motion for Default Judgment | 1/3/2024 | 0.7 |
| Draft Motion for Default Judgment | 1/4/2024 | 0.9 |
| Review Defendant's response to Plaintiff's Motion for Default Judgment | 1/5/2024 | 0.1 |
| Review Defendant's Answer to Plaintiff's Original Complaint | 1/5/2024 | 0.2 |
| Research regarding standard for conditional certification in 5th Circuit | 1/5/2024 | 3.5 |
| Research regarding standard for conditional certification in 5th Circuit | 1/8/2024 | 7.1 |
| Research regarding standard for conditional certification in 5th Circuit | 1/9/2024 | 6.9 |
| Research regarding standard for conditional certification in 5th Circuit | 1/10/2024 | 6.9 |
| Research regarding standard for conditional certification in 5th Circuit | 1/11/2024 | 1.2 |
| Research regarding recent 5th Circuit district court certification cases | 1/16/2024 | 2.0 |
| Review and analyze Keyper handbook | 1/16/2024 | 1.0 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Draft motion for certification/notice | 1/17/2024 | 6.8 |
| Draft motion for certification/notice | 1/18/2024 | 7.0 |
| Draft motion for certification/notice | 1/19/2024 | 5.8 |
| Research regarding enforceability of jury trial waiver | 1/22/2024 | 2.7 |
| Research regarding enforceability of jury trial waiver | 1/23/2024 | 6.8 |
| Research regarding enforceability of jury trial waiver | 1/24/2024 | 1.9 |
| Research regarding enforceability of venue provision/forum selection clause in severance agreement | 1/24/2024 | 5.0 |
| Research regarding Eleventh Circuit standard for certification of FLSA collective actions | 1/24/2024 | 0.3 |
| Draft Requests for Admission | 1/25/2024 | 2.9 |
| Research regarding enforceability of venue provision/forum selection clause in severance agreement | 1/26/2024 | 3.2 |
| Research regarding discovery allowed before FLSA certification | 2/12/2024 | 3.8 |
| Research regarding discovery allowed before FLSA certification | 2/13/2024 | 0.9 |
| Research regarding 5th Circuit treatment of subclasses in FLSA collective actions | 2/16/2024 | 1.7 |
| Research regarding 5th Circuit treatment of subclasses in FLSA collective actions | 2/19/2024 | 0.9 |
| Research regarding motion for joinder in 5th Circuit FLSA cases | 2/20/2024 | 6.6 |
| Research regarding motion for joinder in 5th Circuit FLSA cases | 2/20/2024 | 0.3 |
| Research regarding motion for joinder in 5th Circuit FLSA cases | 2/21/2024 | 2.8 |
| Research regarding 5th Circuit treatment of subclasses in FLSA collective actions | 2/21/2024 | 4.0 |
| Draft Responses and Objections to FirstKey's First Set of Discovery Requests | 2/22/2024 | 5.8 |
| Draft Responses and Objections to FirstKey's First Set of Discovery Requests | 2/23/2024 | 5.5 |
| Review research regarding discovery needed/common policy in off-the-clock cases | 2/23/2024 | 0.7 |
| Review research regarding discovery needed/common policy in off-the-clock cases | 2/26/2024 | 5.6 |
| Draft First Amended Complaint to include Ethel June Maranan as a named plaintiff | 2/26/2024 | 1.8 |
| Review research regarding discovery needed/common policy in off-the-clock cases | 2/27/2024 | 0.3 |
| Draft Responses and Objections to FirstKey's First Set of Discovery Requests | 2/27/2024 | 2.3 |
| Research regarding motion for leave to amend complaint | 2/27/2024 | 1.7 |

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Research regarding motion for leave to amend complaint | 2/28/2024 | 2.0 |
| Draft Motion for Leave to Amend Complaint | 2/28/2024 | 5.0 |
| Draft Motion for Leave to Amend Complaint | 2/29/2024 | 1.5 |
| Draft Supplemental Joint Status Report | 3/11/2024 | 3.5 |
| Draft Supplemental Joint Status Report | 3/12/2024 | 3.2 |
| Draft Responses and Objections to FirstKey's First Set of Discovery Requests to Plaintiffs Maranan and Plunkett | 4/16/2024 | 1.8 |
| Research regarding validity of settlement agreement sent to FirstKey employees | 4/24/2024 | 4.5 |
| Research regarding validity of settlement agreement sent to FirstKey employees | 4/25/2024 | 3.7 |
| Draft plaintiffs' portion of parties' Joint Report regarding Plaintiffs' Emergency Motion for Protective Order and Other Relief | 4/25/2024 | 4.3 |
| Research regarding legality and consequences of a party's contact regarding litigation with an opposing party represented by counsel in the litigation | 4/26/2024 | 1.8 |
| Draft plaintiffs' portion of parties' Joint Report regarding Plaintiffs' Emergency Motion for Protective Order and Other Relief | 4/26/2024 | 1.7 |
| Research regarding the facts and holding of Defendant's cited cases parties' Joint Report regarding Plaintiffs' Emergency Motion for Protective Order and Other Relief | 4/29/2024 | 0.6 |
| Draft plaintiffs' portion of parties' Joint Report regarding Plaintiffs' Emergency Motion for Protective Order and Other Relief | 4/29/2024 | 0.9 |
| Edit and proofread plaintiffs' portion of parties' Joint Report regarding Plaintiffs' Emergency Motion for Protective Order and Other Relief | 4/29/2024 | 1.0 |
| Research regarding Oregon wage and hour laws | 5/1/2024 | 1.1 |
| Review and analyze Defendant's initial document production | 5/2/2024 | 5.2 |
| Draft Responses and Objections to FirstKey's First Set of Discovery Requests to Plaintiffs Maranan and Plunkett | 5/2/2024 | 0.7 |
| Review and analyze Defendant's initial document production | 5/3/2024 | 2.5 |
| Research regarding legality and consequences of a party's contact regarding litigation with an opposing party represented by counsel in the litigation | 5/3/2024 | 4.5 |
| Research regarding legality and consequences of a party's contact regarding litigation with an opposing party represented by counsel in the litigation | 5/6/2024 | 6.1 |
| Research regarding discoverability of personal phone records in FLSA case | 5/6/2024 | 1.0 |

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Research regarding legality and consequences of a party's contact regarding litigation with an opposing party represented by counsel in the litigation | 5/7/2024 | 5.8 |
| Research regarding Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct | 5/7/2024 | 1.6 |
| Research regarding Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct | 5/8/2024 | 4.0 |
| Research regarding legality and consequences of a party's contact regarding litigation with an opposing party represented by counsel in the litigation | 5/8/2024 | 3.4 |
| Draft Plaintiffs' Reply to Defendant's Response to Plaintiffs' Emergency Motion for Protective Order and Other Relief | 5/9/2024 | 6.8 |
| Draft Plaintiffs' Reply to Defendant's Response to Plaintiffs' Emergency Motion for Protective Order and Other Relief | 5/10/2024 | 6.9 |
| Review and analyze Defendant's initial document production | 5/13/2024 | 4.3 |
| Review and analyze Defendant's 5/9/2024 document production | 5/13/2024 | 0.4 |
| Review research regarding validity of employer-drafted statements signed by current employees and consequences, if any, for the employer | 5/14/2024 | 0.7 |
| Review Defendant's document production for deficiencies | 5/15/2024 | 1.4 |
| Proofread and cite check Plaintiffs' Reply to Defendant's Response to Plaintiffs' Emergency Motion for Protective Order and Other Relief | 5/15/2024 | 1.2 |
| Review Defendant's document production for deficiencies | 5/16/2024 | 2.3 |
| Research regarding 5th Circuit authority on production of plaintiff's work emails and transaction records in employment cases | 5/28/2024 | 7.5 |
| Research regarding hourly billing rates for attorneys in Dallas/Texas legal markets | 5/29/2024 | 6.9 |
| Research regarding 5th Circuit authority on production of plaintiff's work emails and transaction records in employment cases | 5/30/2024 | 7.2 |
| Research regarding 5th Circuit authority on production of plaintiff's work emails and transaction records in employment cases | 5/31/2024 | 7.1 |
| Research regarding 5th Circuit authority on production of plaintiff's work emails and transaction records in employment cases | 6/3/2024 | 1.5 |
| Review and analyze Defendant's 5/28/2024 document production for deficiencies | 6/3/2024 | 3.2 |
| Review and analyze Defendant's 5/31/2024 document production for deficiencies | 6/3/2024 | 2.7 |
| Review and analyze Defendant's 5/28/2024 document production | 6/4/2024 | 1.4 |

**REDACTED FEE BILLS**

**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze Defendant's 6/4/2024 document production for deficiencies | 6/5/2024 | 2.6 |
| Review and analyze Defendant's 6/4/2024 document production for deficiencies | 6/6/2024 | 0.6 |
| Review and analyze Defendant's 5/28/2024 document production | 6/6/2024 | 3.0 |
| Review and analyze Defendant's 5/28/2024 document production | 6/7/2024 | 2.9 |
| Review and analyze Defendant's 6/6/2024 document production for deficiencies | 6/7/2024 | 0.8 |
| Review research regarding production of Plaintiff's work emails in employment cases | 6/7/2024 | 0.5 |
| Review and analyze Defendant's 5/31/2024 document production | 6/7/2024 | 2.0 |
| Review and analyze Defendant's 5/31/2024 document production | 6/10/2024 | 2.8 |
| Research regarding settlement requirements for pre-certification FLSA collective action | 6/10/2024 | 5.3 |
| Research regarding settlement requirements for pre-certification FLSA collective action | 6/11/2024 | 7.4 |
| Research regarding settlement requirements for pre-certification FLSA collective action | 6/12/2024 | 4.0 |
| Compare Powell phone records and time records | 6/12/2024 | 3.0 |
| Compare Powell phone records and time records | 6/13/2024 | 0.7 |
| Compare Plunkett phone records and time records | 6/13/2024 | 6.6 |
| Compare Sharp phone records and time records | 6/14/2024 | 2.4 |
| Compare Ball phone records and time records | 6/14/2024 | 2.8 |
| Compare Grimes phone records and time records | 6/14/2024 | 2.5 |
| Compare Grimes phone records and time records | 6/17/2024 | 2.9 |
| Compare Cunningham phone records and time records | 6/17/2024 | 2.0 |
| Compare Cunningham phone records and time records | 6/18/2024 | 1.7 |
| Review Maranan phone records and create Maranan phone records summary | 6/18/2024 | 1.7 |
| Review and analyze Defendant's 6/14/2024 production of Plaintiffs' emails and Teams messages | 6/18/2024 | 0.6 |
| Review and analyze Defendant's 6/14/2024 production of Plaintiffs' Teams messages | 6/18/2024 | 2.2 |
| Review and analyze Defendant's 6/14/2024 production of Ethel June Maranan's emails | 6/18/2024 | 0.7 |
| Review and analyze Defendant's 6/14/2024 production of Ethel June Maranan's emails | 6/19/2024 | 2.2 |
| Review and analyze Defendant's 6/14/2024 production of Jeffrey Plunkett's emails | 6/19/2024 | 1.3 |
| Research regarding confidential settlements of FLSA collective actions | 6/20/2024 | 0.6 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review and analyze Defendant's 6/14/2024 production of Jeffrey Plunkett's emails | 6/20/2024 | 7.1 |
| Review and analyze Defendant's 6/14/2024 production of Jeffrey Plunkett's emails | 6/21/2024 | 7.5 |
| Review and analyze Defendant's 6/14/2024 production of Jeffrey Plunkett's emails | 6/24/2024 | 5.3 |
| Create Plunkett time records summary | 6/24/2024 | 0.3 |
| Review and analyze Defendant's email production | 6/24/2024 | 2.0 |
| Review and analyze Defendant's email production | 6/25/2024 | 7.5 |
| Review and analyze Defendant's email production | 6/26/2024 | 6.0 |
| Review and analyze Defendant's 6/26/2024 production of employee time and pay information | 6/27/2024 | 0.2 |
| Create Ball damage model for mediation | 6/27/2024 | 0.4 |
| Create Plunkett damage model for mediation | 6/27/2024 | 3.2 |
| Create Campbell damage model for mediation | 6/27/2024 | 0.7 |
| Create Cunningham damage model for mediation | 6/27/2024 | 1.7 |
| Create Powell damage model for mediation | 6/27/2024 | 1.0 |
| Create Grimes damage model for mediation | 6/28/2024 | 1.3 |
| Create Sevilla damage model for mediation | 6/28/2024 | 0.7 |
| Create Sharp damage model for mediation | 6/28/2024 | 0.5 |
| Create Wiggins damage model for mediation | 6/28/2024 | 0.4 |
| Create Maranan damage model for mediation | 6/28/2024 | 1.1 |
| Create Torres damage model for mediation | 6/28/2024 | 0.6 |
| Review anonymous employees' payroll records for mediation | 6/28/2024 | 1.1 |
| Create anonymous employees' damage models for mediation | 6/28/2024 | 0.6 |
| Create anonymous employees' damage models for mediation | 7/1/2024 | 7.7 |
| Create anonymous employees' damage models for mediation | 7/2/2024 | 5.5 |
| Analyze leasing agent pay stubs to determine calculation for overtime on commission earnings | 7/2/2024 | 1.5 |
| Create anonymous employees' damage models for mediation | 7/3/2024 | 6.2 |
| Create summary chart with anonymous employees' total damages for mediation | 7/3/2024 | 0.8 |
| Create anonymous employees' damage models for mediation | 7/5/2024 | 7.0 |
| Create anonymous employees' damage models for mediation | 7/8/2024 | 2.0 |
| Create anonymous employees' damage models for mediation | 7/9/2024 | 5.4 |
| Create summary chart with anonymous employees' total damages for mediation | 7/9/2024 | 0.3 |
| Review and analyze Defendant's email production | 7/10/2024 | 3.6 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Edit anonymous employees' damage models for mediation | 7/10/2024 | 2.9 |
| Review and analyze Defendant's email production | 7/11/2024 | 5.7 |
| Compare Grimes emails against time records | 7/11/2024 | 0.3 |
| Compare Cunningham emails against time records | 7/11/2024 | 0.2 |
| Compare Cunningham emails against time records | 7/12/2024 | 0.7 |
| Compare Grimes emails against time records | 7/12/2024 | 0.4 |
| Compare Plunkett emails against time records | 7/12/2024 | 1.0 |
| Edit Maranan email summary chart | 7/12/2024 | 0.2 |
| Create off-the-clock email, phone, and time records comparison slides for FirstKey mediation slideshow | 7/12/2024 | 4.4 |
| Create off-the-clock email, phone, and time records comparison slides for FirstKey mediation slideshow | 7/15/2024 | 7.2 |
| Create off-the-clock email, phone, and time records comparison slides for FirstKey mediation slideshow | 7/16/2024 | 7.1 |
| Review and analyze Defendant's 6/14/2024 production of Nataly Sevilla's emails | 7/17/2024 | 1.7 |
| Prepare draft of plaintiffs' motion for attorney's fees regarding court's sanctions order | 7/17/2024 | 5.1 |
| Review and analyze Defendant's 6/14/2024 production of Nataly Sevilla's emails | 7/18/2024 | 4.3 |
| Review and analyze Defendant's document production from 6/10/2024 to present for deficiencies | 7/18/2024 | 1.3 |
| Review and analyze Defendant's 6/14/2024 production of Ethel June Maranan's emails | 7/18/2024 | 2.0 |
| Review and analyze Defendant's 6/4/2024 document production | 7/19/2024 | 3.5 |
| Review and analyze Defendant's 6/6/2024 document production | 7/19/2024 | 1.6 |
| Review and analyze Defendant's 6/10/2024 and 6/26/2024 document production | 7/19/2024 | 0.8 |
| Research regarding 5th Circuit authority and precedent on reversionary settlements in FLSA collective actions | 7/21/2024 | 2.5 |
| Research regarding 5th Circuit authority and precedent on reversionary settlements in FLSA collective actions | 7/22/2024 | 2.0 |
| Review and analyze Defendant's document production | 7/22/2024 | 1.5 |
| Review and analyze Defendant's 6/14/2024 production of Ethel June Maranan's emails | 7/22/2024 | 3.8 |
| Review and analyze Defendant's 6/14/2024 production of Ethel June Maranan's emails | 7/23/2024 | 6.7 |
| Review and analyze Defendant's 6/14/2024 production of Ethel June Maranan's emails | 7/24/2024 | 7.0 |
| Review and analyze Defendant's 6/14/2024 production of Ethel June Maranan's emails | 7/25/2024 | 1.9 |

**App. 52**

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Review research regarding attorney fees in FLSA collective action settlements for contingency percentages allowed by courts | 7/25/2024 | 0.2 |
| Research regarding Judge Lindsay and/or Magistrate Judge Horan's requirements for FLSA collective action settlement approval | 7/25/2024 | 0.7 |
| Research regarding requirements for FLSA settlement approval in N.D. Tex. courts | 7/25/2024 | 2.2 |
| Research regarding pre-certification settlement of FLSA collective action | 7/25/2024 | 1.8 |
| Begin Drafting Motion for Approval of FLSA Settlement | 7/26/2024 | 1.0 |
| Research regarding recently approved FLSA settlements in N.D. Tex. courts | 7/26/2024 | 1.5 |
| Research regarding contingency rates in FLSA cases throughout the Fifth Circuit | 7/26/2024 | 3.0 |
| Gather sample motions for settlement approval, collective action settlement notice forms, and settlement agreements | 7/27/2024 | 1.2 |
| Revise damage models to account for 7/25/2021 trigger date, assumed overtime hours per week for each employee, and compile list of data needed through 7/25/2024 | 7/27/2024 | 2.2 |
| Research regarding FLSA settlements approved by Judges Lindsay and Horan | 8/6/2024 | 7.5 |
| Research regarding FLSA settlements approved by Judges Lindsay and Horan | 8/7/2024 | 0.2 |
| Draft Motion for Approval of FLSA Settlement | 8/7/2024 | 7.0 |
| Draft Notice to Opt-In Plaintiffs | 8/8/2024 | 1.5 |
| Draft Settlement Consent Form | 8/19/2024 | 0.6 |
| Draft Proposed Order Granting Motion for Approval of FLSA Settlement | 8/20/2024 | 0.5 |
| Draft Motion to Seal Exhibit A to Settlement Agreement | 8/21/2024 | 5.0 |
| Draft declarations accompanying Motion to Seal Exhibit A to Settlement Agreement | 8/22/2024 | 2.0 |
| Draft Motion to Seal Exhibit A to Settlement Agreement | 8/22/2024 | 2.0 |
| Research regarding 5th Circuit authority on sealing FLSA settlement agreements or settlement documents | 8/22/2024 | 2.0 |
| Review, edit, and proofread Motion to Seal Exhibit A to Settlement Agreement | 8/23/2024 | 0.8 |
| Review, edit, and proofread declarations in support of Motion to Seal Exhibit A to Settlement Agreement | 8/23/2024 | 0.2 |
| Update individual damage models to reflect proper damage categories for Brandi Green and Joseph Kowsky | 8/28/2024 | 0.2 |
| Calculate each RLA and LA's percentage share of settlement fund | 8/28/2024 | 2.3 |

**REDACTED FEE BILLS**
**FOR PLAINTIFFS JEFFREY PLUNKETT, ET AL.**

| | | |
|---|---|---|
| Calculate each RLA and LA's percentage share of settlement fund with a $1,000 minimum payment to each LA and RLA | 8/29/2024 | 3.8 |
| Complete Exhibit A with Individual Payments to FirstKey employees | 8/29/2024 | 0.4 |
| Prepare individual damage models and percentage share settlement fund calculations for production | 8/30/2024 | 1.0 |
| Research regarding appealability of collective action settlement by opt-in plaintiffs | 9/4/2024 | 1.5 |
| Draft description of pro rata settlement amount calculation for settlement agreement | 9/5/2024 | 1.9 |
| Research regarding 5th Circuit courts approving 40% attorneys' fee award | 10/29/2024 | 5.0 |
| Research regarding 5th Circuit courts approving 40% attorneys' fee award | 10/30/2024 | 3.9 |
| Research regarding 5th Circuit courts approving 40% attorneys' fee award | 10/31/2024 | 7.6 |
| Research regarding 5th Circuit upward adjustments to benchmark fee awards | 11/1/2024 | 6.8 |
| Draft Plaintiffs' Supplemental Motion for Approval of FLSA Settlement | 11/1/2024 | 1.0 |
| Draft Plaintiffs' Supplemental Motion for Approval of FLSA Settlement | 11/2/2024 | 3.2 |
| Draft Plaintiffs' Supplemental Motion for Approval of FLSA Settlement | 11/3/2024 | 2.4 |
| Draft Plaintiffs' Supplemental Motion for Approval of FLSA Settlement | 11/4/2024 | 2.6 |
| Draft Plaintiffs' Supplemental Motion for Approval of FLSA Settlement | 11/5/2024 | 7.1 |
| Draft Plaintiffs' Supplemental Motion for Approval of FLSA Settlement | 11/7/2024 | 0.3 |
| Draft Plaintiffs' Supplemental Motion for Approval of FLSA Settlement | 11/13/2024 | 5.7 |
| Research regarding Fifth Circuit authority on upward adjustments to lodestar calculation | 11/14/2024 | 5.8 |
| Anticipated additional attorney time following Court approval of settlement, including attorney time to be spent during notice period and time to be spent for completion of settlement, working with the settlement administrator, answering questions from clients, filing notices of consent, and communicating with opposing counsel as issues arise (estimated average of 30 minutes per collective action member participant) | | 41.5 |

**Summary of Fees Billed for Jennifer M. Walker**  **Total Hours:**  **646.9**
**Hourly Rate: $390**  **Total Fees:**  **$252,291.00**

*Counsel has deducted out all attorney time that was paid as part of sanctions against Defendant

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES PARKER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:14-CV-02075-B |
| v. | § | |
| | § | |
| SILVERLEAF RESORTS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND PRELIMINARY APPROVAL OF RULE 23 CLASS SETTLEMENT**

Plaintiffs James Parker, Caitlin Collins, Taylor Jackson, Zachary Owens, Christopher Dix, and Aaron Kessler ("Plaintiffs"), and Defendants Silverleaf Resorts, Inc., Cerberus Capital Management L.P., SL Resort Holdings Inc., Orange Lake Country Club, Inc., and Orange Lake Holdings, LLP ("Silverleaf") (collectively, the "Parties") file this Joint Motion for Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Settlement with respect to a proposed settlement of: (1) a nationwide FLSA collective action comprised of non-exempt sales employees of Defendants; and (2) the claims of the members of a Rule 23 Illinois Settlement Class for alleged violations of Illinois wage and hour laws asserted by the non-exempt sales employees of Defendants in Illinois. The Illinois state law claims, which were originally asserted in the related action pending before this Court, *Dix, et al. v. Silverleaf Resorts, Inc., et al.*, Case No. 3:17-cv-3249, have been added to this action by way of a Consolidated Complaint sought to be filed pursuant to a Stipulation of the Parties (Dkt. ## 403 & 403-1).

The terms of the proposed settlement are set out in detail in the Parties' FLSA Settlement Agreement (Exhibit 1) and Illinois Rule 23 Class Settlement Agreement (Exhibit 2), which are attached hereto.

## I.
## INTRODUCTION

It is Plaintiffs' position that the proposed settlements in this case and the mechanism for approval are patterned after an analogous FLSA and Rule 23 overtime matter, *Edwards v. KB Home*, Civil Action No. 3:11-cv-00240 (S.D. Tex.), in which an FLSA collective action and a Rule 23 class settlement of California wage and hour claims were approved by the Honorable Gregg Costa (Fifth Circuit Court of Appeals) in 2016 while Judge Costa was sitting by designation in the Southern District of Texas. Declaration of Rhonda H. Wills ("Wills Dec."), ¶¶ 29, 30.  Plaintiffs' lead counsel in this matter, Ms. Wills, was also the lead counsel for the plaintiffs in *Edwards*. *Id*.

The FLSA settlement reached here encompasses the FLSA claims of four named plaintiffs and 200 opt-in plaintiffs who joined this case pursuant to the opt-in collective action mechanism of 29 U.S.C. § 216(b) ("FLSA Plaintiffs"). For all the reasons set forth below and in the supporting documents, the FLSA settlement is fair, reasonable, and adequate.  The Parties respectfully request that the Court approve the FLSA settlement as outlined herein and enter the Proposed Order attached to this Motion approving the FLSA settlement.

The Rule 23 settlement reached here encompasses the Illinois state law wage and hour claims of two named plaintiffs—Christopher Dix and Aaron Kessler ("Illinois Plaintiffs")—and the 1,004-1,049 members of the Illinois Settlement Class. To facilitate the settlement, the Parties respectfully request that, for settlement purposes, the Court grant preliminary approval and pursuant to Rule 23(b)(3) certify an opt-out settlement class, as set out below, in *Dix, et al. v. Silverleaf Resorts, Inc., et al.*, Case No. 3:17-cv-3249, pending before this Court ("*Dix*" or the

- 2 -

**App. 57**

"*Dix* Lawsuit"). For all the reasons set forth below and in the supporting documents, the Rule 23 class settlement is fair, reasonable, and adequate. The Parties respectfully request that the Court approve the FLSA settlement and grant preliminary approval of the Illinois Rule 23 class settlement as outlined herein and enter the Proposed Order attached to this Motion.

**II.**
**FACTUAL BACKGROUND**

    **A.**      **Overview of the *Parker* Litigation**

*Parker* was filed in the Southern District of Texas on March 13, 2014, seeking minimum wages and overtime damages under the FLSA on behalf of sales employees, and requesting collective treatment of the claims under 29 U.S.C. § 216(b). On June 6, 2014, the case was transferred to this Court and renumbered to Cause No. 3:14-cv-2075. On May 1, 2017, the Court conditionally certified a class of non-exempt sales employees and authorized notice. The notice period began on May 15, 2017, and ended on July 31, 2017. Plaintiffs sent notice to 561 putative class members, and 200 Plaintiffs joined the suit, in addition to the four named plaintiffs. The Parties conducted extensive discovery during and following the notice period. Specifically, Silverleaf produced hundreds of thousands of documents in response to hundreds of requests for production from Plaintiffs. In addition, Plaintiffs deposed two of Silverleaf's management employees, and Silverleaf deposed the four named plaintiffs.

    **B.**      **Overview of the *Dix* Litigation**

The *Dix* Lawsuit was filed on November 30, 2017 as a separate, related lawsuit by two former Silverleaf non-exempt sales employees from Illinois. *Dix* alleged violations of (1) the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/2, *et seq.*, requiring compensation for all actual hours worked, as well as minimum wage and overtime pay; and (2) the Illinois

Minimum Wage Law, 820 ILCS §§ 105, *et seq.*, requiring payment of minimum wages and overtime wages and maintenance of records reflecting employees' accurate working hours.

The *Dix* named plaintiffs sought relief on behalf of an opt-out putative class of allegedly similarly situated Silverleaf non-exempt sales employees under Rule 23 of the Federal Rules of Civil Procedure. In total, the putative class is estimated to consist of approximately 1,000 individuals. The *Dix* named plaintiffs had not moved for class certification prior to the Parties' agreement to settle the case, nor had any discovery been conducted prior to settlement. Defendant Cerberus Capital Management, L.P. filed an answer to the Complaint, and the remaining defendants in *Dix* had a fully briefed Rule 12(b)(6) motion to dismiss the Complaint pending at the time the Parties reached their agreement to settle the case.

### C.      Mediation and Settlement

On October 26, 2017, prior to the filing of the *Dix* lawsuit, the Parties attended mediation with mediator Nancy Huston. Ms. Huston, who is based in Houston, Texas, is experienced in the mediation of wage and hour claims, and is one of the leading mediators of wage and hour class and collective actions. Declaration of Rhonda H. Wills ("Wills Dec."), ¶ 19 (Exhibit 3). During the mediation, the Parties negotiated a possible resolution of the FLSA claims. No resolution was reached on the date the Parties mediated, but through Ms. Huston the parties continued to engage in meaningful discussions regarding potential settlement in the months that followed, in addition to gaining greater understanding of the facts and their legal import through continuing discovery and motion practice. *Id.* ¶ 20. The *Dix* lawsuit was also filed during this time period.

Ms. Huston issued a mediator's proposal to resolve both the *Parker* and *Dix* claims, which the Parties accepted on February 8, 2018, and the Parties have further agreed to the settlement terms proposed below and as described in detail in Exhibits 1 and 2. *Id.* ¶ 23; Declaration of Ruth

A. Bahe-Jachna ("Bahe-Jachna Dec."), ¶ 11. The Plaintiffs have sought to file their Consolidated Complaint pursuant to a Stipulation of the Parties, filed on February 27, 2018 (Docket # 403), seeking to add claims mirroring those alleged in *Dix* to the *Parker* matter. The Parties' counsel have apprised this Honorable Court that they have agreed upon settlement terms and that they wished to present their proposed settlement of the Illinois state law claims to this Court for the process of approval and administration of the settlement terms. Accordingly, the *Dix* lawsuit will be dismissed without prejudice pending this Court's review and approval of this global settlement.

### III.
### SUMMARY OF SETTLEMENT TERMS

**A.     Summary of the FLSA Settlement**

The Parties have agreed to settle the wage and hour claims of the FLSA Plaintiffs.  The terms of the FLSA Settlement Agreement are summarized as follows and are set forth in full in Exhibit 1.

The Settlement Agreement has been executed by James Parker, Caitlin Collins, Taylor Jackson, and Zachary Owens, in accordance with the guidelines of the Fair Labor Standards Act. Parker, Collins, Jackson, and Owens, as lead Plaintiffs, have the authority to sign the Settlement Agreement as representatives on behalf of and bind all members of the certified collective action. By opting in to this FLSA collective action and in filing a notice of consent to join this matter, each FLSA Plaintiff agreed to be bound by and to share in as the Court may approve any settlement negotiated on behalf of all Plaintiffs.

With regard to the settlement terms, the "Gross Settlement Fund" for the FLSA Settlement is a total of $1,250,000.00 [ONE MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS], inclusive of the FLSA Plaintiffs' attorneys' fees, FLSA Plaintiffs' litigation expenses and costs, as well as service awards and the costs of the Claims Administrator.  The average per capita gross

compensation is approximately $6,124 with a total of 204 Plaintiffs participating in the settlement. Each FLSA Plaintiff will receive a proportionate share of the net Settlement Fund according to a formula based on the length of each person's individual tenure and compensation. The Settlement Agreement further provides for a minimum payment of $250 to each FLSA Plaintiff from the Settlement Fund.

Key terms of the Settlement Agreement are summarized below.

Scope of the Class. The settlement shall encompass the claims of the 204 FLSA Plaintiffs who filed notices of consent to join this action.

Payment of Settlement Funds. The Parties agree that the settlement funds be distributed based on the criteria set forth in Paragraph 15 of the FLSA Settlement Agreement, subject to the conditions and terms set forth in that Agreement (Ex. 1).

Service Payments. Plaintiffs request the Court approve the payment of service awards in the amount of $10,000.00 [TEN THOUSAND DOLLARS] each to James Parker, Caitlin Collins, Taylor Jackson, and Zachary Owens. Defendants do not object.

Reserve Fund. The Parties further stipulate to a reserve fund of $20,000.00 [TWENTY THOUSAND DOLLARS] to resolve administrative issues with the settlement (such as missing checks, miscalculated amounts, etc.). Unused funds will be distributed in the same manner as the initial distribution among FLSA Plaintiffs 120 days after the initial settlement payments are made.

Attorneys' Fees and Costs. Plaintiffs' counsel request an award of $500,000.00 [FIVE HUNDRED THOUSAND DOLLARS] in attorneys' fees to Class Counsel and for recovery of costs and litigation expenses incurred in the amount of $25,757.21. Defendants do not object.

Claims Administrator. The Parties request that the Court approve Kurtzman Carson Consultants, LLC ("KCC") as Claims Administrator. KCC is an independent, experienced third-

party claims administrator.  The Parties request that the Court approve a payment to be made to

the Claims Administrator in the amount not expected to exceed $20,000.00.

   _Release of Claims_.  As described in the Settlement Agreement, the proposed Settlement

Agreement includes the following release of claims:

> 31.     The _Settlement_ shall effect a complete settlement and release
> and shall extinguish waive, fully release, and forever discharge the
> _Released Parties_ as to each _Plaintiff_ (as defined in paragraph 11
> above) as to all claims arising from the _Actions_, from any and all
> claims, debts, liabilities, demands, obligations, damages, action, or
> causes of action of any kind, whether known or unknown, which
> have been or could have been asserted against the _Released Parties_
> in the _Action_ pertaining to or arising from violations of wage and
> hour laws, including but not limited to: claims under the Fair Labor
> Standards Act, and the wage and hour laws of the states of residence
> or employment of the _Plaintiffs_, except that this release will not
> cover any claims arising under the wage and hour laws of the State
> of Illinois. The claims enumerated in this paragraph shall be referred
> to as the "_Released Claims_." Nothing in this _Settlement_ shall be
> construed to waive any right that is not subject to waiver by private
> agreement.
>
> 32.     The _Released Parties_ include: (a) all of _Silverleaf's_ present
> and former parent companies, subsidiaries, related, or affiliated
> companies; (b) all of _Silverleaf's_ divisions; (c) all of the
> shareholders, officers, directors, employees, agents, attorneys,
> insurers, and successors and assigns of all of these entities; and (d)
> any individual or entity which could be jointly liable with _Silverleaf._

   The Parties request that the Court approve the terms of the FLSA Settlement (Ex. 1).

**B.     Summary of the Illinois Rule 23 Class Settlement**

   The Parties have agreed to settle the Illinois wage and hour claims of the Illinois Settlement

Class (all as defined in Exhibit A) for the gross amount of $250,000.00 [TWO HUNDRED FIFTY

THOUSAND DOLLARS] (the "Gross Settlement Fund"). Key terms of the Settlement Agreement

are summarized below.

   _Scope of the Settlement Class_. The settlement shall encompass the claims of the two named

**App. 62**

plaintiffs with Illinois claims, and Plaintiffs ask that the Court approve them as the "Class Representatives" of a settlement class, described below, and collectively referred to as the "Illinois Settlement Class."

The settlement asks the Court to conditionally certify, for settlement purposes only, the following "Illinois Settlement Class," described as:

> All non-exempt persons who were employed by <u>Silverleaf</u> in the State of Illinois with the job title of sales employee or any similar title, at any time during the period of November 30, 2007 through February 8, 2018.

The Illinois Settlement Class encompasses approximately 1,000 individuals, in addition to the two named plaintiffs, 65 of whom filed notices of consent to join the FLSA claims in this lawsuit.

The Parties request that the Court grant preliminary approval of the terms of the proposed Rule 23 class settlement as to the Illinois Settlement Class, approve notice to the Illinois Settlement Class in the form attached hereto as Exhibit 4, providing a description of the terms of the proposed settlement and an opportunity for members of the Illinois Settlement Class to request exclusion from (i.e., opt out of) this action, or to file objections to the proposed settlement. As defined in the Illinois Rule 23 Class Settlement Agreement, the "Illinois Settlement Class" that will share in the settlement proceeds are those members of the Illinois Settlement Class who do not submit a timely and valid Request For Exclusion from this action to the Claims Administrator after receipt of a Notice that informs them of their right to opt out of the litigation.

The Parties further request that, upon conclusion of the period for Illinois Settlement Class members to request exclusion from the lawsuit or to file objections to the proposed settlement, that the Court hold a hearing on any objections that may be filed, hold a final fairness hearing, and order any additional appropriate notices that may be required to ensure the enforceability of the

settlement of the claims of the Illinois Settlement Class.

Payment of Settlement Funds. The Parties agree that the settlement funds be distributed based on the criteria set forth in Paragraph 17 of the Illinois Rule 23 Class Settlement Agreement, subject to the conditions and terms set forth in that Agreement. The factors used in allocating the settlement funds include the individual's average compensation as a non-exempt sales employee and number of weeks worked during the class period as a non-exempt sales employee. The formula provides a minimum allotment of $50 per person.

Service Payments. Plaintiffs request the Court approve the payment of service awards in the amount of $5,000.00 [FIVE THOUSAND DOLLARS] to Christopher Dix and $5,000.00 [FIVE THOUSAND DOLLARS] to Aaron Kessler.  Defendants do not object.

Reserve Fund. The Parties further stipulate to a reserve fund of $10,000.00 [TEN THOUSAND DOLLARS] to resolve administrative issues with the settlement (such as missing checks, miscalculated amounts, etc.). At the end of a 120-day period, the Claims Administrator shall distribute the unused portion of the Reserve Fund to all Illinois Settlement Class members using the same pro rata formula set forth in Paragraph 17 of the Settlement Agreement.

Attorneys' Fees and Costs. The Parties agree that Silverleaf will not oppose an award of attorneys' fees to Class Counsel in an amount of up to $100,000.00 [ONE HUNDRED THOUSAND DOLLARS] as attorneys' fees and for recovery of costs and litigation expenses incurred up to a maximum of $7,500.00 [SEVEN THOUSAND FIVE HUNDRED DOLLARS] with respect to the settlement of these claims.

Claims Administrator. The Parties request that the Court approve Kurtzman Carson Consultants, LLC ("KCC") as Claims Administrator. KCC is an independent, experienced third-

party claims administrator. The Parties request that KCC be paid all reasonable fees and costs incurred in administering this settlement in an amount not to exceed $20,000.00.

Release of Claims. As described in the Settlement Agreement, the proposed Settlement Agreement includes the following release of claims (at paragraphs 46-47):

> 46.    The Settlement shall effect a complete settlement and release and shall extinguish waive, fully release, and forever discharge the Released Parties as to each Class Member (as defined in paragraphs 11 and 13, above) as to all claims arising from this action, from any and all claims, debts, liabilities, demands, obligations, damages, action, or causes of action of any kind, whether known or unknown, which have been or could have been asserted against the Released Parties in this or the *Dix* Lawsuit pertaining to or arising from violations of any federal, state, or local wage and hour laws, including but not limited to: claims under the Fair Labor Standards Act; claims under the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/2, *et seq.*; and claims under the Illinois Minimum Wage Law, 820 ILCS §§ 105, *et seq.*. The claims enumerated in this paragraph shall be referred to as the "Released Claims." Nothing in this Settlement shall be construed to waive any right that is not subject to waiver by private agreement.

> 47.    The Released Parties include: (a) all of Silverleaf's present and former parent companies, subsidiaries, related or affiliated companies; (b) all of Silverleaf's present and former divisions; (c) all of the present and former shareholders, officers, directors, employees, agents, attorneys, insurers, and successors and assigns of all of these entities; and (d) any individual or entity which could be jointly liable with Silverleaf.

## IV.
## MOTION FOR APPROVAL OF FLSA SETTLEMENT

### A.    Legal Standard

The decision to approve an FLSA collective action settlement is left to the district court's sound discretion.  *See Newby v. Enron Corp.*, 394 F.3d 296, 300 (5th Cir. 2004). Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).  If the proposed

settlement reflects a reasonable compromise over contested issues, the court may approve the settlement to promote the policy of encouraging settlement of litigation. *See Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2008 U.S. Dist. LEXIS 37449, at *6 (S.D. Tex. May 7, 2008).

Federal courts routinely approve similar settlements reached in FLSA collective actions. *See, e.g., Beckman v. Keybank, N.A.*, 293 F.R.D. 467 (S.D.N.Y. 2013) (approving settlement of overtime claims asserted by 1735 collective action members for $4.9 million); *Davis v. J.P. Morgan Chase & Co.,* 827 F. Supp. 2d 172 (W.D.N.Y. 2011) (settlement fund totaling $42 million approved by court); *Mallin v. Nat'l City Mortg. Inc.*, 2007 WL 4208336 (N.D. Cal. Nov. 27, 2007) (court approval of a $5 million settlement). Unlike settlements under Fed. R. Civ. P. 23, FLSA settlements are not subject to a two-stage process of preliminary approval followed by final approval, and no final fairness hearing is required.

**B.     The Settlement Resolves a Bona Fide and Contested Dispute.**

The litigation of the FLSA claims asserted in *Parker* was strongly contested, protracted, and reflected a bona fide and contested dispute between the Parties for almost four years. The case was filed in March 2014, and in the almost four years since filing, counsel have developed a keen understanding of the strengths and weaknesses of the claims, as well as the potential defenses thereto, both through discovery and motion practice.

Among the discovery engaged in by the Parties was voluminous written discovery, including Silverleaf's responses to multiple sets of interrogatories, responses to hundreds of requests for production, and the production of thousands of documents. Wills Dec. at ¶ 16. In addition, Silverleaf took the depositions of the four named Plaintiffs, and Plaintiffs' counsel took the depositions of two former and current Silverleaf management employees. Wills Dec. at ¶ 16.

In addition, the motion practice on the collective action and the merits was extensive and

- 11 -

hard-fought. For example, Plaintiffs successfully sought FLSA conditional certification of Silverleaf non-exempt sales employees, and hundreds of Plaintiffs opted in to the *Parker* suit. Defendants claimed numerous defenses to Plaintiffs' claims, including that class and collective treatment was inappropriate, and intended to file a motion for decertification at the close of discovery. In short, the claims in this matter were thoroughly contested, reflecting a bona fide dispute. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Plaintiffs also fought and prevailed on a number of motions to dismiss filed by Defendants.

**C.    The Proposed Settlement Is Fair and Reasonable.**

The second prong of the Court's settlement approval inquiry focuses on the fairness and reasonableness of the proposed settlement. As explained below, the Court should readily conclude that the settlement meets the criteria for approval.

This settlement was the product of arm's-length negotiations by experienced counsel and has the salutary effect of: (1) providing substantial and immediate relief to Plaintiffs, and (2) eliminating the inherent risks both sides would bear if this had continued to resolution on the merits. The Parties engaged in a mediation with a qualified mediator, Nancy Huston, and ultimately, a mediator's proposal allowed the Parties to bridge the gap between their respective settlement positions and obtain the resolution described above. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See, e.g., Lynn's Food Stores, Inc.,* 679 F.2d at 1354. Moreover, as noted below, consideration of several additional factors confirms that the proposed settlement is fair and reasonable.

**1.    The Amount Offered for Settlement Is Reasonable.**

By any objective measure, the compensation this settlement makes available to the FLSA Plaintiffs is favorable and provides collective action members reasonable consideration for their

alleged claims. The settlement brings the FLSA Plaintiffs significant monetary value now, not years from now, and provides certainty about the outcome. Further, the average per capita gross compensation of approximately $6,127 provides a meaningful recovery. Wills Dec. at ¶ 25. This is not a case where the benefit to the class is largely injunctive or of modest value.

Although the maximum possible award at trial could potentially be larger than the settlement amount, the inquiry as to whether a settlement is reasonable examines the benefits of the settlement in light of the risks of establishing liability and damages. *See, e.g., Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (affirming a district court's approval of a settlement after properly comparing the settlement amount and "the likely rewards the class would have received following a successful trial of the case"); *Tittle v. Enron Corp. (In re Enron Corp. Sec., Derivative & "ERISA" Litig.)*, 228 F.R.D. 541 (S.D. Tex. 2005) (approving a settlement amount below the possible recovery amount); *Quintanilla v. A & R Demolition, Inc.*, 2008 WL 9410399 (S.D. Tex. May 7, 2008) (finding settlement of FLSA claims for a percentage of the claimed damages to be reasonable in light of uncertainties involved in the litigation).

### 2.     The Expense, Complexity and Duration of Further Litigation.

This case is complex and carries significant risks for the Parties as to both legal and factual issues. There is no question that even if FLSA Plaintiffs were to prevail at trial, Silverleaf would appeal the verdict leading to further expenses and uncertainty, as well as continued litigation for several years. It is safe to assume that post-trial litigation could consume at least another two or three years before there would be finality in this litigation, which dates back to March 2014.

### 3.     The Experience and Views of Counsel

The experience of counsel in litigating and negotiating complex wage and hour disputes likewise strongly favors approving the settlement. The involvement of experienced counsel and the fact that the settlement agreement was reached in arm's-length negotiations, after a "long, hard-

fought mediation" creates a presumption that the agreement is fair. *Quintanilla*, 2008 WL 9410399, at *4. Although the Court is not bound by counsels' opinion, their opinion is nonetheless entitled to great weight. *See Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996) (explaining that courts should not substitute their judgment for that of counsel, absent evidence of fraud or overreaching). The FLSA litigation had the benefit of attorneys who are highly experienced in complex litigation and familiar with the facts and law in the case, and who have negotiated settlements in other complex litigation cases, including class and collective action settlements. Wills Dec. at ¶ 10–11. As with all the aspects of the litigation, the settlement negotiations were hard-fought and at arm's-length.

In the view of Plaintiffs' lead counsel, the settlement provides substantial benefits to the FLSA Plaintiffs, especially when one considers, among other things, the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings. Wills Dec. at ¶ 28. Further, in the experience of Plaintiffs' lead counsel, when evaluated against the risks and compared with similar litigation, the relief to the class is substantial. *Id.* at ¶ 28. Because this settlement is fair, adequate, and eminently reasonable, it should be approved.

## V.
## MOTION FOR PRELIMINARY APPROVAL OF RULE 23 SETTLEMENT OF ILLINOIS STATE LAW CLAIMS

The Parties seek conditional certification, for settlement purposes, of the Rule 23(b)(3) class and preliminary approval of the proposed settlement of Illinois state law wage and hour claims added to this matter through the proposed filing, by agreement of the Parties, of a Consolidated Complaint incorporating Illinois state law wage and hour claims from the *Dix* Lawsuit, added to this case in order to facilitate the efficient approval of the settlement of all such

- 14 -

**App. 69**

claims.

## A.     Legal Standard

Rule 23(e) of the Federal Rules of Civil Procedure provides that the court must approve a settlement of a class action. FED. R. CIV. P. 23(e). To approve a class action settlement, the court must also find that the agreement is "fair, adequate, and reasonable." *Id*.; *see also Ibarra v. Texas Employment Comm'n*, 823 F.2d 873, 879 (5th Cir. 1987). Preliminary approval of a proposed class action settlement is the first in a two-step process required before a class action may be settled. David F. Herr, MANUAL FOR COMPLEX LITIGATION, FOURTH, § 30.41 (2005). In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice. *See In re Corrugated Container Antitrust Litig*., 643 F.2d 195, 212 (5th Cir. 1981).

"In determining the adequacy and reasonableness of the proposed settlement, the court does not adjudicate the dispute . . . ." *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). Rather, in evaluating the proposed settlement, the court should consider: (1) whether the settlement was the product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles to prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representatives, and the absent class members. *Id*. Notably, the Fifth Circuit has expressly recognized a "strong judicial policy favoring the resolution of disputes through settlement." *Id*. Based on the facts presented herein, the Court should also determine that the Illinois state law class settlement is fair, reasonable, and adequate.

- 15 -

**App. 70**

**B.     The Illinois Rule 23 Class Settlement Agreement Satisfies the Applicable Standards for Approval Under Rule 23.**

The Illinois Plaintiffs allege that Silverleaf violated Illinois state wage and hour laws, specifically alleging that Silverleaf regularly and repeatedly failed to properly compensate them for the actual time they worked each week, failed to pay them overtime compensation for all hours worked in excess of 40 hours per work week, and failed to maintain accurate records of all hours they worked. Cerberus Capital Management L.P. has denied Plaintiffs' allegations and asserted numerous defenses, and the remaining defendants have moved to dismiss Plaintiffs' claims.

Through this matter and the *Dix* Lawsuit, counsel for Plaintiffs have extensively investigated and researched the facts and circumstances underlying the issues raised in the lawsuit and the law applicable thereto, interviewed putative class members, and analyzed the various legal arguments raised by Silverleaf in defense of its positions. Wills Dec., ¶ 16–17. Plaintiffs' Counsel recognizes the expense and length of continued proceedings necessary to continue the lawsuit against Silverleaf through trial and through any possible appeals. Plaintiffs' Counsel has also taken into account the uncertainty and the risk of the outcome of further litigation, including the pending fully briefed motion to dismiss, the risk that the Putative Illinois Class might not be certified as a class in light of Defendants' presumed opposition to class certification, and may not prevail on all or any of their claims, as well as the difficulties and delays generally inherent in such litigation. Wills Dec., ¶ 28. Based on the foregoing, Plaintiffs' Counsel believes the proposed settlement is fair, adequate, and reasonable, and in the best interests of the Illinois Settlement Class. *Id.* ¶ 28.

Counsel for Silverleaf has also extensively investigated and researched the facts and circumstances underlying the issues raised in this lawsuit and the law applicable thereto. Bahe-Jachna Dec. ¶ 9-10. Although Cerberus Capital Management, L.P. filed an answer to the *Dix* Lawsuit, the remaining defendants filed a Rule 12(b)(6) motion to dismiss the Complaint in its

- 16 -

entirety, which was fully briefed and pending before the Court at the time that the Parties reached their settlement. *Id.* ¶ 9. Although defense counsel believes Silverleaf has meritorious defenses to the lawsuit, Silverleaf has concluded that further defense of this lawsuit would be lengthy and expensive for all Parties. *Id.* ¶ 12. Therefore, Silverleaf has agreed to settle this lawsuit in the manner and upon the terms set forth in the Settlement Agreement to put to rest all claims that are or could have been asserted against it in the *Dix* Lawsuit and in this action.

The Illinois Rule 23 Class Settlement Agreement was the product of lengthy negotiations by experienced counsel and has the salutary effect of (1) providing substantial relief to Plaintiffs, and (2) eliminating inherent risks both sides would bear if this complex litigation continued to resolution on the merits. The Illinois Rule 23 Class Settlement Agreement is not the product of fraud or collusion. To the contrary, the objective circumstances strongly support that the Illinois Rule 23 Class Settlement Agreement was obtained as the result of arm's-length negotiations between experienced counsel. As noted above, prior to the filing of the *Dix* Lawsuit, the Parties attended a mediation with Nancy Huston in October 2017, and continued negotiations in the months following the mediation, including soliciting and ultimately accepting the mediator's proposal on February 8, 2018, which resolved both the *Parker* and the *Dix* Lawsuits. During this time, the Parties expended substantial time and effort investigating and researching the merits of the Illinois Settlement Class' claims and Silverleaf's defenses. These efforts provided the basis for the Parties to reach a settlement that each party believed was fair, reasonable, and adequate.

Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (stating that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness); *see also In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D.

- 17 -

**App. 72**

Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery."). Moreover, public policy favors settlements. *See Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2008 U.S. Dist. LEXIS 37449, at *6 (S.D. Tex. May 7, 2008). This is particularly true in cases, such as this, where substantial resources can be conserved by avoiding the time, cost, and rigor of protracted litigation. *See Lynn's Food Stores*, 679 F.2d at 1354 (recognizing policy of encouraging settlement of FLSA litigation); *Petrovic v. Amoco Oil Co*., 200 F.3d 1140, 1149 (8th Cir. 1999) ("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor."). For these reasons, the Court should find that the Illinois Rule 23 Class Settlement Agreement is a fair, reasonable, and adequate resolution of *bona fide* disputes over the Illinois state law claims listed above, and grant preliminary approval of proposed settlement of the claims of the Illinois Settlement Class.

Plaintiffs also request that the Court designate Christopher Dix and Aaron Kessler as Class Representatives and designate Plaintiffs' Counsel herein as Class Counsel for the Illinois Settlement Class. The Parties further request that the Court designate Kurtzman Carson Consultants, LLC ("KCC") as the Claims Administrator, and approve the Notice attached to the Illinois Rule 23 Class Settlement Agreement for distribution to the Illinois Settlement Class in the manner described in the Illinois Rule 23 Class Settlement Agreement.

## C.    The Standards for Certification of the State Law Class Are Satisfied

The Illinois Settlement Class may be conditionally certified for settlement purposes under the requirements of Rule 23. To maintain a lawsuit as a class action under Rule 23 of the Federal

- 18 -

**App. 73**

Rules of Civil Procedure, the Plaintiffs must meet the four requirements outlined in Fed. R. Civ. P. 23(a), which states:

> One or more members of a class may sue . . . as representative on behalf of all only if:
>
> (1)    the class is so numerous that joinder of all members is impracticable ["numerosity"];
>
> (2)    there are questions of law or fact common to the class ["commonality"];
>
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class ["typicality"]; and
>
> (4)    the representative parties will fairly and adequately protect the interests of the class ["adequacy"].

FED. R. CIV. P. 23(a). In addition to demonstrating numerosity, commonality, typicality, and adequacy, Plaintiffs must also satisfy at least one requirement of Federal Rule of Civil Procedure 23(b).

### 1.    The Proposed Illinois Settlement Class Satisfies the Requirements of Rule 23(a)

The proposed class meets the requirements of Rule 23(a). With approximately 1,000 putative class members, numerosity plainly exists. *See Mullen v. Treasure Chest Casino LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (affirming that a proposed class of 100–150 satisfied the numerosity requirement).

Second, the Illinois Plaintiffs assert that the commonality requirement is satisfied because there are common questions of law or fact, including whether Silverleaf violated the Illinois wage and hour laws listed above with regard to the Illinois Settlement Class. *See* FED. R. CIV. P. 23(a)(2); *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997) ("The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of

- 19 -

**App. 74**

putative class members."). While Silverleaf disputes that commonality actually exists, it will not oppose such a finding for purposes of this settlement only.

Third, the Illinois Plaintiffs assert that the typicality requirement is satisfied because the Illinois Plaintiffs' claims arise from the same nucleus of operative facts as the claims of the putative class members. *See Mullen*, 186 F.3d at 625; *Forbush v. J.C. Penney Co., Inc*., 994 F.2d 1101, 1106 (5th Cir. 1993) (stating that the test for typicality is not demanding). Although Silverleaf disputes that Plaintiffs have claims typical of the individuals they purport to represent, for purposes of this settlement, Silverleaf does not oppose a finding of typicality.

Fourth, the Illinois Plaintiffs assert that the adequacy requirement is satisfied because the interests of the Illinois Plaintiffs and proposed Class Representatives, Christopher Dix and Aaron Kessler, are sufficiently aligned with those of the putative class members, and the Illinois Plaintiffs have vigorously pursued this litigation. *See James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001); *Mullen*, 186 F.3d at 625–26. The Illinois Plaintiffs also assert that there is no antagonism between the interests of the Illinois Plaintiffs and proposed class representatives and the putative class members. Both the Illinois Plaintiffs and the putative class members seek monetary relief under the same set of facts and legal theories. Under such circumstances, there can be no conflicts of interest, and adequacy of representation is presumed. *In re Wirebound Boxes Antitrust Lit.*, 128 F.R.D. 268 (D. Minn. 1989). Moreover, Plaintiffs' counsel are competent, qualified, and experienced, particularly in the prosecution of similar FLSA and state wage and hour collective and class actions, further supporting an adequacy finding for settlement purposes. *See* Wills Dec., ¶ 10–11, 29-30; *White v. Local 942*, 688 F.2d 85 (9th Cir. 1982). While Silverleaf disputes that Christopher Dix and Aaron Kessler are adequate class representatives, it does not oppose such a finding for purposes of this settlement.

## 2.    The Proposed Class Satisfies the Requirements of Rule 23(b)(3)

In addition to demonstrating numerosity, commonality, typicality, and adequacy, the Illinois state law class satisfies Rule 23(b)(3)'s requirements that (1) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). In making this analysis, the Court should consider the following factors:

> (A)     the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B)     the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C)     the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D)     the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3)(A)–(D).

As discussed above, the Illinois Plaintiffs contend that this entire litigation turns on issues regarding the applicability of the Illinois state wage and hour laws to Silverleaf's conduct, and the applicability of certain defenses, which are common to the entire class under Illinois state laws. As a result, the Illinois state law class presents common operative facts and common questions of law under Illinois state laws. While Silverleaf disputes that common issues predominate over those requiring individualized proof, it does not oppose such a finding for purposes of this settlement.

For settlement purposes, desirability is likewise met in the settlement context because this settlement will resolve the pending lawsuits against Silverleaf in a single, consolidated proceeding—obviating the need for multiple, parallel lawsuits in different jurisdictions which would subject Silverleaf to continued litigation and expenses and the possibility of conflicting

decisions. Moreover, given the commonality of claims relating to Silverleaf's compensation policies, there would likely be little or no interest for each potential class member to proceed with his or her own case. In addition, there is no manageability problem by allowing this case to proceed as a class action because the class has been agreed to by the Parties for settlement purposes.

Under these circumstances, the class mechanism is a superior method of bringing about a fair and efficient settlement of this controversy. Indeed, courts have recognized that hybrid FLSA and Rule 23 classes are appropriate in cases in which the federal claims are similar to the state law wage hour claims. *See Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 253 (2d Cir. 2011); *Ervin v. OS Rest. Svcs., Inc.,* 632 F.3d 971, 981 (7th Cir. 2011)*; Lindsay v. Gov't Emps. Inc. Co.,* 448 F.3d 416, 420–25 (D.C. Cir. 2006). Given the overlap between the FLSA and Illinois state-law claims at issue, and the benefit to all Parties to resolving these issues in a single forum, the Parties respectfully request that the Court grant preliminary approval of the proposed settlement of the claims of the Illinois Settlement Class.

## VI.
## <u>SERVICE AWARDS</u>

Plaintiffs request the Court approve the payment of service awards in the amount of $5,000.00 [FIVE THOUSAND DOLLARS] to Christopher Dix and $5,000.00 [FIVE THOUSAND DOLLARS] to Aaron Kessler. Defendants do not object. Plaintiffs further request the Court approve the payment of service awards in the amount of $10,000.00 [TEN THOUSAND DOLLARS] each to James Parker, Caitlin Collins, Taylor Jackson, and Zachary Owens. Defendants do not object.

The proposed service awards are fair and reasonable. *See In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012) (stating that courts commonly permit payment to class representatives above the amounts received by class members generally). "When determining

[service] awards, courts may consider a variety of factors, including risks to [plaintiffs] in commencing the suit, personal difficulty encountered by [Plaintiffs], the amount of time and effort spent by [plaintiffs], and the personal benefit enjoyed by representative as a result of the litigation." *Tarlecki v. Bebe Stores, Inc.,* 2009 WL 3720872, at *5 (N.D. Cal. Nov. 3, 2009) (citing *Van Vranken v. Atl. Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995)); *see also Silva v. Tegrity Pers. Servs.*, No. 4:13-cv-860, 2013 U.S. Dist. LEXIS171465, at *32 (S.D. Tex. Dec. 5, 2013) (stating that the purpose of service awards is to compensate plaintiffs for specific expenses and sacrifices). In *Purdie v. Ace Cash Express, Inc.*, the Court approved $16,665 in service awards to three class representatives for "me[eting] with Class Counsel from time to time to assist in the prosecution of their cases." *Purdie v. Ace Cash Express, Inc.*, 2003 WL 22976611, at *7 (N.D. Tex. Dec. 11, 2003).

Further, awards, as the ones sought here, are warranted when the plaintiffs have spent a significant amount of time assisting counsel and participating in the discovery process. *See, e.g., In re M.L. Stern Overtime Litig.,* 2009 WL 3272872, at *3–4 (S.D. Cal. Oct. 9, 2009) (awarding class representatives $15,000 each); *In re Lease Oil Antitrust Litig. (No. II)*, 186 F.R.D. 403, 449 (S.D. Tex. 1999) (approving awards of up to $10,000 per class representative); *Camp v. Progressive Corp.,* 2004 WL 2149079, at *7 (E.D. La. Sep. 23, 2004) (approving service awards to the class representative in the amount of $10,000 each). The above Plaintiffs worked closely with Class Counsel, including assisting with contacting potential witnesses, attending and assisting with mediation, and attending depositions. Wills Dec., ¶ 31–32. Based on their contributions, the requested service awards are fair and reasonable.

- 23 -

# VII.
## ATTORNEYS' FEES

As part of the settlement, the Parties have agreed that Plaintiffs' counsel may apply to the Court for an award of attorneys' fees and costs of forty percent (40%) of the gross settlement amount without objection from Silverleaf. This amounts to $500,000.00 for the FLSA settlement, and $100,000.00 for the Rule 23 settlement. In the Fifth Circuit, the "customary contingency" is the range of 35% to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Further, "the most critical factor in determining a fee award is the degree of success obtained." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). The degree of success here is high because Silverleaf vehemently denies that the Plaintiffs were improperly paid, underpaid, or that any alleged damages are owed. Accordingly, Plaintiffs' counsel believes a fee of forty percent is reasonable. Plaintiffs' counsel also seeks reimbursement of their litigation expenses, which total $25,757.21 in advancement of the claims of the FLSA Plaintiffs and shall not exceed $7,500.00 in advancement of the Rule 23 Illinois Plaintiffs. Wills Decl., ¶ 47.  Moreover, in *Edwards v. KB Home*, Judge Costa approved an award of 40% in attorneys' fees under similar circumstances. *Edwards v. KB Home*, No. 3:11-cv-240 [Dkt. 269, Joint Motion for Preliminary Approval of Rule 23 Settlement Class, at pp. 22–26]; [Dkt. 277, Order Granting Final Approval, at p. 3].

In analyzing the reasonableness of a fee, federal courts typically use one of two methods for calculating attorneys' fees: (1) the percentage method, in which the court awards fees as a reasonable percentage of the common fund; or (2) the lodestar method, in which the court computes fees by multiplying the number of hours reasonably expended on the litigation by a reasonably hourly rate and, in its discretion, applying an upward or downward multiplier. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642–43 (5th Cir. 2012). While the Fifth Circuit has never explicitly endorsed the percentage method for common fund cases, it has been

amenable to its use so long as the framework set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), is utilized to ensure that the fee awarded is reasonable. *Union Asset Mgmt. Holding A.G.*, 669 F.3d at 643. Indeed, the percentage method blended with a *Johnson* "reasonableness check" is commonly used by district courts in this circuit. *See, e.g., Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 673–75 (N.D. Tex. 2010); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 751 (S.D. Tex. 2008); *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 859 (E.D. La. 2007).

A "cross-check" of the *Johnson* factors further establishes the reasonableness of Plaintiffs' counsel's fee request. The following *Johnson* factors are employed in cross-checking the reasonabless of the requested attorneys' fees: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, repuation, and ability of the attorneys; (10) the political "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. "[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 761 (S.D. Tex. 2008).

These factors also support the attorney fee request:

(1) The time and labor involved—In assessing the reasonableness of attorneys' fees, courts rely on the lodestar method, which is determined by multiplying the number of hours

- 25 -

reasonably expended by counsel by a reasonable hourly rate. *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La. Sept. 23, 2004). Class Counsel have collectively expended 2,622.75 hours of professional time to date, and will incur an estimated additional 100 hours in order to complete the settlement. Wills Dec., ¶ 43, 47. The total lodestar to date for this matter is in excess of $1,007,743.75, based on the proposed hourly rates set forth above and the 2,622.75 hours of professional services expended in these matters. Accordingly, the $500,000.00 and $100,000.00 amounts sought as attorneys' fees in this matter are appropriate.

(2) <u>The amount involved and results obtained</u>—This settlement puts meaningful relief into the hands of the FLSA and Rule 23 plaintiffs. The FLSA Settlement Agreement provides for a gross settlement fund for the FLSA Plaintiffs in the amount of $1,250,000.00. The average per capita gross compensation is approximately $6,124 with a total of 204 Plaintiffs participating in the settlement. Each FLSA Plaintiff will receive a proportionate share of the net settlement fund according to a formula based on the length of each person's individual tenure and compensation. The FLSA Settlement Agreement further provides for a minimum payment of $250 to each FLSA Plaintiff from the Settlement Fund. Additionally, the Illinois Rule 23 Class Settlement Agreement provides for a gross settlement fund for the Illinois Plaintiffs in the amount of $250,000.00. Each Illinois Plaintiff will receive a proportionate share of the net settlement fund according to a formula based on the length of each person's individual tenure and compensation within the relevant statute of limitations, as well as whether he or she is a participant in the settlement of claims under the FLSA. The Illinois Rule

**App. 81**

23 Class Settlement Agreement further provides for a minimum payment of $50 to each Illinois Plaintiff.

(3) <u>The litigation was risky</u>—As evidenced by other wage and hour cases, litigation has significant risks. These included the risk of loss given Defendants' asserted defenses (and defenses that likely would have been asserted by the remaining Defendants in their respective Answers in the *Dix* case, if their pending motion to dismiss was not successful); the risk of further appeal; and, even if the Plaintiffs were to prevail, the risk that a court or jury could find the measure of unpaid hours to be smaller than that sought.

(4) <u>The litigation required significant skill</u>—Counsel effectively and diligently prosecuted this challenging and complicated case.

(5) <u>Plaintiffs' Counsel took the case on a contingency fee arrangement and expended a great deal of their own resources in prosecuting the case</u>— FLSA Plaintiffs' counsel have prosecuted this case for nearly four years and have paid significant costs and expenses up front.  FLSA Plaintiffs contend that their attorneys have expended a great deal of time in the case as well. As of this filing, FLSA Plaintiffs contend that their counsel have expended more than 2,622.75 hours and $25,757.21 in litigation expenses and costs. Plaintiffs' counsels' requests for $500,000.00 (for the FLSA settlement) and $100,000.00 (for the Rule 23 settlement) in attorneys' fees from the settlement funds are fully supported by each of the relevant factors, and are further supported by a lodestar crosscheck. The Court should, therefore, approve the fee.

- 27 -

# VIII.
## THE PROPOSED NOTICE FOR THE RULE 23 ILLINOIS CLASS SETTLEMENT CONFORMS TO APPLICABLE LAW

The proposed Notice of Proposed Class Action Settlement (Ex. 4) (hereafter "Notice") meets the standards set forth in Rule 23. The Notice clearly and accurately describes the nature of the action, the definition of the class certified, and the class claims and defenses. The Notice also informs proposed members of the Illinois Settlement Class of the nature and principal terms of the proposed Illinois Rule 23 Class Settlement Agreement (as well as an explanation of the method of calculating the potential and final settlement payments), the procedures and deadlines for opting out of the Action and submitting objections, the consequences of taking or foregoing the various options available to members of the Illinois Settlement Class, and the date, time, and place of the final settlement approval hearing.

This Court should order distribution of the Notice to the Illinois Settlement Class in the manner described in the Illinois Rule 23 Class Settlement Agreement. The Court should direct notice to class members "in a reasonable manner." *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (citing FED. R. CIV. P. 23(e)(1)(B)). The Parties propose that the Claims Administrator send the Notice by U.S. Mail. Notice by mail provides adequate "individual notice to all members who can be identified through reasonable effort." *Id*. Where the names, addresses, and Social Security numbers of the class members are easily ascertainable, individual notice through the mail is "clearly the 'best notice practicable.'" *Id*. at 175. The Parties propose that the Notice be sent to all known and reasonably ascertainable members of the Illinois Settlement Class based on Defendants' records. The Illinois Rule 23 Class Settlement Agreement provides that the Claims Administrator will ensure that all members of the Illinois Settlement Class receive the Notice by taking all reasonable steps to trace the addresses of any member of

**App. 83**

the Illinois Settlement Class whose Notice is returned by the post office as undeliverable, including tracking of all undelivered mail and performing additional address searches. The Claims Administrator will then promptly re-mail the Notice to members of the Illinois Settlement Class for whom new addresses are found following this "skip trace."

## IX.
## CONCLUSION

Accordingly, the Parties respectfully request that the Court enter an order: (1) granting approval of the FLSA settlement and its terms; (2) granting preliminary approval of the terms of the Parties' settlement of the Rule 23 claims of the Illinois Settlement Class; (3) certifying for settlement purposes only the state law class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as described in the Parties' Illinois Rule 23 Class Settlement Agreement (Ex. 2 hereto); (4) appointing Rhonda H. Wills, Wills Law Firm, PLLC, as class counsel for the Illinois Settlement Class and approving the Illinois Plaintiffs as settlement Class Representatives for the Illinois Settlement Class; (5) approving the service awards as set forth in the FLSA Settlement Agreement; (6) appointing Kurtzman Carson Consultants, LLC as Claims Administrator; (7) approving the form of and directing distribution of the proposed Notice; (8) approving attorneys' fees in the amount of $500,000.00 and $25,757.21 in litigation expenses and costs with respect to the FLSA Settlement;  and (9) setting the Final Approval hearing for a date that is 60 days from the date that the Court enters a preliminary approval order in this matter.

**App. 84**

Respectfully submitted,

/s/ Rhonda H. Wills

**Rhonda H. Wills (Lead Counsel)**
State Bar No. 00791943
Federal I.D. No. 20699
WILLS LAW FIRM
1776 Yorktown, Suite 570
Houston, Texas  77056
Telephone:  (713) 528-4455
Facsimile:  (713) 528-2047
rwills@rwillslawfirm.com

Kobby T. Warren
Texas State Bar No. 24028113
WARREN HEALY, PLLC
1910 Pacific Avenue, Suite 10500
Dallas, Texas 75201
Telephone: (213) 999-9499
Facsimile: (888) 687-8174

**ATTORNEYS FOR PLAINTIFFS**

/s/   Ruth A. Bahe-Jachna

**Ruth A. Bahe-Jachna (Lead Counsel)**
Illinois State Bar No. 6200855
baher@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8421
Facsimile: (312) 456-8435

Jordan W. Cowman
Texas State Bar No. 04932800
cowmanj@gtlaw.com
Katherine S. Wright
Texas State Bar No. 24095732
wrightka@gtlaw.com
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

**ATTORNEYS FOR DEFENDANTS
SILVERLEAF RESORTS, INC., SL
RESORT HOLDINGS INC., ORANGE
LAKE COUNTRY CLUB, INC., AND
ORANGE LAKE HOLDINGS, LLP**

/s/  Isabel Crosby

Isabel Crosby
Texas State Bar No. 24050226
DLA PIPER
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 743-4535
Facsimile: (972) 813-6265

**ATTORNEY FOR CERBERUS CAPITAL
MANAGEMENT, L.P.**

**App. 85**

## <u>CERTIFICATE OF SERVICE</u>

On March 9, 2018, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I certify I have served all counsel of record electronically:

*/s/ Rhonda H. Wills*
Rhonda H. Wills

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES PARKER, *et al.*,                    §
                                           §
          Plaintiffs,                      §
                                           §        Civil Action No. 3:14-CV-02075-B
v.                                         §
                                           §
SILVERLEAF RESORTS, INC., *et al.*,        §
                                           §
          Defendants.                      §

## ORDER

On March 9, 2018, Plaintiffs and Defendants jointly applied to the Court for final approval of an FLSA Settlement ("FLSA Settlement Agreement") and preliminary approval of an Illinois Rule 23 Class Settlement ("Illinois Rule 23 Class Settlement Agreement"). Having read and considered the FLSA Settlement Agreement and Illinois Rule 23 Class Settlement Agreement, and having read the moving papers, and good cause appearing, the Court finds as follows:

**FLSA Settlement**

1.   The FLSA Settlement Agreement is **APPROVED** as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act;

2.   Service payments as set forth in the FLSA Settlement Agreement are **APPROVED** and within two days after final approval of the Illinois Rule 23 Class Settlement, service payment recipients will execute the Release that is attached as Exhibit B to the FLSA Settlement Agreement in order to receive any service awards approved by the Court.

3.   The amounts to be paid to FLSA Plaintiffs in accordance with the formula for calculations set forth in the FLSA Settlement Agreement are **APPROVED**;

1

**App. 88**

4. The Reserve Fund amount as set forth in the FLSA Settlement Agreement is **APPROVED**, and all remaining amounts are to be distributed to the FLSA Plaintiffs in accordance with the terms of the FLSA Settlement Agreement;

5. Rhonda H. Wills (lead counsel) is **APPOINTED** as class counsel for the FLSA Plaintiffs;

6. Plaintiffs' request for attorneys' fees in the amount of $500,000.00 with respect to the FLSA Settlement and as set forth in the FLSA Settlement Agreement to be paid to Wills Law Firm, PLLC is **APPROVED** as fair and reasonable;

7. Reimbursement of the FLSA Plaintiffs' litigation expenses and costs in the amount of $25,757.21 as set forth in the FLSA Settlement Agreement is **APPROVED**;

8. Kurtzman Carson Consultants, LLC is **APPROVED** as claims administrator of the FLSA Settlement; and

9. The fee for Kurtzman Carson Consultants, LLC as set forth in the FLSA Settlement Agreement is **APPROVED**.

**Illinois Rule 23 Class Settlement**

10. The Illinois Settlement Class certified below meets the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance requirement of Rule 23(b)(3).

11. The Illinois Rule 23 Class Settlement Agreement, embodying the terms and conditions of a settlement reached between the parties—as supervised by private mediator Nancy Huston—is fair, reasonable, and adequate.

12. The Illinois Rule 23 Class Settlement Agreement merits submission to the Illinois Settlement Class for consideration pursuant to Rule 23 of the Federal Rules of Civil Procedure.

13. The proposed form of Notice is adequate; its proposed method of delivery to the Illinois Settlement Class constitutes the best notice practicable of the hearing for the final approval of the Illinois Rule 23 Class Settlement Agreement, of the terms of the Illinois Rule 23 Class Settlement Agreement, of the amount to be requested for attorneys' fees, litigation expenses and costs, and of the other matters set forth in the Notice; it constitutes valid, due, and sufficient notice to all persons in the proposed Illinois Settlement Class and it complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

14. For the purpose of implementing and enforcing the proposed Illinois Rule 23 Class Settlement Agreement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the requested Illinois Settlement Class identified in paragraph 11 of the Illinois Class Settlement Agreement is **CERTIFIED.**

15. The Notice in the template attached as Exhibit B to the Illinois Rule 23 Class Settlement Agreement is **APPROVED** for delivery to the members of the Illinois Settlement Class.

16. Rhonda H. Wills, Wills Law Firm, PLLC, is **APPOINTED** as Class Counsel of the Illinois Settlement Class.

17. Christopher Dix and Aaron Kessler are **APPROVED** as the representative Plaintiffs of the Illinois Settlement Class.

18.  A final approval hearing shall be held before this Court at _Dallas_ on the _31st_ day of _July_____, 2018, at 1 pm at the Northern District of Texas's Federal Courthouse in Dallas, Texas in Courtroom 1516. At the final approval hearing for the Illinois Rule 23 Class Settlement, the Court will determine: (a) whether the Illinois Rule 23 Class Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) whether a judgment approving the Illinois Rule 23 Class Settlement Agreement and dismissing the Lawsuit should be entered; and (c) whether Class Counsel's attorneys' fees, litigation expenses and costs, Plaintiffs' service payments, and the Claims Administrator's fees and costs with respect to the Illinois Rule 23 Class Settlement should be approved.

19.  No later than twenty-one (21) days before the final approval hearing, counsel for the Parties shall file a motion for final approval of the Illinois Rule 23 Class Settlement Agreement. No later than thirty (30) days before the final approval hearing, Class Counsel shall file a motion for attorneys' fees and costs. The motion for attorneys' fees and costs shall be heard on the date set for the final approval hearing.

20.  Kurtzman Carson Consultants, LLC is **APPOINTED** as the Claims Administrator for the Illinois Class Settlement. The Claims Administrator shall mail the Notice to members of the Illinois Settlement Class pursuant to the procedure outlined in the Illinois Rule 23 Class Settlement Agreement.

21.  Any person who timely objects to the Illinois Rule 23 Class Settlement Agreement pursuant to the procedure outlined therein may appear and be heard at the final approval hearing, either in person or through counsel hired at his or her own expense.

4

**App. 91**

22. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to Class Members.

23. Within two days after final approval of the Illinois Rule 23 Class Settlement, service payment recipients will execute the Release that is attached as Exhibit A to the Illinois Rule 23 Class Settlement Agreement in order to receive any service awards approved by the Court.

24. If for any reason the proposed Illinois Rule 23 Class Settlement Agreement is terminated by its terms, or if final approval of the Illinois Rule 23 Class Settlement Agreement does not occur, this Order certifying the Illinois Rule 23 Settlement Class shall automatically be vacated.

**IT IS SO ORDERED.**

SIGNED this _10ᵗʰ_ day of _May_, 2018.

HON. JANE BOYLE
UNITED STATES DISTRICT JUDGE

5

**App. 92**

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES PARKER, *et al.*,        §
                              §
            Plaintiffs,        §
                              §        Civil Action No. 3:14-CV-02075-B
v.                            §
                              §
SILVERLEAF RESORTS, INC., *et al.*,   §
                              §
            Defendants.        §

## ORDER

On May 10, 2018, this Court entered an Order on the Parties' joint application for final approval of a FLSA Settlement and preliminary approval of an Illinois Rule 23 Class Settlement, finding as follows:

- The FLSA Settlement Agreement is **APPROVED** as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act.

- Service payments as set forth in the FLSA Settlement Agreement are **APPROVED** and within two days after final approval of the Illinois Rule 23 Class Settlement, service payment recipients will execute the Release that is attached as Exhibit B to the FLSA Settlement Agreement in order to receive any service awards approved by the Court.

- The amounts to be paid to FLSA Plaintiffs in accordance with the formula for calculations set forth in the FLSA Settlement Agreement are **APPROVED**.

- The Reserve Fund amount as set forth in the FLSA Settlement Agreement is **APPROVED**, and all remaining amounts are to be distributed to the FLSA Plaintiffs in accordance with the terms of the FLSA Settlement Agreement.

1

**App. 94**

- Rhonda H. Wills (lead counsel) is **APPOINTED** as class counsel for the FLSA Plaintiffs.

- Plaintiffs' request for attorneys' fees in the amount of $500,000.00 with respect to the FLSA Settlement and as set forth in the FLSA Settlement Agreement to be paid to Wills Law Firm, PLLC is **APPROVED** as fair and reasonable.

- Reimbursement of the FLSA Plaintiffs' litigation expenses and costs in the amount of $25,757.21 as set forth in the FLSA Settlement Agreement is **APPROVED**.

- Kurtzman Carson Consultants, LLC is **APPROVED** as claims administrator of the FLSA Settlement.

- The fee for Kurtzman Carson Consultants, LLC as set forth in the FLSA Settlement Agreement is **APPROVED**.

For the reasons provided in the Joint Motion for Preliminary Approval of Rule 23 Class Settlement (Dkt. #410), Plaintiffs' Supplemental Motion for Attorneys' Fees and Costs in Rule 23 Class Settlement (Dkt. #427), and the Joint Motion for Final Approval of Rule 23 Class Settlement, it is hereby further **ORDERED** that:

- The Illinois Settlement Class preliminarily certified in this matter and described in the Illinois Rule 23 Class Settlement Agreement meets the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance requirement of Rule 23(b)(3). Accordingly, for the purpose of implementing and enforcing the Illinois Rule 23 Class Settlement Agreement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the requested Illinois Settlement Class identified in Paragraph 11 of the Illinois Rule 23 Class Settlement Agreement is **CERTIFIED**.

2

- The Class Notice in this matter is complete and has been adequate; its method of delivery to the Illinois Settlement Class constituted the best notice practicable of the terms of the Illinois Rule 23 Class Settlement Agreement, of the hearing for the final approval, of the amount to be requested for attorneys' fees, litigation expenses and costs, and of the other matters set forth in the Notice; it constituted valid, due, and sufficient notice to all persons in the proposed Illinois Settlement Class and it complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

- The Illinois Rule 23 Class Settlement Agreement is **APPROVED** as a fair, adequate, and reasonable resolution, and the Parties are directed to consummate the terms and provisions of the Illinois Rule 23 Class Settlement Agreement.

- The amounts to be paid to Illinois Settlement Class members in accordance with the formula for calculations set forth in the Illinois Rule 23 Class Settlement Agreement are **APPROVED**.

- Service payments as set forth in the Illinois Rule 23 Class Settlement Agreement in the amount of $5,000.00 to Christopher Dix and $5,000.00 to Aaron Kessler are **APPROVED**.

- A Reserve Fund in the amount of $10,000.00 to resolve payment disputes and/or administrative issues with the settlement (such as missing checks, miscalculated amounts, etc.) is **APPROVED**. At the end of a 120-day period as described in the Illinois Rule 23 Class Settlement Agreement, the Claims Administrator shall distribute the unused portion of the Reserve Fund to all Illinois Settlement Class members using the same pro rata formula set forth in Paragraph 17 of the Illinois Rule 23 Class Settlement Agreement.

3

- The request for Class Counsel's attorneys' fees with respect to the Illinois Rule 23 Class Settlement and as set forth in the Illinois Rule 23 Class Settlement Agreement in the amount of $100,000.00 to be paid to Wills Law Firm, PLLC is **APPROVED** as fair and reasonable.

- Reimbursement of Class Counsel's litigation expenses and costs with respect to the Illinois Rule 23 Class Settlement in the amount of $4,908.91 is **APPROVED** as fair and reasonable.

- Payment to KCC Class Action Services, LLC ("KCC") as Claims Administrator in the amount of $24,000.00 for the administration of this global settlement is **APPROVED**, with $15,000.00 allocated to the Illinois Rule 23 Class Settlement and $9,000.00 allocated to the FLSA Settlement.

- This Court shall have continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of the settlement.

- The Illinois Rule 23 Class Settlement Agreement is hereby granted final approval.

- In summary, the requests for Class Counsel's attorneys' fees in the amounts of (1) $500,000.00 with respect to the FLSA Settlement; *and* (2) $100,000.000 with respect to the Illinois Rule 23 Class Settlement, to be paid to Wills Law Firm, PLLC, are **APPROVED** as fair and reasonable.

- Reimbursement of (1) the FLSA Plaintiffs' litigation expenses and costs in the amount of $25,757.21 as set forth in the FLSA Settlement Agreement; *and* (2) Class Counsel's litigation expenses and costs with respect to the Illinois Rule 23 Class Settlement in the amount of $4,908.91 are **APPROVED** as fair and reasonable.

**IT IS SO ORDERED.**

4

**App. 97**

SIGNED this 7ᵗʰ day of _Sept._____, 2018.


_____
HON. JANE BOYLE
UNITED STATES DISTRICT JUDGE

# EXHIBIT 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **KIP EDWARDS et al.,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **NO. 3:11-CV-00240** |
| | § | |
| **KB HOME, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>MOTION FOR FINAL APPROVAL OF RULE 23 SETTLEMENT</u>

TO THE HONORABLE COURT:

Plaintiffs Andrea Bejenaru and Robin Hogan, on behalf of themselves and all class members, file this Motion for Final Approval of Rule 23 Settlement, and respectfully show as follows:

## I.     INTRODUCTION

Plaintiffs Andrea Bejenaru and Robin Hogan and Defendants KB Home *et al.* ("KB Home") (collectively, the "Parties") respectfully submit this joint motion for final approval of a proposed settlement of the claims of the members of two Rule 23 California Settlement Classes (collectively, the "California Class") for alleged California wage and hour violations.  The settlement resolves the claims of the California Class pursuant to the proposed compromise set forth in the Parties'

**App. 100**

California Rule 23 Class Settlement Agreement ("Settlement Agreement") (Dkt. #269-1).

On May 19, 2016, the Court issued an Order (Dkt. #271) recommending the preliminary approval of the settlement embodied in the Settlement Agreement, including class certification for the purposes of the settlement (the "Order"). The Court specifically found that all class certification requirements were met, including the numerosity, commonality, typicality and adequacy requirements of Rule 23(a), as well as the predominance requirement of Rule 23(b). The Court further found that the Parties had demonstrated that the proposed settlement is fundamentally fair, adequate, and reasonable. To comply with the Order and the Settlement Agreement, the parties directed the Claims Administrator to distribute the Notice of Proposed Class Action Settlement ("Notice Packet"). This Motion seeks final approval of the settlement.

Following the entry of the preliminary-approval order, the parties have ensured that each step necessary to effectuate the Settlement Agreement has occurred as ordered by the Court. The Notice Packet was mailed to all known and reasonably ascertainable members of the California Class, who could choose whether to participate in the settlement, opt-out of it, or object to it. Out of 291 Class Members, **none have opted out**, and **none have objected**. *See* Declaration of Michael Bui (Dkt. #272). Ultimately, only four Notice Packets remained

**App. 101**

undeliverable because the Claims Administrator was unable to find a deliverable address.  *Id.*  The average settlement payment per class member is estimated to be $6,410.10, and the highest payout is estimated to be $32,835.72. *Id.*  Attached hereto as Exhibit A is final list of estimated settlement payments to each class member.

## II.   BACKGROUND

### A.   The *Bejenaru* Lawsuit

The *Bejenaru* Lawsuit was filed on September 12, 2013, by eleven KB Home salespersons from California.   *Bejenaru* alleged violations of California laws requiring provision of itemized wage statements, payment of overtime (including for time worked past eight hours per day), premium pay for alleged failure to provide meal periods and rest breaks, penalties for failure to pay wages in a timely fashion at the end of employment, and for allegedly unfair business practices in violation of California Business and Professions Code sections 17200, *et seq*. (seeking restitution of allegedly unpaid overtime wages).

The *Bejenaru* named plaintiffs sought relief on behalf of an opt-out putative class of allegedly similarly situated KB Homes salespersons under Rule 382 of the California Rules of Court.[1]  In total, the putative class consisted of 258 persons.  The *Bejenaru* named plaintiffs had not moved for class certification prior to the Parties'

---

[1] Rule 382 of the California Rules of Court provides for class actions in situations generally comparable to F.R. Civ. Proc., Rule 23.

agreement to settle the case.

### B. Discovery

The Parties conducted significant discovery in *Bejenaru*. While the case was initially stayed pending developments in the *Edwards* litigation, the *Bejenaru* court and the Parties agreed that discovery conducted through the *Edwards* case could also be used in the *Bejenaru* matter. Moreover, after the Los Angeles County Superior Court lifted the stay, KB Home took the depositions of 6 Plaintiffs. Further, the Parties have exchanged written discovery and hundreds of thousands of documents. *See* Wills Dec. at ¶ 13 (Dkt. #269-2).

### C. Mediation

On April 9, 2015, the Parties attended a full-day mediation with mediator Mark Rudy. Mr. Rudy, who is based in San Francisco, California, is experienced in the mediation of wage and hour claims and is one of the leading mediators of California wage and hour class actions. *Id*. at ¶ 14. No resolution was reached on April 9, 2015, but Mr. Rudy's efforts laid the groundwork for a possible resolution. The parties continued to engage in meaningful discussions regarding potential settlement in the months that followed, in addition to gaining greater understanding of the facts and their legal import through continuing discovery and motion practice. *Id.* at ¶ 15.

In November 2015, the Parties sought a mediator's proposal from Mr. Rudy.

- 4 -

Plaintiffs and KB Home accepted the proposal on November 12, 2015, and have further agreed to the settlement terms proposed below and as described in detail in Exhibit 1. *Id.* at ¶ 19; Michaels Dec. at ¶ 4 (Dkt. #269-4). The Plaintiffs filed their Third Amended Complaint on December 15, 2015, (Dkt. #261) to add claims mirroring those alleged in *Bejenaru*, as well as claims under California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§2699, *et seq*. The Parties' counsel have apprised the Hon. Jane Johnson, who is presiding over the *Bejenaru* litigation, that they have agreed upon settlement terms and that they wished to present their proposed settlement of the California state law claims to this Court for the process of approval and administration of the settlement terms. Accordingly, the *Bejenaru* lawsuit will be dismissed without prejudice pending this Court's review and approval of this settlement. Judge Johnson has informally indicated her approval of that course of action. (Dkt. #269-2 at ¶ 18).

### D.  Summary of the Settlement

The Settlement Agreement provides that Defendants shall pay a gross settlement amount of $3,416,335.00 (the "Gross Settlement Fund").

Payment of Settlement Funds. The Parties agree that the settlement funds be distributed based on the criteria set forth in Paragraph 19 of the Settlement Agreement, subject to the conditions and terms set forth in that Agreement. The factors used in allocating the settlement funds include the individual's average

- 5 -

**App. 104**

compensation, number of weeks worked in the class period, and whether they are a participant in the settlement of claims under the FLSA. The formula provides a minimum allotment of $500 per person.

Service Awards. The Parties request the Court approve the payment of service awards in the amount of $15,000 to Andrea Bejenaru and $10,000 to Robin Hogan, subject to Court approval. Plaintiffs Bejenaru and Hogan worked closely with counsel in addition to sitting for their depositions and, for Andrea Bejenaru, attending mediation. Dkt. #269-2 at ¶ 24. Based on these contributions, the requested service awards are fair and reasonable.

Payment to Resolve PAGA Claims. The Parties request that the Court approve an allocation of Fifty Thousand Dollars from the Gross Settlement Amount to the release of all claims of the California Class for alleged violation of the PAGA. Seventy-five percent of that amount, or $37,500, is allocated, as required by the PAGA, to be paid to the California Labor and Workforce Development Agency. The remaining 25%, or $12,500, is proposed to be divided equally among members of the California Class who were employed by KB Home at any time on or after December 15, 2014, that is, within the year preceding the filing of the Third Amended Complaint.

Reserve Fund. The Parties further stipulate to a reserve fund of $23,500 to resolve administrative issues with the settlement (such as missing checks,

miscalculated amounts, etc.).   At the end of a 120-day period, the Claims Administrator shall distribute the unused portion of the Reserve Fund to all Class Members using the same pro rata formula set forth in Paragraph 19 of the Settlement Agreement.

Attorney's Fees and Costs.  The Parties agree that Class Counsel shall be awarded attorney's fees in the amount of $1,366,535.00 and costs/litigation expenses in the amount of $85,961.27 with respect to the settlement of the claims of the California Class.

Claims Administrator. The Parties request that Simpluris be paid the total costs for the administration of this settlement, including fees incurred and future costs for completion of the settlement administration, in the amount of $12,500.00. If an additional distribution of payments is deemed necessary, $2,000.00 shall be deducted from the reserve fund.

Release of Claims.  As described in the Settlement Agreement, the proposed Settlement Agreement includes the following release of claims (at paragraphs 50 and 51):

50.    The Settlement shall effect a complete settlement and release and shall extinguish  waive, fully release and forever discharge the Released Parties as to each Class Member as defined in paragraphs 11 and 13, above) as to all claims arising from this action, from any and all claims, debts, liabilities, demands, obligations,

**App. 106**

damages, action or causes of action of any kind, whether known or unknown, which have been or could have been asserted against the Released Parties in this or the *Bejenaru* Lawsuit pertaining to or arising from violations of any federal, state or local wage and hour laws, including but not limited to: claims under the Fair Labor Standards Act, California state wage and hour laws, California Labor Code §§ 201, 202, 203, 226.7, 226, 510, 512, 526, 1194, 1198, Industrial Welfare Commission ("IWC") Order No. 4-2001, and the California Business and Professions Code, as well as claims under the California Private Attorneys General Act, Cal. Labor Code §2698 et seq. ("PAGA")  The claims enumerated in this paragraph shall be referred to as the "Released Claims."  Nothing in this Settlement shall be construed to waive any right that is not subject to waiver by private agreement, including without limitation any claims arising under state unemployment insurance or workers' compensation laws or California Labor Code section 2802.

51.     The Released Parties include: (a) all of KB Home's present and former parent companies, subsidiaries, related or affiliated companies; (b) KB Home's present and former divisions, and (c) the present and former shareholders, officers, directors, employees, agents, attorneys, insurers, and successors and assigns of all of these entities; and (d) and any individual or entity which could be jointly liable with KB Home.  The Parties have also agreed that the service payment recipients,

Bejenaru and Hogan, will execute separate General Releases in the form attached to the Settlement, to effect a complete release of any and all employment claims.

### E.    Preliminary Approval

On May 5, 2016, the Parties jointly moved for preliminary approval of the settlement.   This Court issued its Order granting the motion for preliminary approval. (Dkt. #271).   The Court specifically found that all class certification requirements were met, including the numerosity, commonality, typicality and adequacy requirements of Rule 23(a), as well as the predominance requirement of Rule 23(b).  *Id.* The Court further found that the Parties had demonstrated that the proposed settlement is fundamentally fair, adequate, and reasonable. *Id.*

After receiving preliminary approval the parties directed the Claims Administrator, Simpluris, Inc. ("Simpluris" or "Claims Administrator"), to mail the Notice Packet and begin the claims administration process.

### F.    The Claims Administration Process

Consistent with the Court's May 5, 2016 Order granting preliminary approval, on May 24, 2016, the Claims Administrator received data files from Defendants' counsel to be used for the mailing ("Class List").   The Class List contained each class member's last known mailing address, Social Security number, and employment information. Dkt. #272 at ¶ 4.

**App. 108**

On May 26, 2015, the Notice Packet was mailed to the 291 Class Members identified on the Class List via First-Class Mail. *Id.* at ¶ 7. Ultimately, 4 Notice Packets were undeliverable because the Claims Administrator was unable to find a deliverable address. *Id.* at ¶ 6. As of July 22, 2016, the Claims Administrator has not received any written objections to the settlement and has not received any Opt-Out Requests from the Settlement. *Id.* at ¶ 7-8.

## IV.   ARGUMENT

### A.   The Court Previously Certified the California Class for Settlement Purposes

Under Rule 23(a) of the Federal Rules of Civil Procedure, the requirements for class certification are as follows: numerosity, typicality of the class representative's claims, adequacy of representation, and commonality. In addition, a class action for monetary damages must satisfy Rule 23(b)(3) "predominance"— that the question of law or fact common to the Class Members predominate over questions affecting only individual members, and (2) "superiority"—that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

On May 5, 2016, the Court certified the California Class for purposes of settlement, specifically finding numerosity, typicality, adequacy, and predominance. (Dkt. #271). For the reasons set forth in the Parties' Motion for Preliminary Approval and by the Court in preliminarily certifying the Class, the Class has been

**App. 109**

properly certified for settlement purposes.

**B.    The Settlement Agreement Satisfies the Applicable Standards for Approval Under Rule 23.**

The California Plaintiffs allege that KB Home violated California state laws, specifically alleging that KB Home misclassified California Plaintiffs and the putative class members as exempt and thus owe them overtime compensation, further alleging that Plaintiffs and the putative class members were not properly provided meal and rest breaks or itemized wage statements, and additionally seeking waiting time penalties for not receiving all their wages due and owing at the time of termination.  KB Home has denied Plaintiffs' allegations and asserted numerous defenses.  The Third Amended Complaint also alleges violation of the PAGA so that all such claims of the California Plaintiffs and the Putative California Class may be resolved and the resolution approved by the Court.

Through this matter and the *Bejenaru* Lawsuit, counsel for Plaintiffs have extensively investigated and researched the facts and circumstances underlying the issues raised in the lawsuit and the law applicable thereto, interviewed class members and analyzed the various legal arguments raised by KB Home in defense of its positions. Dkt. #269-2 at ¶ 27.  Plaintiffs' Counsel recognizes the expense and length of continued proceedings necessary to continue the lawsuit against KB Home through trial and through any possible appeals.  Plaintiffs' Counsel has also taken into account the uncertainty and the risk of the outcome of further litigation,

**App. 110**

including the risk that the Putative California Class might not be certified as a class in light of Defendants' opposition to class certification, and may not prevail on all or any of their claims, as well as the difficulties and delays generally inherent in such litigation. *Id.* at ¶ 31. Based on the foregoing, Plaintiffs' Counsel believes the proposed settlement is fair, adequate and reasonable, and in the best interests of the California Putative Class. *Id.* at ¶ 21.

Counsel for KB Home has also extensively investigated and researched the facts and circumstances underlying the issues raised in this lawsuit and the law applicable thereto. Dkt. #269-4 at ¶ 3. Although defense counsel believes KB Home has meritorious defenses to the lawsuit, KB Home has concluded that further defense of this lawsuit would be lengthy and expensive for all Parties. *Id.* Therefore, KB Home has agreed to settle this lawsuit in the manner and upon the terms set forth in the Settlement Agreement to put to rest all claims that are or could have been asserted against it in the *Bejenaru* Lawsuit and in this action.

The Settlement Agreement was the product of lengthy negotiations by experienced counsel and has the salutary effect of (1) providing substantial relief to Plaintiffs, and (2) eliminating inherent risks both sides would bear if this complex litigation continued to resolution on the merits. The Settlement Agreement is not the product of fraud or collusion. To the contrary, the objective circumstances strongly support that the Settlement Agreement was obtained as the result of arm's-

**App. 111**

length negotiations between experienced counsel. As above, the Parties attended mediation with Mark Rudy in April 2015, and continued negotiations in the months following the mediation, including soliciting and ultimately accepting the mediator's proposal in November 2015. During this time, the Parties expended substantial time and effort investigating and researching the merits of the Putative California Class' claims and KB Home's defenses and conducted discovery regarding these issues, including exchanging written discovery and conducting depositions. These efforts provided the basis for the Parties to reach a settlement that each party believed was fair, reasonable, and adequate.

Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (stating that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness); *see also In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.") Moreover, public policy favors settlements. *See Quintanilla*, 2008 U.S. Dist. LEXIS 37449, at *6. This is particularly true in cases, such as this, where

- 13 -

**App. 112**

substantial resources can be conserved by avoiding the time, cost, and rigor of protracted litigation. *See Lynn's Food Stores*, 679 F.2d at 1354 (recognizing policy of encouraging settlement of FLSA litigation); *Petrovic v. Amoco Oil Co*., 200 F.3d 1140, 1149 (8th Cir. 1999) ("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.").  For these reasons, the Court should find that the Settlement Agreement is a fair, reasonable, and adequate resolution of *bona fide* disputes over the California state laws listed above, and grant final approval of proposed settlement of the claims of the California Putative Class.

## IV.   CONCLUSION

The Court has previously found the settlement to be fair, adequate, and reasonable, and certified the California Class for settlement purposes.  The parties have now fulfilled their obligations to direct notice to the Class Members, and this Settlement Agreement is now ripe for final approval.  For the foregoing reasons, Class Counsel respectfully requests that the Court grant final approval of the Settlement Agreement.

Dated:  August 25, 2016

Respectfully submitted,

*/s/ Rhonda H. Wills*
**Rhonda H. Wills (Lead Counsel)**
State Bar No. 00791943
Federal I.D. No. 20699
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 570
Houston, Texas 77056
Telephone: (713) 528-4455
Facsimile:  (713) 528-2047
rwills@rwillslawfirm.com

John M. Padilla
State Bar No. 00791395
Padilla & Rodriguez, L.L.P.
1776 Yorktown, Suite 110
Houston, Texas 77056
Telephone: (713) 574-4602
Facsimile: (713) 574-4601
jpadilla@pandrlaw.com

## CERTIFICATE OF SERVICE

On August 25, 2016 I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the Court.  I certify I have served all counsel of record electronically:

*/s/ Rhonda H. Wills*
Rhonda H. Wills

- 15 -

**App. 114**

# EXHIBIT 6

United States District Court
Southern District of Texas
**ENTERED**
September 15, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIP EDWARDS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No.  3:11-cv-00240 |
| | § | |
| KB HOME, ET AL. | § | |
| | § | |
| Defendants. | § | |

**ORDER**

For the reasons provided in the Joint Motion for Preliminary Approval of Rule 23 Settlement Class [Doc. 269] and Motion for Final Approval of Rule 23 Settlement, it is hereby ORDERED that:

1. The Settlement Classes preliminarily certified in this matter and described in the California Rule 23 Class Settlement Agreement ("Settlement Agreement") meet the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance requirement of Rule 23(b). Accordingly, for the purpose of implementing and enforcing the Settlement Agreement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the requested settlement classes identified in Paragraph 11 of the Settlement Agreement are certified.

1

2.  The Class Notice in this matter is complete and has been adequate; its method of delivery to the Settlement Classes constituted the best notice practicable of the hearing for the final approval of the Settlement Agreement, of the terms of the Settlement Agreement, of the amount to be requested for attorneys' fees, litigation expenses and costs, and of the other matters set forth in the Class Notice; it constituted valid, due and sufficient notice to all persons in the proposed Settlement Classes and it complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

3.  The Settlement Agreement is APPROVED as a fair, adequate and reasonable resolution, and the parties are directed to consummate the terms and provisions of the Settlement Agreement.

4.  The amounts to be paid to Class Members in accordance with Exhibit A to the Motion for Final Approval of Rule 23 Settlement are APPROVED.

5.  Service awards as set forth in the Settlement Agreement in the amount of $15,000.00 to Andrea Bejenaru and $10,000.00 to Robin Hogan are APPROVED.

6.  A Reserve Fund in the amount of $23,500.00 to resolve any administrative issues with the settlement (such as missing checks, miscalculated amounts,

2

**App. 117**

etc.) is APPROVED. At the end of a 120-day period as described in the Settlement Agreement, the Claims Administrator shall distribute the unused portion of the Reserve Fund to all Class Members using the same pro rata formula set forth in Paragraph 19 of the Settlement Agreement, except as otherwise ordered.

7. The request for Class Counsels' attorneys' fees in the amount of $1,366,535.00 is APPROVED as fair and reasonable.

8. Reimbursement of Class Counsel's litigation expenses and costs in the amount of $85,961.27 is APPROVED as fair and reasonable.

9. Payment to Simpluris, Inc. as Claims Administrator in the amount of $12,500.00 for the administration of this settlement is APPROVED. Further, if an additional distribution of payments to Simpluris for the administration of this settlement is necessary, up to $2,000.00 shall be deducted from the Reserve Fund to pay such costs.

10. An allocation of $50,000.00 from the Gross Settlement Amount to the release of all claims of the California Class for alleged violation of the Private Attorneys General Act ("PAGA") is APPROVED. Seventy-five percent of that amount, or $37,500, is allocated to be paid to the California Labor and Workforce Development Agency. The remaining 25%, or $12,500, shall be divided equally among members of the California Class

3

who were employed by KB Home at any time on or after December 15, 2014, that is, within the year preceding the filing of the Third Amended Complaint.

11. This Court shall have continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of the Settlement Agreement.

12. The Settlement Agreement is hereby granted final approval.

SIGNED this *15th* day of *September*, 2016.

 

 

_____
HON. GREGG COSTA
UNITED STATES CIRCUIT JUDGE*

_____
*Sitting by designation

4

**App. 119**

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KRISTAL FREEMAN, individually and on behalf all others similarly situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:16-CV-00356 |
| v. | § § | COLLECTIVE ACTION |
| PROGRESS RESIDENTIAL PROPERTY MANAGER, LLC, | § § § | |
| Defendant. | § § | |

## JOINT MOTION TO APPROVE CONFIDENTIAL FLSA SETTLEMENT

Plaintiff Kristal Freeman ("Plaintiff Freeman"), on behalf of herself and all others similarly situated who have filed a Notice of Consent and are identified in the attached Exhibit A to the Settlement Agreement (collectively, "Plaintiffs") and Defendant Progress Residential Property Manager, LLC ("Progress" or "Defendant") (jointly, the "Parties") file this Joint Motion to Approve FLSA Settlement. The terms of the proposed settlement are set out in detail in the Parties' Settlement Agreement, a copy of which is attached as Exhibit 1 to this Joint Motion (filed under seal).

## I.
## INTRODUCTION

The settlement reached encompasses the FLSA claims of Plaintiff Kristal Freeman and 27 plaintiffs who joined this case under the opt-in collective action mechanism of 29 U.S.C. § 216(b). The Settlement Agreement attached to this motion has already been agreed upon and executed by the Parties. *See* Ex. 1 (filed under seal). For all the reasons

set forth below and in the supporting documents, the settlement is fair, reasonable, and adequate.  The Parties respectfully request that the Court approve the settlement as outlined herein and enter the Proposed Order attached to this Motion.

## II.
## FACTUAL BACKGROUND

### A.    Overview of the Litigation

This case was filed in the Southern District of Texas on December 19, 2016, seeking overtime damages under the FLSA on behalf of Leasing Specialists employed by Defendant ("Leasing Specialists"), and requesting collective treatment of the claims under 29 U.S.C. § 216(b). On April 3, 2018, the Court conditionally certified a class of Leasing Specialists and authorized notice.  The notice period began on May 25, 2018 and ended on August 23, 2018.  Plaintiffs sent notice to 130 putative class members.  All told, 31 Plaintiffs joined the suit, including Plaintiff Freeman. The Parties conducted extensive discovery during and following the notice period.

### B.    Mediation.

On January 22, 2018, the Parties attended a full-day mediation in Houston, Texas with mediator Nancy Huston. No resolution was reached on January 22, 2018.  Following conditional certification, the closing of the notice period, additional discovery, and motion practice, on March 1, 2019, the Parties attended a second full-day mediation with mediator Eric Galton in Houston, Texas.  Mr. Galton is experienced in the mediation of wage and hour claims under the FLSA and is one of the leading mediators of wage and hour matters. A resolution was reached following the mediation on March 1, 2019, and the Parties have

**App. 122**

further agreed to the confidential settlement terms as described in detail in Exhibit 1.

## III.
## APPROVAL OF THE FLSA SETTLEMENT

### A.    Legal Standard

The decision to approve a class action settlement is left to the district court's sound discretion. *See Newby v. Enron Corp.*, 394 F.3d 296, 300 (5th Cir. 2004). Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement to promote the policy of encouraging settlement of litigation. *See Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2008 U.S. Dist. LEXIS 37449, at *6 (S.D. Tex. May 7, 2008).

Federal courts routinely approve similar settlements reached in FLSA collective actions. *See, e.g., Beckman v. Keybank, N.A.*, 293 F.R.D. 467 (S.D.N.Y. 2013) (approving settlement of overtime claims asserted by 1735 collective action members for $4.9 million); *Davis v. J.P. Morgan Chase & Co.,* 827 F. Supp. 2d 172 (W.D.N.Y. 2011) (settlement fund totaling $42 million approved by court); *Mallin v. Nat'l City Mortg. Inc.*, 2007 WL 4208336 (N.D. Cal. Nov. 27, 2007) (court approval of a $5 million settlement).  Unlike settlements under Fed. R. Civ. P. 23, FLSA settlements are not subject to a two-stage process of preliminary approval followed by final approval, and no final fairness hearing is required.

**App. 123**

**B.      The Settlement Resolves a Bona Fide and Contested Dispute.**

The litigation of the FLSA claims asserted in this case was strongly contested, protracted, and reflected a bona fide and contested dispute between the Parties.  The case was filed in December 2016, and in the over two years since filing, counsel have developed a keen understanding of the strengths and weaknesses of the claims, as well as the potential defenses thereto, both through discovery and motion practice.

Among the discovery engaged in by the Parties was voluminous written discovery, including the Parties' responses to multiple sets of interrogatories, responses to hundreds of requests for production, and the production of thousands of documents.  In addition, Progress took the depositions of named Plaintiff Kristal Freeman and opt-in Plaintiffs Karen Hope, Diana Young, Stephany Petit, and Angel Wiggins; and Plaintiffs' counsel took the deposition of Progress Residential's corporate representative Kira Maynard.

In addition, the motion practice on the collective action, arbitration, and discovery was extensive and hard-fought. For example, Plaintiffs successfully sought FLSA conditional certification of Progress Leasing Specialists, and Plaintiffs successfully defeated Defendant's Motion to Compel Arbitration and Defendant's Motion for Reconsideration of the Court's Order denying Defendant's Motion to Compel Arbitration. Defendant claimed numerous defenses to Plaintiffs' claims, including that class and collective treatment was inappropriate. Likewise, Defendant successfully sought individualized written discovery from each Plaintiff and to take the deposition of each of the Plaintiffs.  In short, the claims in this matter were thoroughly contested, reflecting a bona fide dispute.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

**App. 124**

## C.     The Proposed Settlement Is Fair and Reasonable.

The second prong of the Court's settlement approval inquiry focuses on the fairness and reasonableness of the proposed settlement.  As explained below, the Court should readily conclude that the settlement meets the criteria for approval.

This settlement was the product of arm's-length negotiations by experienced counsel and has the salutary effect of: (1) providing immediate relief to Plaintiffs; and (2) eliminating the inherent risks both sides would bear if this had continued to resolution on the merits.  The Parties engaged in a mediation with a qualified mediator, Eric Galton, and ultimately, the parties were able to obtain the resolution in Exhibit 1.   Under these circumstances, a presumption of fairness should attach to the proposed settlement.  *See, e.g.*, *Lynn's Food Stores, Inc.,* 679 F.2d at 1354.  Moreover, as noted below, consideration of several additional factors confirms that the proposed settlement is fair and reasonable.

### 1.     The Amount Offered for Settlement Is Reasonable.

The settlement brings the Plaintiffs monetary value now, not years from now, and provides certainty about the outcome.

Although the maximum possible award at trial is larger than the settlement amount, the inquiry as to whether a settlement is reasonable examines the benefits of the settlement in light of the risks of establishing liability and damages.  *See, e.g., Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (affirming a district court's approval of a settlement after properly comparing the settlement amount and "the likely rewards the class would have received following a successful trial of the case"); *Tittle v. Enron Corp.  (In re Enron Corp. Sec., Derivative & "ERISA" Litig.)*, 228 F.R.D. 541 (S.D. Tex. 2005) (approving a

- 5 -

settlement amount below the possible recovery amount); *Quintanilla v. A & R Demolition, Inc.*, 2008 WL 9410399 (S.D. Tex. May 7, 2008) (finding settlement of FLSA claims for a percentage of the claimed damages to be reasonable in light of uncertainties involved in the litigation).

### 2.    The Expense, Complexity and Duration of Further Litigation.

This case is complex and carries significant risks for the Parties as to both legal and factual issues.  There is no question that even if Plaintiffs were to prevail at trial, Defendant would appeal the verdict leading to further expenses and uncertainty, as well as continued litigation for several years.  It is safe to assume that post-trial litigation could consume at least another two or three years before there would be finality in this litigation which dates back to December 2016.

### 3.    The Experience and Views of Counsel

The experience of counsel in litigating and negotiating complex wage and hour disputes likewise strongly favors approving the settlement.   The involvement of experienced counsel and the fact that the settlement agreement was reached in arm's-length negotiations, after a "long, hard-fought mediation" creates a presumption that the agreement is fair.  *Quintanilla*, 2008 WL 9410399, at *4.  Although the Court is not bound by counsels' opinion, their opinion is nonetheless entitled to great weight.  *See Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996) (explaining that courts should not substitute their judgment for that of counsel, absent evidence of fraud or overreaching).   The FLSA litigation had the benefit of attorneys who are highly experienced in complex litigation and familiar with the facts and law in the case, and who

**App. 126**

have negotiated settlements in other complex litigation cases, including class and collective action settlements.  As with all the aspects of the litigation, the settlement negotiations were hard-fought and at arm's-length.

In the view of Plaintiffs' lead counsel, the settlement provides benefits to the Plaintiffs, especially when one considers, among other things, the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings.  Further, in the experience of lead counsel, when evaluated against the risks and compared with similar litigation, the relief to the class is appropriate.  Because this settlement is fair, adequate, and eminently reasonable, it should be approved.

## IV.
## SERVICE AWARDS

The proposed service awards are fair and reasonable.  *See In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012) (stating that courts commonly permit payment to class representatives above the amounts received by class members generally). "When determining [service] awards, courts may consider a variety of factors, including risks to [plaintiffs] in commencing the suit, personal difficulty encountered by [plaintiffs], the amount of time and effort spent by [plaintiffs], and the personal benefit enjoyed by representative as a result of the litigation."  *Tarlecki v. Bebe Stores, Inc.,* 2009 WL 3720872, at *5 (N.D. Cal. Nov. 3, 2009) (citing *Van Vranken v. Atl. Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995)); *see also Silva v. Tegrity Pers. Servs.*, No. 4:13-cv-00860, 2013 U.S. Dist. LEXIS 171465, at *32 (S.D. Tex. Dec. 5, 2013) (stating that the purpose of service awards is to compensate plaintiffs for specific expenses and sacrifices).

**App. 127**

In *Purdie v. Ace Cash Express, Inc.*, the Court approved $16,665 in service awards to three class representatives for "me[eting] with Class Counsel from time to time to assist in the prosecution of their cases." *Purdie v. Ace Cash Express, Inc.*, 2003 WL 22976611, at \*7 (N.D. Tex. Dec. 11, 2003). Further, awards, as the ones sought here, are warranted when the plaintiffs have spent a significant amount of time assisting counsel and participating in the discovery process. *See, e.g., In re M.L. Stern Overtime Litig.,* 2009 WL 3272872, at \*3–4 (S.D. Cal. Oct. 9, 2009) (awarding class representatives $15,000 each); *In re Lease Oil Antitrust Litig. (No. II)*, 186 F.R.D. 403, 449 (S.D. Tex. 1999) (approving awards of up to $10,000 per class representative); *Camp v. Progressive Corp.,* 2004 WL 2149079, at \*7 (E.D. La. Sep. 23, 2004) (approving service awards to the class representative in the amount of $10,000 each).

The service award recipients, named Plaintiff Kristal Freeman and opt-in Plaintiffs Karen Hope, Diana Young, Stephany Petit, and Angel Wiggins, were significantly involved in this case as evidenced by, among other things, appearing for their depositions, assisting in Plaintiffs' counsels' fact investigation, identifying potential witnesses, providing information regarding Defendant's workplace and compensation policies, and gathering and providing information responsive to Defendant's discovery. Plaintiff Kristal Freeman also took several days off from work to attend multiple mediations of this case, including mediations on January 22, 2018 and on March 1, 2019 in Houston, Texas. Ms. Freeman also took off from work to attend a discovery hearing in this case on November 6, 2018. Based on these contributions, the requested service awards are fair and reasonable.

**App. 128**

## V.
## ATTORNEYS' FEES, LITIGATION EXPENSES AND COSTS

As part of the settlement, the Parties have agreed that Plaintiffs' Counsel is entitled to attorneys' fees totaling 40% of the gross settlement amount. In the Fifth Circuit, "the most critical factor in determining a fee award is the degree of success obtained." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). The degree of success here is high because Defendant vehemently denies that Plaintiffs were improperly paid, underpaid, or that any alleged damages are owed, and Plaintiffs have litigated for more than two years before the matter could be settled. Accordingly, the Plaintiffs believe the requested amount is reasonable.

Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to an award of reasonable attorneys' fees.  In cases involving a fee-shifting statute, the Supreme Court has expressed a preference that the parties agree to the amount of the fee: "A request for attorney's fees should not result in a second major litigation.  Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

Here, Plaintiffs' counsel seek forty percent of the total Settlement Fund in attorneys' fees, and Plaintiffs' counsel also seeks reimbursement of litigation expenses and costs incurred by Plaintiffs' counsel in litigating this matter.  Progress has agreed not to object to or oppose the payment of such amounts from the Settlement Fund. The fee and expenses requested are fair and reasonable, and there is no reason the Court should disturb the agreement of the Parties.

The Court may begin its analysis of a contingent attorney fee by looking at fees

- 9 -

**App. 129**

awarded in other courts, particularly in the Fifth Circuit. The Fifth Circuit recognizes that contingency fees are desirable because it is predictable, encourages settlement, and reduces incentives for protracted litigation. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643-44 (5th Cir. 2012) (adding, "[D]istrict courts in this Circuit regularly use the percentage method blended with a *Johnson* reasonableness check, and for some it is the 'preferred method.'").

Within the Fifth Circuit, customary contingency fees for class funds have ranged from 33.33% to 50%. *See In re Bayou Sorrell Class Action*, No. 6:04-cv-1101, 2006 WL 3230771 (W.D. La. Oct. 31, 2006) (Haik, C.J.) (awarding, in a percentage/*Johnson* analysis, attorney fees of 36%). In FLSA cases such as this, the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Indeed, Courts within the Fifth Circuit regularly approve FLSA contingency fee arrangements of 40%, finding it to be fair and reasonable in light of the customary contingency fee arrangements in this community. *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (Doherty, J.); *see also Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (James, J.) (approving attorney fees of 40%); *Grice v. Range Resources Corp.*, No. 3:18-cv-00269, ECF. No. 9 (S.D. Tex. Sept. 25, 2018 (Hanks, J.) (approving attorney fees of 40%).

In evaluating a contingency fee award, the Court may look at the factors set forth in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974). The *Johnson* factors include the following of import in this case: (1) the time and labor required; (2)

- 10 -

**App. 130**

the novelty and difficulty of the questions posed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; and (10) awards in similar cases.

Regarding the time and efforts required of Plaintiffs' counsel (factors 1 and 7), this matter was litigated for more than two years before the matter could be settled. In addition, the motion practice on the collective action, arbitration, and discovery was extensive and hard-fought. For example, Plaintiffs successfully sought FLSA conditional certification of Progress Leasing Specialists, and Plaintiffs successfully defeated Defendant's Motion to Compel Arbitration and Defendant's Motion for Reconsideration of the Court's Order denying Defendant's Motion to Compel Arbitration. Defendant claimed numerous defenses to Plaintiffs' claims, including that class and collective treatment was inappropriate. Likewise, Defendant successfully sought individualized written discovery from each Plaintiff and to take the deposition of each of the Plaintiffs This represents a significant devotion of time to reach resolution of this case.

Second, the separately-negotiated, agreed contingency fee (factors 5, 6, and 10) in the attorney fee agreement between Plaintiffs and Plaintiffs' counsel provides for a contingency fee of 40% of the gross settlement amount, which is in line with Fifth Circuit precedent. *E.g.*, *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *see also Grice v. Range Resources Corp.*, No. 3:18-cv-00269, ECF. No. 9 (S.D. Tex. Sept.

**App. 131**

25, 2018 (Hanks, J.) (approving attorney fees of 40%); *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (Doherty, J.) (approving attorney fees of 40%); *Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (James, J.) (same).

Next, Plaintiffs' counsel's skill, knowledge, reputation, and experience (factors 2, 3, and 9) are well-recognized in FLSA cases such as this. FLSA collective action cases such as this are the main focus of Plaintiffs' counsel's docket. Although Plaintiffs' counsel is based in Texas, Plaintiffs' counsel has a national docket of FLSA cases, with litigation across the United States, not only in Texas, but also in California, New York, New Jersey, and elsewhere.

Plaintiffs' counsel's experience has caused them to review and become familiar with a large body of documents and information concerning FLSA litigation, which benefits cases such as this and maximizes the settlement value of the case. Plaintiffs' counsel's experience in this field has also resulted in a familiarity with the evidence and testimony necessary to the successful prosecution of cases such as this. In all, Plaintiffs' counsel has secured millions of dollars in settlements in FLSA cases for their clients. Further, Plaintiffs' counsel's acceptance of this case (factor 4), and the considerable time that it has taken to work this case, has precluded time that they could have spent pursuing other matters.

Finally, "the most critical factor in determining a fee award is the degree of success obtained" (factor 8). *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). The degree of success here is high because Progress vigorously contested

**App. 132**

Plaintiffs' claims and denied that Plaintiffs were improperly paid, underpaid, or that any alleged damages are owed, and Plaintiffs had to litigate this matter for over two years before the matter could be settled through mediation.

As part of the Settlement, the Parties have agreed that Plaintiffs' Counsel is entitled to attorneys' fees totaling 40% of the gross settlement amount. This is the agreement that the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) ("[T]he court cannot modify the bargained-for terms of the [class-action] settlement agreement."); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), *reh'g en banc denied sub nom. In re Deepwater Horizon—Appeals of the Economic and Property Damage Class Action Settlement*, 756 F.3d 320 (5th Cir. 2014), *cert. denied sub nom. BP Exploration & Prod, Inc. v. Lake Eugenie Land & Dev., Inc.*, 135 S.Ct. 754 (2014); *Blanchard v. Forrest*, CIV. A. 93-3780, 1996 WL 28526, at *3 (E.D. La. Jan. 23, 1996) (overruling magistrate judge's modification to consent judgment because courts lack authority to modify a settlement agreement).

For these reasons, Plaintiffs believe a fee of 40% is reasonable and necessary in this case. Plaintiffs' counsel also seeks reimbursement of their advanced litigation expenses.

**VI.**
**CONCLUSION**

The Parties respectfully request that the Court enter an order: (1) granting approval of the FLSA Settlement and its terms; (2) approving the service awards as set forth in the Settlement Agreement; and (3) approving the attorneys' fees, expenses, and costs for Plaintiffs' counsel outlined in Exhibit 1.

Dated: March 28, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Rhonda H. Wills* | */s/ Angela D. Green* |
| Rhonda H. Wills (Lead Counsel) | Angela D. Green (Lead Counsel) |
| State Bar No. 00791943 | State Bar No. 24040695 |
| S.D. Tex. I.D. No. 20699 | S.D. Tex. I.D. No. 1113801 |
| Patrick J. Raspino | Robyn M. Funk |
| State Bar No. 24105976 | State Bar No. 24104415 |
| S.D. Tex. I.D. No. 3145495 | OGLETREE, DEAKINS, NASH, |
| WILLS LAW FIRM, PLLC | SMOAK & STEWART, P.C. |
| 1776 Yorktown, Suite 570 | 8117 Preston Road, Suite 500 |
| Houston, Texas 77056 | Dallas, Texas 75225 |
| Telephone: (713) 528-4455 | Telephone: (214) 987-3800 |
| Facsimile: (713) 528-2047 | Facsimile: (214) 987-3927 |
| | |
| ATTORNEYS FOR PLAINTIFFS | Patrick F. Hulla |
| | Missouri Bar No. 41745 |
| | Kansas Bar No. 16230 |
| | Admitted Pro Hac Vice |
| | OGLETREE, DEAKINS, NASH, |
| | SMOAK & STEWART, P.C. |
| | 4520 Main Street, Suite 400 |
| | Kansas City, MO  64111 |
| | Telephone: (816) 410-2226 |
| | Facsimile: (816) 471-1303 |
| | |
| | ATTORNEYS FOR DEFENDANT |

- 14 -

**App. 134**

## CERTIFICATE OF SERVICE

On March 28, 2019, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the Court.  I certify I have served all counsel of record electronically.

*/s/ Rhonda H. Wills*
Rhonda H. Wills

**App. 135**

# EXHIBIT 8

United States District Court
Southern District of Texas
**ENTERED**
March 29, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

KRISTAL FREEMAN, §
§
Plaintiff, §
VS. § CIVIL ACTION NO. 3:16-CV-00356
§
PROGRESS RESIDENTIAL PROPERTY §
MANAGER, LLC, §
§
Defendant. §

## ORDER

For the reasons provided in the Joint Motion to Approve Confidential FLSA Settlement,

it is hereby ORDERED that:

1.  The Confidential Settlement Agreement and General Release is
    APPROVED as a fair and reasonable resolution of a bona fide dispute
    under the Fair Labor Standards Act;

2.  Service awards as set forth in the Confidential Settlement Agreement and
    General Release are APPROVED;

3.  The amounts to be paid to Plaintiffs in accordance with Exhibit A to the
    Confidential Settlement Agreement and General Release are APPROVED;

4.  The request for attorneys' fees to Plaintiffs' counsel as set forth in the
    Confidential Settlement Agreement and General Release is APPROVED;
    and

5.    Reimbursement of Plaintiffs' counsel's litigation expenses and costs as set

forth in the Confidential Settlement Agreement and General Release is

APPROVED.

IT IS SO ORDERED.

SIGNED at Galveston, Texas, this 29th day of March, 2019.

George C. Hanks Jr.
United States District Judge

**App. 138**

# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DALIA GUTIERREZ, *et al.*, | § | |
| | § | Civil Action No. 7:15-cv-00225 |
| Plaintiffs, | § | |
| | § | COLLECTIVE ACTION |
| v. | § | |
| | § | (JURY TRIAL) |
| I. KUNIK COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**JOINT MOTION TO APPROVE FLSA SETTLEMENT**

Plaintiffs Dalia Gutierrez and Oralia Mendoza, on behalf of themselves and all others similarly situated who have filed a Notice of Consent and are identified in the attached Exhibit A to the Settlement Agreement (attached hereto as Exhibit 1) (collectively, "Plaintiffs") and Defendants I. Kunik Company, Wonderful Citrus Packing LLC, Wonderful Citrus II LLC, and Lawrence Kroman ("I. Kunik" or "Defendants") (jointly, the "Parties") file this Joint Motion to Approve FLSA Settlement.  The terms of the proposed settlement are set out in detail in the Parties' Settlement Agreement, a copy of which is attached as Exhibit 1 to this Joint Motion.

**I.**
**INTRODUCTION**

The settlement reached here encompasses the FLSA claims of 86 plaintiffs who joined this case under the opt-in collective action mechanism of 29 U.S.C. § 216(b) ("Plaintiffs"). A copy of the Settlement Agreement is attached hereto as Exhibit 1. For all the reasons set forth below and in the supporting documents, the settlement is fair, reasonable, and adequate.  The Parties respectfully request that the Court approve the settlement as outlined herein and enter the Proposed Order attached to this Motion.

**App. 140**

## II.
## FACTUAL BACKGROUND

### A.    Overview of the Litigation

This case was filed in the Southern District of Texas on May 15, 2015, seeking minimum wages and overtime damages under the FLSA on behalf of manual laborers, and requesting collective treatment of the claims under 29 U.S.C. § 216(b). On February 8, 2016, the Court conditionally certified a class of manual laborers and authorized notice. The notice period began on March 23, 2016 and ended on July 23, 2016. Plaintiffs sent notice to 468 putative class members. All told, 86 Plaintiffs joined the suit, including the two named plaintiffs. The Parties conducted extensive discovery during and following the notice period. Plaintiffs also filed an opposed motion for leave to amend their complaint to add FLSA claims against Defendants Wonderful Citrus Packing LLC, Wonderful Citrus II LLC, and Lawrence Kroman, and the Court granted Plaintiffs' motion on August 16, 2017.

### B.    Mediation.

On October 31, 2016, the Parties attended a full-day mediation in Houston, Texas with mediator Alice Oliver-Parrott. No resolution was reached on October 31, 2016; however, following this first mediation, the Parties continued to gain a greater understanding of the facts and their legal import through continuing discovery and motion practice. Wills Dec. at ¶ 16. Subsequently, on November 15, 2018, the Parties attended a second full-day mediation with mediator Eric Galton in Austin, Texas. Mr. Galton is experienced in the mediation of wage and hour claims under the FLSA and is one of the leading mediators of wage and hour matters. Wills Dec. at ¶ 17. A resolution was reached at the mediation on November 15, 2018, and the Parties have further agreed to the settlement terms proposed below and as described in detail in Exhibit 1. Wills Dec. at ¶¶ 17, 19.

- 2 -

### III.
### <u>SUMMARY OF SETTLEMENT</u>

The Parties have agreed to settle the wage and hour claims of the Plaintiffs.  The terms of the Settlement Agreement are summarized as follows and are set forth in full in Exhibit 1.

The Settlement Agreement has been executed by Dalia Gutierrez and Oralia Mendoza, in accordance with the guidelines of the Fair Labor Standards Act. Ms. Gutierrez and Ms. Mendoza, as lead Plaintiffs, have the authority to sign the Settlement Agreement as representatives on behalf of and bind all members of the certified collective action. By opting-in to this FLSA collective action and in filing a notice of consent to join this matter, each FLSA Plaintiff agreed to be bound by and to share in as the Court may approve any settlement negotiated on behalf of all Plaintiffs.

With regard to the settlement terms, the "Gross Settlement Fund" for the FLSA Settlement is a total of $320,000.00 [THREE HUNDRED AND TWENTY THOUSAND DOLLARS], inclusive of the Plaintiffs' attorneys' fees, Plaintiffs' litigation expenses and costs, as well as service awards and the costs of the Claims Administrator.  The average per capita gross compensation is approximately $3,720 with a total of 86 Plaintiffs participating in the settlement. Each FLSA Plaintiff will receive a proportionate share of the net Settlement Fund according to a formula based on the length of each person's individual tenure and compensation.  The Settlement Agreement further provides for a minimum payment of $50 to each FLSA Plaintiff from the Settlement Fund.

Key terms of the Settlement Agreement are summarized below.

<u>Scope of the Class</u>.  The settlement shall encompass the claims of the 86 Plaintiffs who filed notices of consent to join this action.

<u>Payment of Settlement Funds</u>.  The Parties agree that the settlement funds be distributed based on the criteria set forth in the Settlement Agreement, subject to the conditions and terms set

**App. 142**

forth in that Agreement.

Service Awards.  The Parties request the Court approve the payment of service awards in the amounts of $7,500 [SEVEN THOUSAND FIVE HUNDRED DOLLARS] to Dalia Gutierrez and $2,500 [TWO THOUSAND FIVE HUNDRED DOLLARS] to Oralia Mendoza.

Attorneys' Fees, Costs and Litigation Expenses.  The Parties request an award of $200,000.00 [TWO HUNDRED THOUSAND DOLLARS] in attorneys' fees, litigation expenses and costs to Class Counsel as explained in detail below.

Claims Administrator.  The Parties request that the Court approve Simpluris, Inc. as Claims Administrator.  Simpluris is an independent, experienced third-party claims administrator.

Release of Claims.  As described in the Settlement Agreement, the proposed Settlement Agreement includes the following release of claims:

32.     The Settlement shall effect a complete settlement and release and shall extinguish, waive, fully release, and forever discharge the Released Parties as to each Plaintiff (identified in Exhibit A hereto) as to all claims arising from the Action, from any and all claims, debts, liabilities, demands, obligations, damages, action, or causes of action of any kind, whether known or unknown, which have been or could have been asserted against the Released Parties in the Action pertaining to or arising from violations of wage and hour laws, including but not limited to: claims under the Fair Labor Standards Act, and the wage and hour laws of Texas. The claims enumerated in this paragraph shall be referred to as the "Released Claims." Nothing in this Settlement shall be construed to waive any right that is not subject to waiver by private agreement.

33.     The Released Parties means (a) I. Kunik Company, WCP, WCII and Lawrence Kroman, and all of their past, present and future parents, subsidiaries, divisions, joint ventures, and affiliates; each of their predecessors, successors, and assigns; and all of their respective past, present and future owners, directors, officers, employees, trustees, contractors, partners, members, principals, underwriters, insurers, customers, shareholders, attorneys, accountants, auditors, legal representatives, or agents, irrespective of whether expressly named herein and (b) any individual or entity which could be jointly liable with Defendants.

## IV.
## APPROVAL OF THE FLSA SETTLEMENT

### A.    Legal Standard

The decision to approve a class action settlement is left to the district court's sound discretion. *See Newby v. Enron Corp.*, 394 F.3d 296, 300 (5th Cir. 2004). Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).  If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement to promote the policy of encouraging settlement of litigation. *See Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2008 U.S. Dist. LEXIS 37449, at *6 (S.D. Tex. May 7, 2008).

Federal courts routinely approve similar settlements reached in FLSA collective actions. *See, e.g., Beckman v. Keybank, N.A.*, 293 F.R.D. 467 (S.D.N.Y. 2013) (approving settlement of overtime claims asserted by 1735 collective action members for $4.9 million); *Davis v. J.P. Morgan Chase & Co.,* 827 F. Supp. 2d 172 (W.D.N.Y. 2011) (settlement fund totaling $42 million approved by court); *Mallin v. Nat'l City Mortg. Inc.*, 2007 WL 4208336 (N.D. Cal. Nov. 27, 2007) (court approval of a $5 million settlement).  Unlike settlements under Fed. R. Civ. P. 23, FLSA settlements are not subject to a two-stage process of preliminary approval followed by final approval, and no final fairness hearing is required.

### B.    The Settlement Resolves a Bona Fide and Contested Dispute.

The litigation of the FLSA claims asserted in this case was strongly contested, protracted, and reflected a bona fide and contested dispute between the Parties.  The case was filed in May 2015, and in the over three years since filing, counsel have developed a keen understanding of the strengthens and weaknesses of the claims, as well as the potential defenses thereto, both through discovery and motion practice.

- 5 -

Among the discovery engaged in by the Parties was voluminous written discovery, including the Parties' responses to multiple sets of interrogatories, responses to hundreds of requests for production, and the production of thousands of documents. Wills Dec. at ¶ 15. In addition, the motion practice on the collective action and discovery was extensive and hard-fought. For example, Plaintiffs successfully sought FLSA conditional certification of I. Kunik manual laborers, and 86 Plaintiffs opted-in to the suit. Defendants claimed numerous defenses to Plaintiffs' claims, including that class and collective treatment was inappropriate. In short, the claims in this matter were thoroughly contested, reflecting a bona fide dispute. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

### C.    The Proposed Settlement Is Fair and Reasonable.

The second prong of the Court's settlement approval inquiry focuses on the fairness and reasonableness of the proposed settlement. As explained below, the Court should readily conclude that the settlement meets the criteria for approval.

This settlement was the product of arm's-length negotiations by experienced counsel and has the salutary effect of: (1) providing substantial and immediate relief to Plaintiffs and (2) eliminating the inherent risks both sides would bear if this had continued to resolution on the merits. The Parties engaged in a mediation with a qualified mediator, Eric Galton, and ultimately, a mediator's proposal allowed the Parties to bridge the gap between their respective settlement positions and obtain the resolution described above. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See, e.g.*, *Lynn's Food Stores, Inc.,* 679 F.2d at 1354. Moreover, as noted below, consideration of several additional factors confirms that the proposed settlement is fair and reasonable.

- 6 -

### 1.    The Amount Offered for Settlement Is Reasonable.

By any objective measure, the compensation this settlement makes available to the Plaintiffs is favorable and provides collective action members reasonable consideration for their alleged claims.  The settlement brings the Plaintiffs significant monetary value now, not years from now, and provides certainty about the outcome.  Further, the average per capita gross compensation of approximately $3,720 provides a meaningful recovery.  Wills Dec. at ¶ 21.  This is not a case where the benefit to the class is largely injunctive or of modest value.

Although the maximum possible award at trial could potentially be larger than the settlement amount, the inquiry as to whether a settlement is reasonable examines the benefits of the settlement in light of the risks of establishing liability and damages.  *See, e.g., Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (affirming a district court's approval of a settlement after properly comparing the settlement amount and "the likely rewards the class would have received following a successful trial of the case"); *Tittle v. Enron Corp.  (In re Enron Corp.  Sec., Derivative & "ERISA" Litig.)*, 228 F.R.D. 541 (S.D. Tex. 2005) (approving a settlement amount below the possible recovery amount); *Quintanilla v. A & R Demolition, Inc.*, 2008 WL 9410399 (S.D. Tex. May 7, 2008) (finding settlement of FLSA claims for a percentage of the claimed damages to be reasonable in light of uncertainties involved in the litigation).

### 2.    The Expense, Complexity and Duration of Further Litigation.

This case is complex and carries significant risks for the Parties as to both legal and factual issues.  There is no question that even if Plaintiffs were to prevail at trial, Defendants would appeal the verdict leading to further expenses and uncertainty, as well as continued litigation for several years.  It is safe to assume that post-trial litigation could consume at least another two or three years before there would be finality in this litigation which dates back to May 2015.

**App. 146**

### 3.     The Experience and Views of Counsel

The experience of counsel in litigating and negotiating complex wage and hour disputes likewise strongly favors approving the settlement.  The involvement of experienced counsel and the fact that the settlement agreement was reached in arm's-length negotiations, after a "long, hard-fought mediation" creates a presumption that the agreement is fair.    *Quintanilla*, 2008 WL 9410399, at *4.  Although the Court is not bound by counsels' opinion, their opinion is nonetheless entitled to great weight.  *See Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996) (explaining that courts should not substitute their judgment for that of counsel, absent evidence of fraud or overreaching).  The FLSA litigation had the benefit of attorneys who are highly experienced in complex litigation and familiar with the facts and law in the case, and who have negotiated settlements in other complex litigation cases, including class and collective action settlements.  Wills Dec. at ¶ 26.  As with all the aspects of the litigation, the settlement negotiations were hard-fought and at arm's-length.

In the view of Plaintiffs' lead counsel, the settlement provides substantial benefits to the Plaintiffs, especially when one considers, among other things, the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings.  Wills Dec. at ¶ 22.  Further, in the experience of lead counsel, when evaluated against the risks and compared with similar litigation, the relief to the class is substantial.  *Id*.  Because this settlement is fair, adequate, and eminently reasonable, it should be approved.

### V.
### SERVICE AWARDS

The Parties request the Court approve the payment of service awards in the amounts of $7,500 [SEVEN THOUSAND FIVE HUNDRED DOLLARS] to Dalia Gutierrez and $2,500 [TWO THOUSAND FIVE HUNDRED DOLLARS] to Oralia Mendoza.

**App. 147**

The proposed service awards are fair and reasonable. *See In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012) (stating that courts commonly permit payment to class representatives above the amounts received by class members generally). "When determining [service] awards, courts may consider a variety of factors, including risks to [plaintiffs] in commencing the suit, personal difficulty encountered by [Plaintiffs], the amount of time and effort spent by [plaintiffs], and the personal benefit enjoyed by representative as a result of the litigation." *Tarlecki v. Bebe Stores, Inc.,* 2009 WL 3720872, at *5 (N.D. Cal. Nov. 3, 2009) (citing *Van Vranken v. Atl. Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995)); *see also Silva v. Tegrity Pers. Servs.*, No. 4:13-cv-00860, 2013 U.S. Dist. LEXIS171465, at *32 (S.D. Tex. Dec. 5, 2013) (stating that the purpose of service awards is to compensate plaintiffs for specific expenses and sacrifices).

In *Purdie v. Ace Cash Express, Inc.*, the Court approved $16,665 in service awards to three class representatives for "me[eting] with Class Counsel from time to time to assist in the prosecution of their cases." *Purdie v. Ace Cash Express, Inc.*, 2003 WL 22976611, at *7 (N.D. Tex. Dec. 11, 2003). Further, awards, as the ones sought here, are warranted when the plaintiffs have spent a significant amount of time assisting counsel and participating in the discovery process. *See, e.g., In re M.L. Stern Overtime Litig.,* 2009 WL 3272872, at *3–4 (S.D. Cal. Oct. 9, 2009) (awarding class representatives $15,000 each); *In re Lease Oil Antitrust Litig. (No. II)*, 186 F.R.D. 403, 449 (S.D. Tex. 1999) (approving awards of up to $10,000 per class representative); *Camp v. Progressive Corp.,* 2004 WL 2149079, at *7 (E.D. La. Sep. 23, 2004) (approving service awards to the class representative in the amount of $10,000 each).

Both service award recipients, named Plaintiffs Dalia Gutierrez and Oralia Mendoza, were significantly involved in this case as evidenced by, among other things, assisting in Plaintiffs'

**App. 148**

counsels' fact investigation, identifying potential witnesses, providing information regarding Defendants' workplace and compensation policies, and gathering and providing information responsive to Defendants' discovery. Wills Dec. at ¶ 25. Plaintiff Dalia Gutierrez also took several days off from work to travel from McAllen to multiple mediations of this case, including mediations on October 31, 2016 in Houston, Texas and on November 15, 2018 in Austin, Texas. Wills Dec. at ¶ 25. Based on these contributions, the requested service awards are fair and reasonable.

**VI.**
**ATTORNEYS' FEES, LITIGATION EXPENSES AND COSTS**

As part of the settlement, the Parties have agreed that Plaintiffs' counsel may apply to the Court without objection from Defendants for an award of attorneys' fees, litigation expenes and costs in this amount of $200,000.00 [TWO HUNDRED THOUSAND DOLLARS]. In the Fifth Circuit, "the most critical factor in determining a fee award is the degree of success obtained." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). The degree of success here is high because Defendants vehemently deny that Plaintiffs were improperly paid, underpaid, or that any alleged damages are owed, and Plaintiffs have litigated for over three years before the matter could be settled. Accordingly, the Plaintiffs believe the requested amount is reasonable.

Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to an award of reasonable attorneys' fees. In cases involving a fee-shifting statue, the Supreme Court has expressed a preference that the parties agree to the amount of the fee: "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

Here, the Plaintiffs' counsel seek $200,00.00 [TWO HUNDRED THOUSAND DOLLARS] from the Settlement Fund for attorneys' fees, litigation expenses and costs, as

- 10 -

**App. 149**

provided in the Settlement Agreement.  A list of the litigation expenses and costs incurred by Plaintiffs' counsel in litigating this matter totals $13,625.89 and is attached as exhibits to the Declaration of Rhonda H. Wills (Wills Dec. Ex. A).   Defendants have agreed not to object to or oppose the payment of such amounts from the Settlement Fund so long as the Court approves. The fee and expenses request is fair and reasonable, and there is no reason the Court should disturb the agreement of the Parties.

Fee applications in the Fifth Circuit are determined using the "lodestar" method, which is calculated by multiplying the number of hours reasonably expended on the litigation by an appropriate hourly rate in the community for such work. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar value of WILLS LAW FIRM, PLLC'S time is $400,725.00. WILLS LAW FIRM's lodestar is calculated by multiplying its hours worked on this case by the attendant hourly rates. The hours, attendant rates and lodestar for the WILLS LAW FIRM, PLLC in this matter are as follows:

| NAME | RATE | HOURS | LODESTAR |
|---|---|---|---|
| RHONDA H. WILLS (LEAD COUNSEL) | $600 | 298.25 | $178,950.00 |
| ASSOCIATES | $350 | 372.50 | $130,375.00 |
| LAW CLERKS: | $175 | 238.00 | $41,650.00 |
| PARALEGALS: | $125 | 398.00 | $49,750.00 |
| TOTAL | | 1306.75 | $400,725.00 |

Once the "lodestar" amount has been calculated, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319,

- 11 -

**App. 150**

324, 329 (5th Cir. 1995); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19

(5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90, 109 (1989)

(The court may increase or decrease the lodestar fee based on the following *Johnson* factors: (1)

the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite

to perform the legal service properly; (4) the preclusion of other employment by the attorney due

to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7)

time limitations imposed by the client or the circumstances; (8) the amount involved and the results

obtained; (9) the experience, repuation, and ability of the attorneys; (10) the political

"undesirability" of the case; (11) the nature and length of the professional relationship with the

client; and (12) awards in similar cases.) "[O]f the *Johnson* factors, the court should give special

heed to the time and labor involved, the customary fee, the amount involved and the result

obtained, and the experience, reputation and ability of counsel." *In re Enron Corp. Sec., Derivative

& ERISA Litig.*, 586 F. Supp. 2d 732, 761 (S.D. Tex. 2008).

The relevance of each of the *Johnson* factors will vary in any particular case, and, rather

than requiring a rigid application of each factor, the Fifth Circuit has left it to the lower court's

discretion to apply those factors in view of the circumstances of a particular case. *See Cobb v.

Miller*, 818 F.2d 1227, 1232 (5th. Cir. 1987) (refusing to reverse award when, although district

court did not analyze every *Johnson* factor, the "district court has utilized the Johnson framework

as the basis of its analysis, has not proceeded in a summary fashion, and has arrived at an amount

that can be said to be just compensation"). The *Johnson* factors support the attorney fee request:

     (1) <u>The time and labor involved</u>—In assessing the reasonableness of attorneys' fees, courts

          rely on the lodestar method, which is determined by multiplying the number of hours

          reasonably expended by counsel by a reasonable hourly rate. *Camp v. Progressive*

*Corp.*, 2004 WL 2149079 (E.D. La. Sept. 23, 2004).  Plaintiffs contend that their counsel collectively expended 1306.75 hours in professional time to the prosecution of Plaintiffs' FLSA claims. *See* Wills Dec. at ¶ 36.  The total lodestar for this matter is at least $400,725, based on the proposed hourly rates set forth above and the 1306.75 hours of professional services expended to advance the claims of the Plaintiffs. *See* Wills Dec. at ¶ 37 ($400,725 for WILLS LAW FIRM, PLLC).  Accordingly, the amount sought as attorneys' fees in this matter is appropriate.

(2) <u>The amount involved and results obtained</u>—This settlement puts meaningful relief into the hands of the Plaintiffs. The average net settlement amount is approximately $1,395 per Plaintiff, after the deduction of Plaintiffs' attorney fees and expenses, as well as service awards and Claims Administrator fees.

(3) <u>The litigation was risky</u>—As evidenced by other wage and hour cases, litigation has significant risks.  These included the risk of loss given Defendants' asserted defenses; the risk of further appeal; and even, if Plaintiffs were to prevail, the risk that a court or jury could find the measure of unpaid hours to be smaller than that sought.

(4) <u>The litigation required significant skill</u>—Counsel effectively and diligently prosecuted this challenging and complicated case.

(5) <u>Plaintiffs' Counsel took the case on a contingency fee arrangement and expended a great deal of their own resources in prosecuting the case</u>—Plaintiffs' counsel have prosecuted this case for nearly four years and have paid significant costs and expenses up front.  Plaintiffs contend that their attorneys have expended a great deal of time in the case as well. As of this filing, Plaintiffs contend that their lead counsel have expended more than 1306.75 hours and $13,625.89 in litigation expenses and costs.

- 13 -

**App. 152**

Plaintiffs' counsels' request for $200,000.00 in attorneys' fees, litigation expenses and costs from the Settlement Fund is fully supported by each of the relevant factors, and is further supported by a lodestar crosscheck. The Court should, therefore, approve the fee as agreed upon between the parties.

## VII.
## CONCLUSION

The Court should enter an order: (1) granting approval of the FLSA Settlement and its terms; (2) approving the service awards as set forth in the Settlement Agreement; (3) approving attorneys' fees, litigation expenses and costs to Plaintiffs' counsel, Wills Law Firm, PLLC, in the amount of $200,000.00; and (3) appointing Simpluris, Inc., as Claims Administrator.

Dated:  February 20, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Rhonda H. Wills* | */s/ Laura M. Alaniz* |
| Rhonda H. Wills (Lead Counsel) | Laura M. Alaniz (Lead Counsel) |
| State Bar No. 00791943 | State Bar No. 00796110 |
| S.D. Tex. I.D. No. 20699 | S.D. Tex. I.D. No. 26370 |
| Patrick J. Raspino | THOMPSON, COE, COUSINS & IRONS, L.L.P. |
| State Bar No. 24105976 | One Riverway, Suite 1400 |
| S.D. Tex. I.D. No. 3145495 | Houston, Texas 77056-1988 |
| WILLS LAW FIRM, PLLC | Telephone: (713) 403-8210 |
| 1776 Yorktown, Suite 570 | Facsimile: (713) 403-8299 |
| Houston, Texas  77056 | |
| Telephone:  (713) 528-4455 | ATTORNEYS FOR DEFENDANTS |
| Facsimile:  (713) 528-2047 | |

ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

On February 20, 2019, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the Court.  I certify I have served all counsel of record electronically:

<u>/s/ Rhonda H. Wills</u>
Rhonda H. Wills

**App. 154**

# EXHIBIT 10

United States District Court
Southern District of Texas
**ENTERED**
February 25, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

DALIA  GUTIERREZ, *et al*,                                      §
                                                                §
              Plaintiffs,                                       §
VS.                                                             §    CIVIL ACTION NO. 7:15-CV-225
                                                                §
I. KUNIK COMPANY, *et al*,                                      §
                                                                §
              Defendants.                                       §

## ORDER

For the reasons provided in the Joint Motion to Approve FLSA Settlement, it is hereby

**ORDERED** that:

1. The Settlement Agreement is **APPROVED** as a fair and reasonable resolution of a

bona fide dispute under the Fair Labor Standards Act;

2. Service awards as set forth in the Settlement Agreement are **APPROVED**;

3. The amounts to be paid to Plaintiffs in accordance with the formula for calculations set

forth in the Settlement Agreement are **APPROVED**;

4. The request for attorneys' fees as set forth in the Settlement Agreement is

**APPROVED** as fair and reasonable;

5. Reimbursement of the Plaintiffs' litigation expenses and costs as set forth in the Joint

Motion to Approve FLSA Settlement is **APPROVED**;

6. Simpluris, Inc. is **APPROVED** as claims administrator; and

7. The fee for Simpluris, Inc. as set forth in the Settlement Agreement is **APPROVED**.

SO ORDERED this 25th day of February, 2019, at McAllen, Texas.

_____
Randy Crane
United States District Judge

1 / 1

**App. 156**

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES PARKER, *et al.*,              §
                                      §
                Plaintiffs,           §
                                      §        Civil Action No. 3:14-CV-02075-B
v.                                    §
                                      §
SILVERLEAF RESORTS, INC., *et al.*,   §
                                      §
                Defendants.           §

**DECLARATION OF RHONDA H. WILLS**

I, Rhonda H. Wills, declare as follows:

1.      My name is Rhonda H. Wills. I am over the age of eighteen years, capable of making this declaration, and fully competent to testify to the matters stated here due to my position, experience, and personal knowledge. I have personal knowledge of the facts stated, and they are true. I make these statements based on personal knowledge and would so testify if called as a witness.

2.      I was retained by lead plaintiff James Parker, on behalf of himself and all others similarly situated, including all opt-in plaintiffs, as the attorney-in-charge in the above-referenced matter. I have acted as lead counsel in this matter for 4 years since its inception when I began investigating this matter, and thereafter, filed this Fair Labor Standards Action ("FLSA") collective action on March 13, 2014.

3.      I was retained by lead plaintiffs Christopher Dix and Aaron Kessler, on behalf of themselves and all the Illinois Rule 23 class members ("Illinois Plaintiffs"), as the attorney-in-charge in *Christopher Dix, et al. v. Silverleaf Resorts, Inc., et al*, No. 3:17-cv-3249, pending before this Honorable Court ("*Dix*" or the "*Dix* Lawsuit"), which claims have now been added to this

cause through the Consolidated Complaint and are being settled. I have acted as lead counsel in representing the Illinois plaintiffs and Rule 23 class members since such claims were initially brought in the *Dix* Lawsuit.

4.      I make this declaration in support of the Joint Motion for Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Settlement.

**Experience and Qualifications.**

5.      I am the founding member of WILLS LAW FIRM, PLLC. I am a 1994 graduate of the University of Texas School of Law, and I have a B.B.A. in international business from the University of Texas at Austin. I have been licensed to practice in Texas since 1994, and since that time I have been a member of the State Bar of Texas in good standing. I am also admitted and licensed to practice law in New York, and I am a member of the State Bar of New York in good standing.

6.      I am admitted to practice before all Texas and New York state courts, the Southern District of Texas, the Western District of Texas, the Northern District of Texas, the Fifth and Ninth Circuit Courts of Appeals, and the United States Supreme Court. I have also appeared *pro hac vice* as lead counsel in cases pending in the Southern District of New York, the Northern District of California, the Central District of California, the Eastern District of Louisiana, the District of New Jersey, and the District of Kansas.

7.      Before founding the Wills Law Firm in 2003, I practiced at VINSON & ELKINS L.L.P. for almost 8 years following a one-year judicial clerkship with the Supreme Court of Texas as a briefing attorney.

8.      While at VINSON & ELKINS, I handled complex class actions representing defendants in various jurisdictions, including Texas, South Carolina, Tennessee, New Jersey,

**App. 159**

Florida, Alabama, the U.S. Virgin Islands, and Canada. Further, I was a senior member of the litigation team involved in representing an international company in conjunction with a $1 billion class action settlement fund.

9.      In the past almost 24 years of practicing law, among other things, I have specialized in employment litigation and complex multi-party litigation and class action litigation, including national and statewide FLSA collective actions and wage and hour matters.

10.     At the WILLS LAW FIRM, I have focused my practice on representing plaintiffs in nationwide and statewide FLSA collective actions and class actions. I have successfully resolved multiple cases that have been certified by federal courts on a nationwide and statewide basis. Since 2008, I have appeared as lead counsel in more than 50 wage and hour matters in federal and state courts nationwide, including matters that have been certified on a state and/or nationwide basis. I was appointed Lead Counsel in a multi-district litigation ("MDL") nationwide collective action involving thousands of class members. I also currently have or have previously had wage and hour matters filed before judges in the Northern District of Texas, including this Honorable Court, as well as courts in the Southern District of Texas, the Western District of Texas, the Southern District of New York, the Northern District of California, the Central District of California, the District of New Jersey, the District of Kansas, and the Los Angeles Superior Court. I have also acted as lead counsel in jury trials of wage and hour cases in federal courts and in arbitration proceedings.

11.     A list of some of the wage and hour matters in which I have served (or am currently serving) as lead counsel includes, but is not limited to, the following:

- *In re Wells Fargo Wage and Hour Employment Practices Litigation (No. III)*, Case No. 4:11-md-2266, MDL in the Southern District of Texas, Houston Division (National/Multi-District FLSA collective action re mortgage loan officers) ($15 million settlement) (J. Miller)

- *Bejenaru, et al v. KB Home, et al.*, Case No. BC521236, In the Superior Court of the State

of California, County of Los Angeles, Civil Central West (California wage and hour class action) ($3.4 million settlement) (J. Jones); transferred to the Southern District of Texas and consolidated with *Edwards* (see below)

- *Edwards, et al. v. KB Home,* Civil Action No. 3:11-cv-00240, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Costa)

- *Cartwright, et al. v. Tumi Stores, Inc.,* Civil Action No. BC631409, In the Superior Court of the State of California, County of Los Angeles, Civil Central West (California wage and hour class action) (J. Highberger)

- *Manigo, et al. v. Time Warner Cable, Inc., et al.*, Civil Action No. 2:16-cv-06722-JFW-PLA, In the United States District Court for the Central District of California (California wage and hour class action) (J. Walter)

- *Ron Henry, et al. v. JPMorgan Chase & Co., et al*.; Civ. No. 15-cv-03895-PSG-PLA, In the Central District of California (J. Gutierrez)

- *Richard, et al., v. ViewPoint Bank, et al.,* Civil Action No. 4:11-cv-00846, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Lake)

- *Salto, et al., v. Ameripro Funding, Inc.,* Civil Action No. 1:11-cv-00289-SS, In the United States District Court for the Western District, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Sparks)

- *Bethea, et al., v. 360 Mortgage Group, LLP,* Civil Action No. 1:11-cv-921-SS, In the United States District Court for the Western District, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Sparks)

- *Valladares, et al., v. Priority Home Mortgage, LP, et al.,* Civil Action No. 3:11-cv-00114, In the United States District Court for the Southern District of Texas, Galveston Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Hoyt)

- *Dalia Gutierrez, et al. v. I. Kunik Company*.; Case No. 7:15-cv-00225; In the Southern District of Texas, McAllen Division (conditionally certified as FLSA collective action)

- *Perez, et al., v. Wells Fargo & Company, et al.,* Civil Action No. 3:14-cv-00989, In the United States District Court for the Northern District of California (wage and hour action brought individually on behalf of ten plaintiffs who were previously employed in non-exempt positions by Wells Fargo) (J. Hamilton)

- *Mote v. Perry Homes, A Joint Venture, et al.,* Civil Action No. 1:09-cv-00553-LY, In the United States District Court for the Western District, Austin Division (FLSA collective

action re mortgage loan officers) (confidential settlement) (J. Yeakel)

- *Villegas v. Regions Bank, et al.,* Civil Action No. 4:11-cv-00904, In the United States District Court for the Southern District of Texas, Houston Division (FLSA action re mortgage loan officer) (confidential settlement) (J. Rosenthal)

- *Vangelakos, et al. v. Wells Fargo Bank, N.A., et al.,* Civil Case No. 1:13-cv-06574, In the United States District Court Southern District of New York (off-the-clock wage and hour violations) (J. Castel)

- *Fernandez, et al. v. Wells Fargo Bank, N.A., et al.,* Civil Action No. 12-cv-7193, In the United States District Court for the Southern District of New York (off-the-clock wage and hour violations) (J. Castel)

- *Scutts, et al. v. Wachovia Corporation, et al.,* In the United States District Court Southern District of New York (off-the-clock wage and hour violations) (J. Castel)

- *McNeill, et al., v. Wells Fargo Bank, N.A.,* Civil Action No. 4:11-cv-01400, In the United States District Court for the Southern District of Texas, Houston Division (FLSA violations re Wells Fargo tellers) (confidential settlement) (J. Miller)

- *McNeill, et al., v. Wachovia Corporation, et al.,* Civil Action No. 4:11-cv-01401, In the United States District Court for the Southern District of Texas, Houston Division (FLSA violations re Wachovia tellers) (confidential settlement) (J. Rosenthal)

- *Richardson, et al., v. Wells Fargo Bank, N.A.,* Civil Action No. 4:11-cv-00738, In the United States District Court for the Southern District of Texas, Houston Division (off-the-clock FLSA violations re Wells Fargo personal bankers) (confidential settlement) (J. Atlas)

- *Canela, et al., v. HEB Grocery Company, LP, et al.,* Civil Action No. 1:10-cv-0078-LY, In the United States District Court for the Western District, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel)

- *Fructuoso, et al., v. HEB Grocery Company, LP, et al.,* Civil Action No. 1:10-cv-00951-LY, In the United States District Court for the Western District, Austin Division (FLSA collective action) (confidential settlement) (J. Yeakel)

- *Rueda, et al., v. Tecon Services, Inc.,* Civil Action No. 4:10-cv-04937, In the United States District Court for the Southern District of Texas, Houston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Rosenthal)

- *Hernandez, et al. v. Robert Dering Construction*, Civil Action No. 3:15-cv-00176, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (J. Hanks)

- *Shelby, et al v. Boxer Prop. Mgmt. Corp.*, Civil Action No. 4:16-cv-01549, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action re onsite leasing agents) (J. Ellison)

- *Gonzalez, et al., v. Ridgewood Landscaping, Inc.,* Civil Action No. 4:09-cv-02992, In the United States District Court for the Southern District of Texas, Houston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Rosenthal)

- *Willis, et al., v. Perry Homes, et al.,* Civil Action No. 1:09-cv-00799-LY, In the United States District Court for the Western District, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel)

- *Sandberg, et al., v. Perry Homes, et al.,* Civil Action No. 1:09-cv-00763-LY, In the United States District Court for the Western District, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel)

- *Hughes v. The Ryland Group, Inc. et al.,* Civil Action No. 3:11-cv-00203, In the United States District Court for the Southern District of Texas, Galveston Division (confidential settlement)

- *Gillum, et al., v. Acuity Healthcare, LP,* Civil Action No. 4:11-cv-391 (FLSA collection action re healthcare workers) (confidential settlement) (J. Atlas)

- *McCarragher, et al., v. The Ryland Group, Inc. et al.,* Civil Action No. 4:11-cv-00055, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Costa)

- *Lipnicki, et al., v. Meritage Homes Corporation, et al.,* Civil Action No. 3:11-cv-00605, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement following a one-week bellwether trial) (J. Costa)

- *White-Yeldell v. Lennar Corporation, et al.,* Civil Action No. 4:08-cv-03743, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Gilmore)

- *Carter, et al., v. Lennar Corporation, et al.,* Civil Action No. 4:08-cv-03790, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Atlas)

- *Sam, et al., v. Lennar Corporation, et al.,* Civil Action No. 4:09-cv-00565, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Gilmore)

- *Alvarado, et al., v. Shipley Donut Flour & Supply Co., Inc.,* Civil Action No. 4:08-cv-02111, In the United States District Court for the Southern District of Texas, Houston

Division (FLSA collective action) (J. Atlas)

- *Ramirez, et al., v. Gigi Huang Restaurant, Ltd, et al.,* Civil Action No. 4:09-cv-02649, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement)

- *Switzer, et al., v. Wachovia Corporation, et al.,* Civil Action no. 4:11-cv-01604, In the United States District Court for the Southern District of Texas, Houston Division (FLSA off-the-clock violations re Wachovia financial specialists) (J. Atlas)

- *Blake v. Hewlett-Packard Company,* Civil Action No. 4:11-cv-00592, In the United States District Court for the Southern District of Texas, Houston Division (J. Harmon)

- *Parker, et al., v. Silverleaf Resorts, Inc., et al.,* Civil Action No. 3:14-cv-02075-P, In the United States District Court for the Northern District of Texas, Dallas Division (FLSA collective action) (J. Boyle)

- *Strickland, et al., v. Aramark Uniform & Career Apparel, LLC.,* Civil Action No. 15-cv-7823-DCC-GEB, In the United States District Court for the District of Kansas (FLSA collective action) (J. Crabtree)

- *Henry v. JPMorgan Chase & Co., et al.,* Civil Action No. 2:15-cv-03895-PSG-PLA, In the United States District Court for the Central District of California (FLSA collective action) (J. Gutierrez)

- *Gutierrez, et al., v. I. Kunik Company*, Civil Action No. 7:15-cv-00225, In the United States District Court for the Southern District of Texas, McAllen Division, (FLSA collective action) (J. Crane)

- *Ranieri, et al., v. Banco Santander, et al.,* Civil Action No. 2:15-cv-03740-MCA-MAH, In the United States District Court for the District of New Jersey (FLSA collective action) (J. Arleo)

**Background of the Litigation.**

12.      I began investigation of potential FLSA violations by Silverleaf in early 2014 after initially being contacted by potential plaintiffs, including James Parker. Subsequently, I filed this lawsuit against Silverleaf on March 13, 2014, asserting FLSA claims on behalf of Mr. Parker and others, as well as a putative nationwide class of sales employees alleging seeking unpaid overtime and minimum wages, as well as liquidated damages.

**App. 164**

13. In October 2016, Plaintiffs moved to conditionally certify this matter as a nationwide FLSA collective action. Certification was vehemently contested by Silverleaf and thoroughly briefed by the parties.

14. On May 1, 2017, the Court granted Plaintiffs' motion to conditionally certify this matter as a collective action and authorized notice to issue to putative class members. [Doc. 167].

15. Plaintiffs mailed out notice to 561 putative class members. All told, 200 Plaintiffs joined the suit, in addition to the four named plaintiffs.

16. The parties conducted extensive discovery during the discovery phase of the litigation, including taking the depositions of the named Plaintiffs and two of Silverleaf's managerial employees. Silverleaf produced hundreds of thousands of documents in response to hundreds of requests for production from Plaintiffs. In addition, Plaintiffs deposed two current or former Silverleaf managerial employees. Silverleaf deposed the four named Plaintiffs.

17. The *Dix* Lawsuit was filed on November 30, 2017 by two Silverleaf sales employees from Illinois. *Dix* alleged violations of (1) the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115/2, *et seq.*, requiring compensation for all actual hours worked, as well as minimum wage and overtime pay; and (2) the Illinois Minimum Wage Law, 820 ILCS §§ 105, *et seq.*, requiring payment of minimum wages and overtime wages, and maintenance of records reflecting employees' accurate working hours.

18. The *Dix* named plaintiffs sought relief on behalf of an opt-out putative class of allegedly similarly situated Silverleaf sales employees under Rule 23 of the Federal Rules of Civil Procedure. In total, the putative class is estimated to consist of approximately 1,000 individuals. The *Dix* named plaintiffs had not moved for class certification prior to the Parties' agreement to settle the case, nor had significant discovery been conducted prior to settlement.

**App. 165**

**Mediation & Settlement Negotiations.**

19.    On October 26, 2017, the parties attended a full-day mediation with mediator Nancy Huston in Houston, Texas, where Ms. Huston is based. Ms. Huston has a stellar reputation as an experienced mediator in wage and hour claims under the FLSA, and is one of the leading mediators of wage and hour matters.

20.    No resolution was reached during the October 2017 mediation, but Ms. Huston's efforts laid the groundwork for a possible resolution. The *Dix* lawsuit was subsequently filed on November 30, 2017, and asserted Illinois wage and hour law claims against Defendants. The parties continued to engage in meaningful settlement discussions with the assistance of Ms. Huston in the months that followed, including informal telephonic settlement meetings and conferences (during which time settlement of both the *Parker* and *Dix* matters was discussed). In January 2018, Ms. Huston gave a mediator's proposal, which both sides accepted on February 8, 2018.

21.    The Illinois state law claims originally asserted in *Dix* have been added to this Action by way of a Consolidated Complaint sought to be filed pursuant to a Stipulation of the Parties (Dkts. 403, 403–1). The Parties' counsel have apprised this Honorable Court that they have agreed upon settlement terms and that they wished to present their proposed settlement of the Illinois state law claims to this Court for the process of approval and administration of the settlement terms. Accordingly, the *Dix* lawsuit will be dismissed without prejudice pending this Court's review and approval of this settlement.

22.    At the time of the settlement, this matter had been pending for approximately four years, which had allowed Plaintiffs' counsel to make a thorough evaluation of the strengths and weaknesses of both cases, through both formal discovery and legal analysis.

23.     The parties have now reached settlement terms that are included in the FLSA Settlement Agreement and Rule 23 Class Settlement Agreement, which are attached as Exhibits 1 and 2 to the Joint Motion.

24.     As 200 individuals opted-in to the suit, and there are four original named Plaintiffs, 204 Plaintiffs are participating in the FLSA settlement, and those individuals are identified in Exhibit A to the FLSA Settlement Agreement.

**The Proposed FLSA and Rule 23 Settlements Are Fair and Reasonable.**

25.     The proposed FLSA Settlement Agreement provides for a "Gross Settlement Fund" for the FLSA Plaintiffs in the amount of $1,250,000.00 [ONE MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS], inclusive of the FLSA Plaintiffs' attorneys' fees and litigation expenses and costs, as well as service awards and the costs of the Claims Administrator. The average per capita gross compensation is approximately $6,124 with a total of 204 Plaintiffs participating in the settlement, which provides a meaningful recovery. Each FLSA Plaintiff will receive a proportionate share of the net Settlement Fund according to a formula based on the length of each person's individual tenure and compensation. The Settlement Agreement further provides for a minimum payment of $250 to each FLSA Plaintiff from the Settlement Fund.

26.     The proposed Rule 23 Settlement Agreement provides for a "Gross Settlement Fund" for the Illinois Plaintiffs in the amount of $250,000.00 [TWO HUNDRED FIFTY THOUSAND DOLLARS], inclusive of the Illinois Plaintiffs' attorneys' fees and litigation expenses and costs, as well as service awards and the costs of the Claims Administrator. Each Illinois Plaintiff will receive a proportionate share of the net Settlement Fund according to a formula based on the length of each person's individual tenure and compensation within the relevant statute of limitations, as well as whether they are a participant in the settlement of claims

under the FLSA. The Settlement Agreement further provides for a minimum payment of $50 to each Illinois Plaintiff.

27.     I have been lead counsel in numerous other wage and hour collective action and class action matters. As a result of the extensive analysis conducted by Plaintiffs' counsel in this case and my experience with similar settlements, I believe that this settlement is fair, reasonable, and adequate in light of the potential damages and the strengths and potential weaknesses of the case. The settlement makes available significant monetary benefits to the Rule 23 Plaintiffs and FLSA Plaintiffs without increased expenses, the risks of trial and appellate proceedings, and the general uncertainties of litigation. Further supporting the arms-length negotiations here is that the parties participated in a full-day mediation and continued settlement discussions and a resolution that was reached through a mediator's settlement proposal that was ultimately accepted by the parties. Even after the proposed deduction of attorneys' fees, litigation expenses and costs, class administration fees, and service awards, the overall recovery for the average FLSA Plaintiff is approximately $6,124 per person, and each Rule 23 Plaintiff will receive a minimum of $50. By any objective measure, the compensation this settlement makes available to the Rule 23 and FLSA Plaintiffs is reasonable consideration for their claims without any further delay following 4 years of protracted litigation.

28.     Litigation of the FLSA Plaintiffs' and Illinois Plaintiffs' claims has been vigorously contested and was resolved only after considerable negotiation and compromise by both parties. In my judgment and experience, in view of the inherent uncertainty, delay, and expense of further proceedings in this case, including additional discovery, trial, and appeals, I believe the FLSA Settlement Agreement and the Rule 23 Settlement Agreements are in the best interest of the FLSA and Illinois Plaintiffs.

**App. 168**

**The Honorable Gregg J. Costa of the Fifth Circuit Court of Appeals Recently Approved an Analogous FLSA and Rule 23 Settlement, Which Included an Award of 40% in Attorneys' Fees.**

29.     The proposed settlement in this case, as well as the mechanism for approval, are patterned after a very similar FLSA and Rule 23 wage and hour matter on which I served as lead counsel—*Edwards v. KB Home*, Civil Action No. 3:11-cv-240 (S.D. Tex.). In *Edwards*, an FLSA collective action and a Rule 23 class settlement of California wage and hour claims were approved by the Honorable Gregg Costa of the Fifth Circuit Court of Appeals in 2016 while Judge Costa was sitting by designation in the Southern District of Texas.

30.     In addition to approving the FLSA and Rule 23 settlements, Judge Costa also approved an award of 40% in attorneys' fees. *Edwards v. KB Home*, No. 3:11-cv-240 [Dkt. 269, Joint Motion for Preliminary Approval of Rule 23 Settlement Class, at pp. 22–26]; [Dkt. 277, Order Granting Final Approval, at p. 3].

**The Proposed Service Awards Are Fair and Reasonable.**

31.     The service awards requested for the named plaintiffs are fair and reasonable, in the following amounts: $10,000 each to James Parker, Caitlin Collins, Taylor Jackson, and Zachary Owens, and $5,000 each to Christopher Dix and Aaron Kessler. In addition to appearing for a deposition, all four of the named *Parker* Plaintiffs attended the mediation of this matter in Houston, and assisted Plaintiffs' counsel with mediation.

32.     The *Parker* and *Dix* service award recipients were significantly involved in this case, as evidenced by among other things, assisting in Plaintiffs' counsels' fact investigation, reviewing pleadings and correspondence, contacting potential witnesses, and gathering and interpreting documents related to the defendants' workplace and compensation policies. They also spent extensive time meeting Plaintiffs' counsel on multiple occasions, and the *Parker* plaintiffs

met with us on multiple occasions in preparation for their depositions, and gathered and provided documents responsive to the defendants' discovery. The *Parker* Plaintiffs also participated in the mediation, at which they assisted in the formulation and review of settlement proposals and otherwise contributed valuable insights and information. Without the contributions made by the service award recipients, I do not believe that the settlement would have been achieved.

**The Fee and Expenses Request from Plaintiffs' Counsel is Fair and Reasonable.**

33.     My law firm, WILLS LAW FIRM, PLLC was retained by Plaintiffs in this matter. As the lead attorney, I have been assisted by others from my law firm in the prosecution of this case, including associate attorneys Patrick J. Raspino, Brian A. Srubar, and Genevieve B. Estrada, as well as paralegals and law clerks. Patrick J. Raspino graduated from South Texas College of Law Houston. Prior to law school, Mr. Raspino obtained a Bachelor of Arts degree from the University of Texas at Austin. Brian A. Srubar graduated from the University of Houston Law Center. Prior to law school, Mr. Srubar obtained Bachelor of Science degree from the University of Houston. Genevieve B. Estrada graduated from Texas Southern University, Thurgood Marshall School of Law. Prior to law school, Ms. Estrada obtained a Bachelor of Arts degree from the University of Texas at Austin. Ms. Estrada, Mr. Raspino, and Mr. Srubar have experience in assisting with the representations of clients in wage and hour litigation.

34.     The demands of this litigation—the complexity of the factual and legal issues involved, the vigorous defense mounted by the defendants, and the requirements of servicing a client base of hundreds of individuals—have required a considerable investment of time and resources by Plaintiffs' counsel for nearly 4 years. Among other tasks, Plaintiffs' counsel obtained conditional certification of the FLSA collective action; reviewed hundreds of thousands of documents obtained in discovery from the defendants, as well as documents obtained from public

sources; prepared for and conducted depositions of the defendants' witnesses on dozens of topics; prepared four plaintiffs for depositions; interviewed opt-in plaintiffs across the country in investigating this matter; responded to a large volume of client communications and inquiries; extensively briefed several motions; prepared complex damages calculations; prepared and presented a detailed PowerPoint mediation presentation; and litigated this matter for nearly four years.

35.     This matter has required a considerable investment of time and resources by WILLS LAW FIRM. This matter has at all times been pursued on a fully contingent basis. Plaintiffs' counsel would receive no amount for costs, expenses, or time unless the case succeeded. To date, Plaintiffs' counsel has not received any compensation or reimbursement for time or expenses incurred in these proceedings. Plaintiffs' counsel has expended substantial time, litigation expenses, and costs in litigating this matter. Representation of the Plaintiffs in this case has been ongoing for nearly four years, and has required my firm to forego other work and to advance significant litigation expenses.

36.     As a fee in this settlement, Plaintiffs' counsel seeks $500,000.00 from the Gross Settlement Fund for attorneys' fees for the FLSA settlement, and $100,000.00 from the Gross Settlement Fund for attorneys' fees for the Rule 23 settlement (both forty percent of the respective total Gross Settlement Funds). In the Fifth Circuit, the "customary contingency" is the range of 35% to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Furthermore, "the most critical factor in determining a fee award is the degree of success obtained." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003).

37.     The degree of success here is high because Silverleaf vehemently denies that Plaintiffs were improperly paid, underpaid, or that any alleged damages are owed, and Plaintiffs litigated almost four years before the matter could be settled.

38.     The settlement reached in this case was only possible because of the case development and analysis performed by Plaintiffs' counsel. To prosecute this case and to achieve this settlement, Plaintiffs' counsel was required to conduct extensive legal research and investigation and interview class members concerning the defendants' defenses. This undertaking was particularly critical in this nationwide FLSA collective action with hundreds of opt-in plaintiffs from across the country, with the concomitant risk of a potential decertification motion by defendants.  In my judgment, this settlement, coming before the expense of a jury trial and possible appeal, shows that Plaintiffs' counsel succeeded in their effort. The size of the collective action and the multi-city nature of this litigation required Plaintiffs' counsel to expend considerable time and resources managing the needs and expectations of individuals spread throughout the country. Finally, this case, which was undertaken on a purely contingent basis with no guarantee of any recovery, required an immense investment of time by Plaintiffs' counsel, particularly for a firm of our size, and necessarily required us to decline other representations. For all these reasons, I believe that a fee award of 40% is fully justified in this case.

39.     Based on my professional experience, WILLS LAW FIRM, PLLC's billing rates are fair and reasonable and are commensurate with hourly rates of lawyers with similar experience handling complex litigation matters.

40.     Based on my professional experience, a reasonable rate for my work in this case, for an attorney of similar skill and experience performing similar work in this community is at least $675 per hour. In my experience, equity partners at large firms include individuals with as

**App. 172**

little as 8–10 years of experience earn comparable rates as compared to my nearly 24 years of experience. Moreover, though I am with a small firm, I started my career by spending several years with a large firm (VINSON & ELKINS, LLP). In addition, I have extensive experience and expertise as a lawyer in FLSA matters. The skill required to perform the legal services provided by me is that of a trial attorney employed as a senior equity partner experienced in the development and presentation of a case similar to this matter. The time I spent working on this case was time that I otherwise could have spent earning hourly fees or contingent fees in other matters, or developing additional business. In performing contingent fee work in the past, my firm has earned in certain complex cases, several thousand dollars per hour.

41.    Likewise, based on my professional experience, a reasonable hourly rate for associate attorneys is $325 per hour. Similarly, based on my professional experience, a reasonable rate for law clerk time is $150 per hour and paralegal time is $125 per hour. According to a 2013 Utilization and Compensation Survey Report by the Association of Legal Assistants and Paralegals, even at small firms, average billing rates exceeded $100 per hour.

42.    The 2013 *National Law Journal* survey of U.S. law firm billing rates also confirms that WILLS LAW FIRM'S rates are reasonable. According to that survey, firms in Texas charge rates comparable to WILLS LAW FIRM'S rates being used in this matter, averaging from $655 for partners and $417 for associates.

43.    After the exercise of considerable billing judgment, WILLS LAW FIRM has devoted 2,622.75 hours of professional time to the prosecution of this matter through February 8, 2018.

44.    Based on the hourly rates regularly charged by my firm, the lodestar value of WILLS LAW FIRM, PLLC'S time is $1,007,743.75. WILLS LAW FIRM's lodestar is calculated by

multiplying its hours worked on this case by the attendant hourly rates. The hours, attendant rates and lodestar for the WILLS LAW FIRM, PLLC in this matter are as follows:

| NAME | RATE | HOURS | LODESTAR |
|---|---|---|---|
| RHONDA H. WILLS (LEAD COUNSEL) | $675 | 897.25 | $605,643.75 |
| ASSOCIATES | $325 | 882.75 | $286,893.75 |
| LAW CLERKS: | $150 | 394.50 | $59,175.00 |
| PARALEGALS: | $125 | 448.25 | $56,031.25 |
| TOTAL | | 2,622.75 | $1,007,743.75 |

45. The lodestar calculations were compiled from time records regularly prepared and maintained by WILLS LAW FIRM in the ordinary course of business. My firm, including myself, Ms. Estrada, Mr. Raspino, and Mr. Srubar, along with our law clerks and paralegals, have performed substantial work on behalf of the Plaintiffs in this case. All of the services performed by WILLS LAW FIRM were reasonably necessary in the prosecution of this action. The time reflected therein was reasonable and necessary to the representation of the FLSA and Rule 23 Plaintiffs in this case, and reasonably expended in advancing their FLSA and Illinois claims. Allocation of work by experience level was also reasonable given the experience level of each of the attorneys involved and the tasks they performed. In apportioning the time spent litigating the FLSA claims versus the Illinois class claims, Wills Law Firm expended approximately 85% of its time litigating the FLSA claims and approximately 15% of its time litigating the Illinois class claims.

46. WILLS LAW FIRM's billing rates are fair and reasonable, as evidenced by the comparable rates charged by plaintiffs' counsel in other significant wage and hour actions where similar, or even less favorable, results were achieved. For example, as part of the settlement of an

FLSA action brought on behalf of some 185,000 non-exempt hourly workers employed by Bank of America, the court approved attorneys' fees of $18.25 million where plaintiff's lodestar of $16.5 million reflected a blended hourly rate of $488. *In re Bank of America Wage and Hour Employment Litig.*, 2013 WL 6670602, at *3 (D. Kan. 2013). In contrast, my firm's blended hourly rate for this proceeding is $384. District courts in this Circuit likewise have approved fee requests in class actions based on comparable rates. *Glover v. Woodbolt Distribution, Ltd.*, No. 4:12-cv-2191 (S.D. Tex.) (Miller, J.), Dkt. ##32, 35 (approving fee award based on rates of $670–$750 for partners; $335–$500 for associates; and $140–$180 for paralegals).

47.   The schedule attached hereto as Exhibit A is an accurate summary indicating the taxable costs and litigation expenses incurred by WILLS LAW FIRM, PLLC for the advancement of the claims of the FLSA Plaintiffs, which totals $25,757.21. We seek reimbursement of these taxable costs and litigation expenses, which were all reasonable and necessary to the prosecution of Plaintiffs' FLSA claims. Moreover, WILLS LAW FIRM, PLLC continues to incur taxable costs and litigation expenses for the advancement of the claims of the Rule 23 Plaintiffs. Following preliminary approval of the proposed Rule 23 Illinois class settlement, WILLS LAW FIRM, PLLC will seek reimbursement of the taxable costs and litigation expenses necessarily incurred up to a maximum of $7,500.00 for the prosecution of the Rule 23 Plaintiffs' claims when applying to the Court for final approval of the proposed Rule 23 class settlement.

48.   Importantly, Plaintiffs' counsel's work on behalf of the FLSA and Rule 23 Plaintiffs is not finished. I anticipate that as much as an additional 100 hours of attorney and paralegal time will be required to effectuate the settlements, including supervising the settlement administration process, taking necessary steps to conclude settlement, and responding to class member inquiries.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____March 8_____, 2018

_____

Rhonda H. Wills