# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **JEFFREY PLUNKETT**, Individually and on behalf of others similarly situated, § § § <br> Plaintiffs, § § § <br> v. § <br> § <br> **FIRST KEY HOMES LLC,** § § § <br> Defendant. § | Civil Action No. **3:23-CV-2684-L-BN** |

## ORDER

Before the court is Plaintiffs Jeffrey Plunkett and Ethel June Maranan, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), and Defendant FirstKey Homes, LLC's ("Defendant" or "FirstKey") Joint Motion to Approve Fair Labor Standards Act ("FLSA") Settlement ("Joint Motion") (Doc. 63), filed on September 6, 2024. On January 23, 2024, the court referred this case to United States Magistrate David Horan for pretrial management and to submit to the court proposed findings and recommendations for disposition of all dispositive motions. The United States Magistrate Judge filed his Findings, Conclusions, and Recommendation ("Report") (Doc. 73) on November 21, 2024, recommending that the court **grant** the Joint Motion and **approve** the Settlement Agreement in its entirety.

On November 22, 2024, the parties filed a Joint Notice of No Objection to the United States Magistrate Judge's Findings, Conclusions, and Recommendation ("Joint Notice") (Doc. 74).

The court, after considering the Report, Complaint, Joint Motion, record, and applicable law, **concludes** that the findings and conclusions of the magistrate judge are correct, and they are **accepted** as those of the court.

Order – Page 1

I.      **Factual and Procedural History**

On December 5, 2023, Plaintiffs filed this action pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* Doc. 1 at 1. Plaintiffs seek to recover overtime compensation, minimum wages, other unpaid wages, liquidated damages, penalties, attorney's fees, litigation expenses, costs of court, prejudgment and postjudgment interest, and injunctive relief individually and on behalf of all others who are similarly situated and have worked for Defendant. Doc. 37 at 1. They contend that they were subject to an unlawful policy whereby they worked for Defendant and were not paid minimum wages and/or overtime compensation for the hours that they worked over 40 in a workweek in violation of the FLSA. *Id.* at 2.

Within the collective action, there are two proposed subgroups of leasing agents. The includes Plaintiff Jeffrey Plunkett ("Mr. Plunkett") and all other similarly situated leasing agents who were classified by Defendant as non-exempt employees under the FLSA. *Id.* at 3. The second subgroup includes Plaintiff Ethel June Maranan ("Ms. Maranan") and all other similarly situated leasing agents who, they contend, were misclassified by Defendant as exempt employees under the FLSA. *Id.* at 4.

Since the action was filed in December 2023, twelve current and former FirstKey leasing agents and regional leasing agents filed notices to join this matter as party Plaintiffs, including the two named Plaintiffs. Report 2-3 (citing Doc. 63 at 3). The parties engaged in "extensive written discovery" and exchanged over two million pages of documents. *See id*. The parties conducted a mediation and reached a settlement on July 25, 2024, following a mediator's proposal. Report 3 (citing Doc. 63 at 3). At the time of Settlement, Plaintiffs had not yet filed a motion for certification of a collective action and distribution of notice to potential opt-in

plaintiffs, but the parties have stipulated that the putative collective action members are similarly situated for settlement purposes. *Id.*

The proposed collective Settlement Agreement "encompasses the FLSA claims of 83 current and former Leasing Agents and Regional Leading Agents of FirstKey." Report 2 (citing Doc. 63 at 2). Included in the Settlement is a total payment of $5 million to be distributed to 83 class members, composed of current and former Leasing Agents and Regional Leasing Agents of FirstKey. Doc. 63 at 2. In the Settlement Agreement, Defendant agrees to pay no more than $5 million to be distributed as follows: (1) Class Counsel's fees not to exceed $2 million; (2) Class Counsel's costs and litigation expenses in the action of $19,795.42; (3) for Service Awards to Named Plaintiffs of $15,000 each and Service Awards in the amount of $2,000 each to Original Opt-Ins; and (4) for $16,500 to the Claims Administrator. Doc. 64-1 at 5.

Further, because of their contributions, the two named Plaintiffs (Mr. Plunkett and Ms. Maranan) are to receive service awards of $15,000, and each of the ten opt-in Plaintiffs will receive a service award of $2,000. Doc. 64 at 9. As a result of this Settlement, in total, each of the Plaintiffs are to receive "individual payments of a gross average of over $60,000." Doc. 71 at 2.

**II.   Report (Doc. 73)**

Magistrate Judge Horan determined that: (1) a bona fide dispute exists as to the number of hours worked or compensation due; (2) the court should approve the agreement because there is a bona fide dispute between the parties, and the settlement agreement is fair and reasonable; (3) the court should find that the requested service awards are fair and reasonable; and should find that a fee award of 40 percent is fair and reasonable; and (4) an attorney's fees award equaling 40 percent of the class recovery is fair and reasonable. The court agrees.

Further, the parties, in their Joint Notice (Doc. 74), state that they have no objection to the Report and request that the court accept it and grant their Joint Motion. Doc 74 at 1.

### III.     Conclusion

Having considered the Report, Complaint, Joint Motion, record, and applicable law, the court **accepts** the Report as that of the court. Accordingly, the court **grants** the Joint Motion (Doc. 63) and **approves** and **accepts** the FLSA Settlement in its entirety. Further, the court **administratively closes** this action and **directs** the United States District Clerk to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this order shall be considered a dismissal or disposition of the case, and should further proceedings in it become necessary or desirable, any party may file a motion to reopen the case to initiate such further proceedings, or the court may take such action *sua sponte*. The court, therefore, retains jurisdiction over this action for a reasonable period of time until the Settlement is consummated; however, it will not retain jurisdiction indefinitely.

**It is so ordered** this 11th day of December, 2024.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge